UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TAMMY PASSA, ALIAS, WALTER CASTLE,JR., ALIAS and CHERYL ROSSI, NEXT-OF-KIN of Decedent, JOSEPH E. ROSSI

CA 03 148 L

-VS-

C.A.NO.

JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, d/b/a The Station, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BICHELE, PAUL WOOLNOUGH, KNIGHT RECORDS,INC., ANHEUSER-BUSCH, COMPANIES INC., McLAUGHLIN AND MORAN,INC., LUNA TECH, INC., LUNA TECH PYROTECHNIK GmbH, AMERICAN FOAM CORPORATION, WHJY-FM, CLEAR CHANNEL COMMUNICATIONS, INC., TOWN OF WEST WARWICK, DENNIS LAROCQUE, INDIVIDUALLY and as FIRE INSPECTOR FOR THE TOWN OF WEST WARWICK, STATE OF RHODE ISLAND, IRVING J. OWENS, Individually and in his capacity as FIRE MARSHAL FOR THE STATE OF RHODE ISLAND, TRITON REALTY LIMITED PARTNERSHIP, TRITON REALTY, INC., and JOHN DOES 1 through 100

## COMPLAINT

### JURISDICTIONAL ALLEGATIONS - PLAINTIFFS

1. Plaintiff, Tammy Passa, is a resident of Warwick, RHODE ISLAND.

2. Plaintiff, Walter Castle, Jr., North Kingstown, RHODE ISLAND.

3. Plaintiff, Cheryl Rossi, wife and next-of-kin of decedent, Joseph E. Rossi, is a resident of the City of Pawtucket, RHODE ISLAND. No appointment of an Executor or an Administrator on the estate of the deceased has been appointed. The personal representative Cheryl Rossi has thenceforth the exclusive right to bring the instant action and sues for the benefit of all named or unnamed beneficiaries. Rhode Island General Laws, Section 10-7-3. Fulton v. Lavallee, 107 RI 54; 265 A.2d 655 (1970).

4. This Honorable Court does not have jurisdiction over this action pursuant to 28 United States Code, Section 1332, et seq. due to the non-diversity of citizenship of the parties regardless that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs and regardless that there exists at the present time justifiable controversy between the parties.

5. This Honorable Court may have jurisdiction pursuant to 28 USCA, Section 1369 - Multiparty,

multiforum jurisdiction.

(a) In general--The district courts shall have original jurisdiction of **any civil action involving minimal diversity** between adverse parties that aries from a single accident, where at least 75 natural persons have died in the accident at a discrete location if:

(1) a defendant resides in a state and a substantial part of the accident took place in another state or other location, regardless of whether that defendant is also a resident of the state where a substantial part of the accident took place;

2. **Any two defendants** reside in different states, regardless of whether such defendants are also residents of the same state or states;

3. Substantial parts of the accident took place in different states.

(b) Limitation of jurisdiction of district courts--The District Court **shall abstain** from hearing any civil action described in subsection (a) in which:

1. The substantial majority of all plaintiffs are citizens of a singl state of which the **primary defendants** are also citizens;

2. The claims asserted will be governed primarily by the laws of that state.

(c) Speical rules and definitions--For purposes of this section:

1. Minimal diversity exists between adverse parties if any party is a citizen of a state and any adverse party is a citizen of another state, a citizen or subject of a foreign state, or a foreign state as defined in Section 1603(a) of this title;

2. A corporation is deemed to be a citizen of any state and a citizen or subject of any foreign state, in which it is incorporated or has its principal place of business and is deemed to be a

resident of any state in which it is incorporated or licensed to do business or is doing business;

3. the term "injury" means--
(A) physical harm to a natural person; and
(B) physical damage to or destruction of tangible property, but only if physical harm described in subparagraph (A) exists:

4. **The term "accident"** means a sudden accidnet or a natural event culminating in an accident that results in death incurred at a discrete location by at least 75 natural persons; and

5. the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico and any territory or possession of the United States.

(d) Intervening parties--In any action in a district court which is or could have been brought, in whole or in part, under this section, any person with a claim arising from the accident described in subsection (a) shall be permitted to intervene as a party plaintiff in the action, even if that person could not have brought an action in a district court as an original matter.

(e) Notification of judicial panel on multidistrict litigation--A district court in which an action under this section is pending shall promptly notify the judicial panel on multidistrict litigation of the pendency of the action.

JURISDICTIONAL ALLEGATIONS - DEFENDANTS

6. Defendant, Jeffrey Derderian, upon information and belief, is and at all times relevant was a resident of the Town of Narragansett, County of Washington, State of RHODE ISLAND. Defendant, Jeffrey Derderian, is a part owner of Defendant, DERCO d/b/a The Station, and

part owner of the former Station nightclub that was located in the Town of West Warwick, County of Kent, State of RHODE ISLAND.

7. Defendant, Michael Derderian, upon information and belief, is and at all times relevant was a resident of the Town of Saunderstown, County of Washington, State of RHODE ISLAND. Defendant, Michael Derderian, is a part owner of Defendant, DERCO d/b/a The Station, and a part owner of the former Station nightclub that was located in the Town of West Warwick, County of Kent, State of RHODE ISLAND.

8. Defendant, DERCO d/b/a The Station, is a corporation organized under the laws of the State of RHODE ISLAND and has its principal place of business, at all times relevant, in the Town of West Warwick, County of Kent, State of RHODE ISLAND. Defendant, DERCO d/b/a The Station, is a corporation owned by Defendants, Jeffrey Derderian and Michael Derderian, whose principal business was the operation of the former Station nightclub in the Town of West Warwick, County of Kent, State of Rhode Island.

9. The Station nightclub was a "Class C" venue

under the laws of the State of Rhode Island and was a musical venue that featured national and local rock and roll acts and other miscellaneous events.

10. Defendant, Manic Music Management, Inc., upon information and belief, is a corporation or other business organization organized under the laws of the State of CALIFORNIA. Defendant, Paul Woolnough, is a principal of Defendant, Manic Music Management.

11. Defendant, Jack Russell, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, Jack Russell, is the lead singer of the band Great White and was so on the night of February 20, 2003, the date of The Station fire.

12. Defendant, Mark Kendall, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, Mark Kendall, is a member of the band Great White and was so on the night of February 20, 2003, the date of The Station fire.

13. Defendant, David Filice, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, David Filice, is a member of the band Great White and was so on the night of

February 20, 2003, the date of The Station fire.

14. Defendant, Eric Powers, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, Eric Powers, is a member of the band Great White and was so on the night of February 20, 2003, the date of The Station fire.

15. Defendant, Daniel Bichele, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, Daniel Bichele, was the tour manager for the band Great White on the night of February 20, 2003, the date of The Station fire.

16. Defendant, Paul Woolnaugh, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, Paul Woolnaugh, is the principal of Defendant, Manic Music Management and Defendant, Knight Records, Inc.

17. Defendant, Knight Records, Inc., upon information and belief, is a corporation organized under the laws of the State of CALIFORNIA, whose principal is Defendant, Paul Woolnough. Defendant, Knight Records, Inc., is the record company of Great White.

18. Defendant, Anheuser-Busch,Companies, Inc., upon information and belief, is a corporation

organized under the laws of the State of DELAWARE and has its principal place of business in the City of St. Louis, State of Missouri. Defendant, Anheuser-Busch, Companies, Inc., upon information and belief, was a sponsor of the Great White concert at The Station nightclub on February 20, 2003 and conducted its business in such a manner as to disregard the safety of the Plaintiffs.

19. Defendant, McLaughlin & Moran, Inc., upon information and belief, is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in the Town of Cranston, County of Providence, State of RHODE ISLAND. Defendant, McLaughlin & Moran, Inc., upon information and belief, was a sponsor of the Great White concert at The Station nightclub on February 20, 2003 and contributed to the overcrowding at The Station in disregard for the safety of the Plaintiffs.

20. Defendant, Luna Tech, Inc., upon information and belief, is a corporation organized under the laws of the State of ALABAMA and has its principal place of business in the City of Huntsville, Madison County, State of Alabama.

Defendant, Luna Tech, Inc., was the distributor and/or manufacturer of the pyrotechnics used by the band Great White and its agents, employees and servants at the Great White concert at The Station on February 20, 2003 disseminating its product in disregard for the safety of the Plaintiffs.

21. Defendant, Luna Tech Inc., is a subsidiary of Defendant, Luna Tech Pyrotechnik, GmbH, an organization formed under the laws of the Country of GERMANY and has its principal place of business in Schulberg, Ascheffel, Germany whose responsibility arises out of negligently promulgating policies of safety which fail to meet the standards of due care to the detriment of the Plaintiffs in manufacturing and/or distributing pyrotechnic products.

22. Defendant, American Foam Corporation, is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in the Town of Johnston,County of Providence, State of RHODE ISLAND. Defendant, American Foam Corporation, manufactured and/or sold an inherently dangerous product without proper warning and/or installed the soundproofing foam

insulation to Defendants, Jeffrey Derderian, Defendant, Michael Derderian, and/or Defendant, DERCO, for installation in The Station nightclub. Upon information and belief said foam was present in The Station nightclub on the night of February 20, 2003 thereby contributing in the use or misuse of the product unfit for the purposes for which it was intended, namely, soundproofing and failing to conform to reasonable safety standards in places of public assembly.

23. Defendant, WHJY-FM, upon information and belief, is a corporation or other business organization formed under the laws of the State of RHODE ISLAND and has its principal place of business in the City of East Providence, County of Providence, State of Rhode Island. Defendant, WHJY-FM, upon information and belief, was a sponsor of the Great White concert at The Station on February 20, 2003 and may have contributed to the overcrowding of The Station on the evening in question to the detriment of the Plaintiffs thereby failing to exercise reasonable care to the patrons in disregard for their safety.

24. Defendant, WHJY-FM, is a subsidiary of

Defendant, Clear Channel Communications, Inc., who, under information and belief, is a corporation organized under the laws of the State of TEXAS and has its principal place of business in the City of San Antonio, Texas.

25. Defendant, Triton Realty Limited Partnership by information and belief is a real estate holding company and is a corporation organized under the laws of the State of MASSACHUSETTS.

26. Upon information and belief Defendant, Triton Realty Inc., is a real estate holding company and is a corporation organized under the laws of the State of RHODE ISLAND.

27. Defendants, Triton Realty Inc., a RHODE ISLAND corporation upon information and belief is a subsidiary of Defendant, Triton Realty Limited Partnership, a MASSACHUSETTS corporation, and that each said Defendant, either jointly or individually, owned the property where The Station stood and are lessors to lessees, Defendants, Jeffrey Derderian, Michael Derderian and DERCO, d/b/a The Station and did knowingly and intentionally lease said property either knowing or

should have knowing that said property, i.e., The Station, contained defects in construction and further failed to comply with reasonable safety standards with knowledge that the public assembled on said property.

28. Defendants, Does 1 through 100, are unknown to Plaintiffs at this time and are sued in this capacity until such time as their identities become known and this Complaint is amended.

**FACTS**

29. At some point before February 20, 2003 Defendants, Jeffrey Derderian, Michael Derderian and/or DERCO d/b/a The Station, purchased from Defendant, American Foam Corporation a quantity of foam insulation. Plaintiffs are without information at this time as to whether the purpose of the use was inquired by Defendant's declaration from Defendant, American Foam Corporation, or whether information was or was not provided as to its flame retardent status and the existence of any warnings, expressed or implied. Plaintiffs are without information as to warnings provided by Defendant, American Foam Corporation to Defendants, Derderian, and the public generally.

30. Said foam insulation referred to in Paragraph 29, upon information and belief, was not flame retardant as required for the specific use in which it was intended to the detriment of the Plaintiffs.

31. At some point after the purchase referred to in Paragraph 29 Defendants, Jeffrey Derderian, Michael Derderian and/or DERCO d/b/a The Station, caused said foam insulation to be installed around the stage area of the former Station nightclub knowing or should have known of its dangerous propensities.

32. Plaintiffs are without information at this time as to the knowledge that the Defendant, American Foam Corporation, possessed as to the propensities of its product and as to knowledge of prior claims arising out of the use of said product or misuse of said product and the testing performed on said product to alert said Defendants as to its inherently dangerous potential.

33. Upon information and belief on or before February 20, 2003, Defendants, Knight Records, Inc., Manic Music Management, Inc. and/or Paul Woolnough, as agent for the band Great White,

executed a contract with Defendants, Jeffrey Derderian, Michael Derderian, and/or DERCO d/b/a The Station that provided the band Great White, whose members on February 20, 2003 were Defendants, Jack Russell, Mark Kendall, David Filice, Eric Powers, and the late Ty Longley (who perished in the fire), would perform at the former Station nightclub on February 20, 2003.

34. By information and belief at some point before February 20, 2003, Defendant, WHJY-FM, a subsidiary of Defendant, Clear Channel Communications, Inc. along with Defendant, Anheuser-Busch Companies, Inc. and/or Defendant, McLaughlin & Moran, Inc., entered into agreements with Defendants, Jeffrey Derderian, Michael Derderian, and/or DERCO d/b/a The Station, and/or Defendants, Knight Records, Inc., Manic Music Management, Inc. and/or Paul Woolnough, as agent for the band Great White whereby Defendants, WHJY-FM, Anheuser-Busch, Companies, Inc. and/or McLaughlin & Moran, Inc. would be sponsors of the Great White concert at The Station on February 20, 2003, the night of The Station fire.

35. On the evening of February 20, 2003,

Joseph Rossi, the decedent, Tammy Passa and Walter Castle, Jr., at all times in the exercise of due care, entered The Station nightclub to listen and view the Great White concert.

36. By information and belief as part of their sponsorship of the Great White concert on February 20, 2003, Defendant, WHJY-FM, a subsidiary of Defendant, Clear Channel Communications, Inc., was the "presenter" of the evening. The on-stage host of the night's entertainment was the late Michael Gonsalves (who also perished in the fire), a WHJY-FM disc jockey popularly known as "Doctor Metal." WHJY-FM also had a number of interns who distributed promotional items of WHJY-FM to the crowd thereby contributing to the overcrowding in a careless and negligent manner to the detriment of the Plaintiffs.

37. Upon information and belief, Defendant, Anheuser-Busch Companies, Inc. and Defendant, McLaughlin and Moran, Inc., as part of their sponsorship of the Great White concert on February 20, 2003, arranged for a batch of Budweiser beer that was brewed in Defendant, Anheuser-Busch Companies Inc.'s New Hampshire brewery to be

delivered to The Station by Defendant, McLaughlin & Moran, for sale that evening, so that fans at The Station could have the "freshest beer" that they were ever likely to have. Upon information and belief this fact was promoted repeatedly to induce patrons to attend the Great White concert as well as providing promotional tickets to the event contributing to overcrowding to the detriment of the Plaintiffs and interfere with their ability to exit the premises with safety.

38. Pursuant to its use as a nightclub, The Station was licensed by the Town of West Warwick as a nightclub. The license specified an occupancy limit of 300 persons.

39. Upon information and belief, more than 300 persons occupied the former Station nightclub on the night of February 20, 2003 in violation of the Class C license. Regardless of the limitation as to the posted guidelines as to occupancy, said attendance exceeded ordinary safety standards for emergency egress when considered in pari materia with the use of alcohol, lack of sprinklers, inadequate fire exits, failure to have proper flame retardent material and overcrowding because of

invitations extended to paid/unpaid patrons, employees of the band, city, town, state, sponsors and independent contractors.

40. On or about November 20, 2002, the West Warwick Fire Department's Inspector, Dennis Larocque, inspected The Station. At some later date after November 20, 2002, the Defendant, Larocque, documented on the original updated inspection report, "all OK" with his initials.

41. Upon information and belief, prior to February 20, 2003, other rock bands had used pyrotechnics and fireworks at The Station with permission and acquiesence by the Defendants Michael and Jeffrey Derderian and/or DERCO, d/b/a The Station.

42. According to Rhode Island General Laws, Section 23, Health and Safety, Sub Section 23-28.11, Fireworks and Pyrotechnics, Defendants were required to possess and display permits issued by the West Warwick Fire Department prior to the use of pyrotechnics at The Station. Upon information and belief, there is no evidence of such compliance.

43. Rhode Island General Laws 23-28.11-4

requires every person desiring to possess or display commercial fireworks and/or pyrotechnics to obtain a certificate of compentency that attests to the applicants experience and ability to conduct commercial fireworks and/or pyrotechnics demonstrations compentently. Upon information and belief, there is no evidence of such compliance.

44. The Station's agents, owners and/or employees never received or applied for a permit from the West Warwick Fire Department to possess or use pyrotechnics inside the club on February 20, 2003 as required by Rhode Island General Laws 23-28.11-3.

45. Upon information and belief at approximately 10:40 p.m. on February 20, 2003, the second band of the night, Trip, finished their set and left the stage of the former Station nightclub. Defendant Daniel Bichele and Defendant Does 1-100 took the stage to disassemble Trip's stage equipment and to assemble Great White's stage equipment.

46. Defendant, Daniel Bichele, in his capacity in setting up the stage for Great White, put in place certain pyrotechnic devices known as "gerbs,"

manufactured by Defendant, Luna Tech, Inc., a subsidicary of Defendant, Luna Tech Pyrotechnik GmbH, in front of the drumriser on the stage, upon or near the back wall and prepared the pyrotechnic device for later activation without examining or evaluating the surroundings for compatability with said pyrotechnics used in conjunction with flammable materials and substances disregarding the duty of reasonable care to said Plaintiffs and other patrons.

47. At approximately 11:10 p.m. on February 20, 2003, the band Great White, the members of which are Defendants, Jack Russell, Mark Kendall, David Filice, Eric Powers and Decedent, Ty Longley, took the stage at The Station.

48. Great White, upon information and belief, played two chords, at which time Defendant, Daniel Bichele, activated the pyrotechnic device he previously prepared and placed on the stage to the detriment of the Plaintiffs and the other patrons.

49. Upon information and belief sparks from the pyrotechnic device ignited the sound insulation on the ceiling and back wall of the stage. A fire erupted on the walls and ceiling spreading rapidly

combining with all the combustable items such as aged wood framing, alcohol, curtains, rugs and yet unknown items producing toxic fumes and smoke producing injury to the Plaintiffs and affecting their ability to exit in safety.

50. Upon information and belief in the ensuing panic the decedent, Joseph Rossi, was unable to exit the premises and perished therein.

51. In an attempt to exit the premises, Plaintiff, Tammy Passa, sustained severe burns, permanent scarring, hospitalization, significant medical expenses, ongoing medical treatment, incurred psychological trauma, pain and suffering, lost wages and lost earning capacity, which continue to date.

52. Plaintiff, Walter Castle, Jr., in an attempt to exit the premises, and in successfully doing so, sustained severe inhalation injuries requiring medical attention, hospitalization, psychological trauma, pain and suffering, lost earning capacity and lost wages and the requirement to use permanent inhalents to assist him in daily breathing.

53. As a result of the fire at The Station

nightclub, 99 people died, including decedent, Joseph Rossi, and over 180 people were injured.

**COUNT ONE**

**Jeffrey Derderian**

54. Paragraphs 1 through 53, inclusive, are hereby incorporated as if fully set forth herein.

55. The actions or omissions of Defendant, Jeffrey Derderian, as part owner of The Station nightclub and Defendant, DERCO d/b/a The Station, jointly and severally with his co-defendants, were negligent and a proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished.

56. Defendant, Jeffrey Derderian, his agents, servants or employees, failed to manage, maintain, control, supervise and/or inspect the former Station nightclub on the evening of February 20, 2003 prior to and during the Great White concert.

57. Upon information and belief, Defendant, Jeffrey Derderian, his agents, servants, or employees, negligently and intentionally installed soundproofing material surrounding the state at the former Station nightclub and failed to ensure that

the material installed was fire resistant in violation of Rhode Island General Laws 23-28-6.15.

58. Defendant, Jeffrey Derderian, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of RIGL 23-28-11.3.

59. Defendant, Jeffrey Derderian, his agents, servants, or employees allowed the use of pyrotechnics at the former Station nightclub by persons not possessing permits for the use of pyrotechnics, a violation of RIGL 23-28-11.3.

60. Defendant, Jeffrey Derderian, his agents, servants or employees failed to install, maintain, inspect and manage the former Station nightclub in a proper workmanlike fashion so that emergency lighting and exit signs were operable in the event of fire and/or power outage in violation of RIGL 23-28-6.13.

61. Said negligence of Defendant, Jeffrey Derderian, his agents, servants or employees was a proximate cause, in whole or in part, of the death of decedent, Joseph Rossi, and a proximate cause of the injuries sustained by Plaintiff, Tammy Passa

and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Jeffrey Derderian, jointly or severally with his co-defendants, award punitive damages against each of the Defendants in an amount that this Honorable Court deems just and award costs of this action,including attorney fees. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel. Plaintiffs demand judgment against the Defendant under the theory of joint and several liability, plus interest and costs. Plaintiffs hereby demands a jury trial.

**COUNT TWO**

**Michael Derderian**

62. Paragraphs 1 through 61, inclusive, are hereby incorporated as if fully set forth herein.

63. The actions or omissions of Defendant, Michael Derderian, as part owner of The Station nightclub and Defendant, DERCO d/b/a The Station, jointly and severally with his co-defendants, were negligent and a proximate cause, in whole or in

part, of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished.

64. Defendant, Michael Derderian, his agents, servants, or employees failed to manage, maintain, supervise, control, and/or inspect the former Station nightclub on the evening of February 20, 2003 prior to and during the Great White concert.

65. Defendant, Michael Derderian, his agents, servants or employees intentionally and negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure that the material installed was fire resistant in violation of Rhode Island General Laws 23-28-6.15.

66. Defendant, Michael Derderian, his agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of RIGL 23-28-11.3.

67. Defendant, Michael Derderian, his agents, servants or employees allowed the use of pyrotechnics at the former Station nightclub by persons not possession permits for the use of

pyrotechnics, a violation of RIGL 23-28-11.3.

68. Defendant, Michael Derderian, his agents, servants, or employees failed to install, maintain, inspect and manage the former Station nightclub so that emergency lighting and exit signs would be operable in the event of fire and/or power outage in violation of Rhode Island General Laws 23-28.6-13.

69. Said negligence of Defendant, Michael Derderian, his agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Michael Derderian, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs

name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

**COUNT THREE**

**DERCO d/b/a THE STATION**

70. Paragraphs 1 through 69 inclusive are hereby incorporated as if fully set forth herein.

71. The actions or omissions of Defendant, DERCO d/b/a The Station, jointly and severally with its co-defendants are negligent and were, in whole or in part, a proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa sustained severe burns and scarring and Walter Castle, Jr. sustained severe inhalation and psychological injuries and the injuries sustained by each of the Plaintiffs are permanent and severe.

72. Defendant, DERCO d/b/a The Station, its agents, servants or employees failed to manage, maintain, supervise, control and/or inspect the former Station nightclub on the evening of February 20, 2003 prior to and during the Great White concert.

73. Defendant, DERCO d/b/a The Station, its agents, servants, or employees negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure the material installed was fire resistant in violation of Rhode Island General Laws 23-28.6-15.

74. Defendant, DERCO d/b/a The Station, its agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub, a violation of Rhode Island General Laws 23-28-11.3.

75. Defendant, DERCO d/b/a The Station, its agents, servants or employees allowed the use of pyrotechnics at the former Station nightclub by persons not possessing permits for the use of pyrotechnics, a violation of Rhode Island General Laws 23-28-11.3.

76. Defendant, DERCO d/b/a The Station, its agents, servants or employees failed to install, maintain, inspect and manage the former Station nightclub so that emergency lighting and exit signs would be operable in the event of fire and/or power outage in violation of Rhode Island General Laws

23-18.6-13.

77. Said negligence of Defendant, DERCO d/b/a The Station, its agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi, and a proximate cause of the severe injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, DERCO, d/b/a The Station, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; ward such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

<u>COUNT FOUR</u>

<u>MANIC MUSIC MANAGEMENT, INC.</u>

78. Paragraghs 1 through 77 inclusive are

hereby incorporated as if fully set forth herein.

79. The actions or omissions of Defendant, Manic Music Management,Inc., its agents, servants or employees, jointly and severally with its co-defendants, were negligent and were in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr. were severely injured.

80. Defendant, Manic Music Management, Inc., its agents, servants or employees were negligent in the use, operation, supervision, management and installation of the pyrotechnics used during the performance of the band Great White at The Station nightclub on February 20, 2003.

81. Defendant, Manic Music Management, Inc., its agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws 23-28-11.3.

82. Said negligence of Defendant, Manic Music Management, Inc., its agents, servants or employees

was in whole or in part a proximate cause of the death of Joseph Rossi, as well as a proximate cause of the severe injuries of Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Manic Music Management, Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

## COUNT FIVE

JACK RUSSELL,MARK KENDALL,DAVID FILICE,ERIC POWERS
(Collectively as the band known as Great White)

83. Paragraphs 1 through 82 inclusive are hereby incorporated as if fully set forth herein.

84. The actions or omissions of Defendants Jack Russell, Mark Kendall, David Filice and Eric Powers, (collectively as the band known as Great White), their agents, servants or employees jointly or severally with their co-defendants, were negligent and were in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr. were severely injured:

85. Defendants, Jack Russell, Mark Kendall, David Filice and Eric Powers (collectively as the band known as Great White), their agents, servants or employees were negligent in the use, operation, supervision, management and installation of the pyrotechnics used during the performance of the band Great White at The Station nightclub on February 20, 2003.

86. Defendants, Jack Russell, Mark Kendall, David Filice and Eric Powers (collectively as the band known as Great White), their agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation

of Rhode Island General Laws 23-28-11.3.

87. Said negligence of Defendants, Jack Russell, Mark Kendall, David Filice and Eric Powers (collectively as the band known as Great White), their agents, servants or employees were in whole or in part a proximate cause of the death of decedent, Joseph Rossi, and a proximate cause of Plaintiffs, Tammy Passa and Walter Castle, Jr. being severely injured.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendants, Jack Russell, Mark Kendall, David Filice and Eric Powers, (collectively as the band known as Great White), award punitive damages against each of the Defendants in an amount that this Honorable Court deems just and award costs of this action including attorney fees. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

COUNT SIX

Daniel Bichele

88. Paragraphs 1 through 87 inclusive are hereby incorporated as if fully set forth herein.

89. The actions or omissions of Defendant, Daniel Bichele, his agents, servants or employees, jointly and severally with his co-defendants, were negligent and were in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr., were severely injured:

90. Defendant, Daniel Bichele, his agents, servants or employees were negligent in the use, operation, supervision, management and installation of the pyrotechnics used during the performance of the band Great White at The Station nightclub on February 20, 2003.

91. Defendants, Daniel Bichele, his agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws 23-28-11.3.

92. Said negligence of Defendant, Daniel Bichele, his agents, servants or employees was in

whole or in part a proximate cause of the death of decedent, Joseph Rossi, as well as a proximate cause of the severe injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Daniel Bichele, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

COUNT SEVEN

Paul Woolnough

93. Paragraphs 1 through 92 inclusive are hereby incorporated as if fully set forth herein.

94. The actions or omissions of Defendant, Paul Woolnough, his agents, servants or employees,

individually or as the principal of Defendant, Manic Music Management, Inc. or Defendant, Knight Records, Inc., were negligent and were in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi perished and Plaintiffs, Tammy Passa and Walter Castle, Jr., were severely injured.

95. Defendant, Paul Woolnough, his agents, servants or employees were negligent in the use, operation, supervision, management and installation of the pyrotechnics used during the performance of the band Great White at The Station nightclub on February 20, 2003.

96. Defendant, Paul Woolnough, his agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws 23-28-11.3.

97. Said negligence of Defendant, Paul Woolnough, his agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi, as well as a proximate

cause of the severe injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Paul Woolnough, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

COUNT EIGHT

Knight Records, Inc.

98. Paragraphs 1 through 97 inclusive are hereby incorporated as if fully set forth herein.

99. The actions or omissions of Defendant, Knight Records, Inc., its agents, servants or employees were negligent and were in whole or in part a proximate cause of the fire at The Station

nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr. were severely injured.

100. Defendant, Knight Records, Inc., its agents, servants or employees were negligent in the use, operation, management and installation of the pyrotechnics used during the performance of the band Great White at The Station nightclub on February 20, 2003.

101. Defendant, Knight Records, Inc., its agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws 23-28-11.3.

102. Said negligence of Defendant, Knight Records, Inc., its agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi, as well as a proximate cause of the severe injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in

their favor as against Defendant, Knight Records, Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

COUNT NINE

Anheuser-Busch Companies Inc.

103. Paragraphs 1 through 102 inclusive are hereby incorporated as if fully set forth herein.

104. The liability of Defendant, Anheuser-Busch Companies Inc., is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants or employees from which Defendant, Anheuser-Busch Companies Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand name.

105. Furthermore, it is alleged that

Defendant, Anheuser-Busch Companies Inc., may have contributed to the overcrowding by advertisements making available its product and/or providing so-called free tickets and/or tickets for sale to Station patrons further impeding the ability for rapid egress under emerency situations. Anheuser-Busch and its employees or agents failed to properly calculate The Station's maximum and minimum capacity for safe egress in emergency situations.

Furthermore, a reasonable inspection conducted of the premises prior to the entry by any patrons would have revealed that the building was constructed of wood, had no sprinklers, had blocked or locked fire exits, consisted of foam insulation of soundproofing material with questionable fire retardent characteristics in a facility to be used that evening by the public for social assembly where alcohol would be consumed.

Additionally, Defendant, Anheuser-Busch, failed to inspect the appropriate exits prior to engaging in the sale of its product to determine if it was free of any encumberances and, in fact, was unlocked for purposes of exit.

Furthermore, Defendant, Anheuser-Busch, by the sale of its product or use of said product on the evening in question by The Station's patrons interfered with the ability of said patrons to react in such a manner as to exit the premises safely and further interfered in the exiting of said premises by the Plaintiffs and The Station's patrons and employees.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Anheuser-Busch Companies Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

COUNT TEN

McLaughlin & Moran, Inc.

106. Paragraphs 1 through 105 inclusive are hereby incorporated as if fully set forth herein.

107. The liability of Defendant, McLaughlin & Moran, Inc., is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants or employees from which Defendant, McLaughlin & Moran, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand name.

108. Furthermore, it is alleged that Defendant, McLaughlin & Moran, Inc., may have contributed to the overcrowding and by making available its product and/or providing access to The Station to certain individuals without compensation required, thereby, contributing to said overcrowding and making emergency egress impossible under emergency situations without properly calculating maximum capacity in a noticeably aged wood frame building built for public assembly with no sprinklers, noticeably aged wooden framing and knew or should have known of the foam insulationand its flammable propensities.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, McLaughlin and Moran, Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

## COUNT ELEVEN

### Luna Tech, Inc. and Luna Tech Pyrotechnik GmbH

109. Paragraphs 1 through 108 inclusive are hereby incorporated as if fully set forth herein.

110. The actions or omissions of Defendants, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik GmbH, its agents, servants or employees were negligent and were in whole or in part a proximate cause of the fire at The Station

nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr., were severely injured.

111. That Defendant, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik GmbH, its agents, servants or employees produced and sold the "gerb" style pyrotechnic display to Great White, its agents, servants or employees for the purpose of providing a pyrotechnic display during Great White's performances without proper warning to include but not limited to ordinary and reasonable inspection prior to said use.

112. That Defendants, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik GmbH, its agents, servants or employees knew or should have known that its pyrotechnics would be used during Great White's indoor performances and failed to warn Great White, its agents, servants or employees in the proper use of same.

113. Said negligence of Defendant, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik, GmbH, its agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi, as well as

the proximate cause of the severe injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

114. Defendants, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik, GmbH, as manufacturer of the pyrotechnics in question, are strictly and negligently liable for designing, creating, manufacturing, distributing, selling and placing in to the stream of commerce the pyrotechnics, an inherently dangerous product without adequate requirements for inspection of the premises where said product is being used.

115. Furthermore, it is alleged that Defendants, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik, GmbH, as manufacturer of the pyrotechnics in questions, may have contributed to the overcrowding by making available its product and/or providing access to The Station to patrons induced by the pyrotechnics and implied representation that its very use implied that the area, i.e., The Station, was set for the use intended and safe from foreseeable risks from said product, i.e., fire.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of

Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Luna Tech, Inc., Luna Tech Pyrotechnik GmbH, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

## COUNT TWELVE

## American Foam Corporation

116. Paragraphs 1 through 115 inclusive are hereby incorporated as if fully set forth herein.

117. The actions or omissions of Defendant, American Foam Corporation, were negligent and in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs,

Tammy Passa and Walter Castle, Jr., were severely injured.

118. Upon informationand belief, Defendant, American Foam Corporation, its agents, servants or employees produced and/or sold alleged sound proofing foam to Defendants, Jeffrey Derderian, Michael Derderian, DERCO, and/or their agents, servants and employees for the purpose of providing insulation for The Station nightclub.

119. That Defendant, American Foam Corporation, its agents, servants or employees knew or should have known that said "foam" would be installed in an environment intended for public assembly sensitive to heat sources, including but not limited to stage lighting equipment, matches, alcohol, plastics, cigarettes, and pyrotechnics knowing that the product was not flame retardant but was, in fact, highly flammable.

120. That the Defendant, American Foam Corporation, its agents, servants or employees knew or should have known that its product was not fit for the purposes in which it was intended in its intended use or foreseeable misuse.

121. That the Defendant, American Foam

Corporation, its agents, servants or employees knew or should have known that said product manufactured or supplied was defective in its design.

122. That Defendant, American Foam Corporation, its agents, servants or employees provided said product to the public with obvious foreseeable risks which exceeded the intended benefits.

123. That Defendant, American Foam Corporation, its agents, servants or employees knew or should have known that said product was defective due to inadequate warnings or instructions as to the limitations and specific use of its product and its affect in combination with other foreseeable products.

124. That Defendant, American Foam Corporation, its agents, servants or employees breached its implied warranty of merchantability in that said product induced purchases in customers to use said product and they, in fact, relied on the implied representations consistent with Rhode Island General Laws, Section 6(a)-2-314.

125. That Defendant, American Foam Corporation, its agents, servants or employees was

strictly liable for placing its product in commerce with full awareness of its forseeable risks.

126. By information and belief, Defendant, American Foam Corporation, had knowledge by prior testing and claims that its product was highly flammable and subject to misuse.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, American Foam Corporation, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

COUNT THIRTEEN

WHJY-FM and CLEAR CHANNEL COMMUNICATIONS, INC.

127. Paragraphs 1 through 126 inclusive are

hereby incorporated as if fully set forth herein.

128. The liability of Defendants, WHJY-FM and Defendant, Clear Channel Communications, Inc., is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees from which Defendant, WHJY-FM and Defendant Clear Channel Communications, Inc., stood to profit, whether monetarily or in increased consumer awareness of its brand name.

129. By information and belief, Defendants provided complimentary and paid tickets to certain individuals to induce them to attend said concert, thereby contributing to the overcrowding and the inability to egress in safety in said emergency situations in light of "The Station" limitations or lack of sprinklers and proper flame retardent materials.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, WHJY-FM, Clear Channel Communications, Inc., award compensatory damages against each of the Defendants in an amount

that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

COUNT FOURTEEN

TOWN OF WEST WARWICK - NEGLIGENCE

130. Paragraphs 1 through 129 inclusive are hereby incorporated as if fully set forth herein.

131. That the Defendant, Town of West Warwick, is liable and responsible for the negligence of its agents, servants and employees in causing the death of Plaintiff, Joseph Rossi, and the severe and permanent injuries of Plaintiffs, Tammy Passa and Walter Castle, Jr.

132. That the Defendant, Town of West Warwick, was negligent on the evening of Thursday, February 20, 2003 in that it failed to adequately inspect The Station for safety hazards; conduct regular inspections of The Station premises for safety

violations; discover highly flammable and toxic materials existing on the premises of The Station which would have been discovered upon reasonable inspection; enforcing fire safety and training personnel in fire safety laws, regulations and standards; in requiring sprinklers or other fire prevention apparatus at The Station; to employ sufficient employees and/or personnel to adequately enforce fire safety laws, regulations and standards; informing patrons of The Station of the location of fire exits or require personnel present to do so; failed to appropriate adequate funds to provide for enforcement of fire safety laws, regulations and standards; allowed the maintenance of highly toxic materials on the premises of The Station which constituted a safety hazard to patrons and allowd unsafe numbers of persons on the premises during the performance.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Town of West Warwick, award compensatory damages against each of the Defendants in an amount that this Honorable

Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

## COUNT FIFTEEN

## STATE OF RHODE ISLAND

133. Paragraphs 1 through 132 inclusive are hereby incorporated as if fully set forth herein.

134. That the Defendant, State of Rhode Island, is liable and responsible for the negligence of its agents, servants and employees in causing the death of Plaintiff, Joseph Rossi, and the severe injuries of Plaintiffs, Tammy Passa and Walter Castle, Jr.

135. That the Defendant, State of Rhode Island, was negligent on the evening of Thursday, February 20, 2003 in that it failed to adequately inspect The Station for safety hazards; conduct regular inspections of The Station premises for

safety violations; discover highly flammable and toxic materials existing on the premises of The Station which would have been discovered upon reasonable inspection; enforcing fire safety and training personnel in fire safety laws, regulations and standards; in requiring sprinklers or other fire prevention apparatus at The Station; to employ sufficient employees and/or personnel to adequately enforce fire safety laws, regulations and standards; informing patrons of The Station of the location of fire exits or require personnel present to do so; failed to appropriate adequate funds to provide for enforcement of fire safety laws, regulations and standards; allowed the maintenance of highly toxic materials on the premises of The Station which constituted a safety hazard to patrons, allowed unsafe numbers of persons on the premises during the performance and providing inadequate and reasonable maximum capacity requirements in an area of no sprinklers, aged wood framed construction, improper exits, inadequate insulation with foreseeable rapid egress in "fire" type potential situations.

136. That Defendant, State of Rhode Island,

failed to train and educate designated fire inspectors as to their responsibilities and to enforce appropriate information to comply with upgrades as to the necessity of having sprinklers and failing to address properly the issue of overcrowding in emergency situations and the proper formula to be used for maximum capacity.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, State of Rhode Island, Irving J. Owens, Individually and in his capacity as Fire Marshal for the State of Rhode Island, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

COUNT 16

TRITON REALTY LIMITED PARTNERSHIP

137. Paragraphs 1 through 136 inclusive are hereby incorporated as if fully set forth herein.

138. That the Defendant, Triton Realty Limited Partnership, is liable and responsible for the negligence of its agents, servants and employees in causing the death of Plaintiff, Joseph Rossi, and the severe and permanent injuries of Plaintiffs, Tammy Passa and Walter Castle, Jr.

139. That the Defendant, Triton Realty Limited Partnership, was negligent on the evening of Thursday, February 20, 2003 in that it failed to adequately inspect The Station for Safety hazards; conduct regular inspections of The Station premises for safety violations; discovery highly flammable and toxic materials existing on the premises of The Station which would have been discovered upon reasonable inspection; enforcing fire safety and training personnel in fire safety laws, regulations and standards; in requiring sprinklers or other fire prevention apparatus at The Station; to employ sufficient employees and/or personnel to adequately enforce fire safety laws, regulations and

standards; informing patrons of The Station of the location of fire exits or require personnel present to do so; failed to appropriate adequate funds to provide for enforcement of fire safety laws, regulations and standards; allowed the maintenance of highly toxic materials on the premises of The Station which constituted a safety hazard to patrons and allowed unsafe numbers of persons on the premises during the performance.

140. Said Defendant, Triton Realty Limited Partnership, as lessor of said property was fully aware of the absence of sprinklers and either knew or should have known that the "grandfather" clause negating the use of sprinklers was not applicable; that the fire exits were inadequate; that the wood framing was aged and combustible; that the materials utilized within the construction frame were combustible and did not meet the required retardent standards; that the installation of the foam was known to said Defendant and, furthermore, failed to inspect or require appropriate standards for the addition of any constructional changes to said premises and further that the fire inspection procedures as so conducted by past practices were

such that placed said Defendant on notice that the maximum capacity for patrons for compliance with reasonable safty standards would not be reasonable because of the inability to leave the premises with safety in a so-called "fire" emergency.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Triton Realty Limited Partnership, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

COUNT SEVENTEEN

TRITON REALTY, INC.

141. Paragraphs 1 through 140 inclusive are

hereby incorporated as if fully set forth herein.

142. That the Defendant, Triton Realty, Inc., is liable and responsible for the negligence of its agents, servants and employees in causing the death of Plaintiff, Joseph Rossi, and the severe and permanent injuries of Plaintiffs, Tammy Passa and Walter Castle, Jr.

143. That the Defendant, Triton Realty, Inc., was negligent on the evening of Thursday, February 20, 2003 in that it failed to adequately inspect The Station for Safety hazards; conduct regular inspections of The Station premises for safety violations; discovery highly flammable and toxic materials existing on the premises of The Station which would have been discovered upon reasonable inspection; enforcing fire safety and training personnel in fire safety laws, regulations and standards; in requiring sprinklers or other fire prevention apparatus at The Station; to employ sufficient employees and/or personnel to adequately enforce fire safety laws, regulations and standards; informing patrons of The Station of the location of fire exits or require personnel present to do so; failed to appropriate adequate funds to

because of the inability to leave the premises with safety in a so-called "fire" emergency.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Triton Realty Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

<u>COUNT EIGHTEEN</u>

<u>JOHN DOES 1 through 100</u>

145. Paragraphs 1 through 144 inclusive are hereby incorporated as fi fully set forth herein.

146. Plaintiffs allege that there are certain unnamed and unknown defendants at this time whose responsibilities may be discovered throughout this

case based on negligence, causation and responsibility to the Plaintiffs which will be added accordingly at the appropriate time that their identity is discovered.

WHEREFORE, Plaintiffs, Cheryl Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., prays that this Honorable Court enter judgment in their favor as against Defendants, John Does 1-100, award compensatory damages against each of the John Doe Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

By their Attorneys,
RESMINI LAW OFFICES, LTD.
BY:

RONALD J. RESMINI, ESQ. #0484
155 South Main St.
Suite 400
Providence, RI 02903
DATED: April 21, 2003
(401)751-8855