UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TAMMY PASSA, ALIAS, :
WALTER CASTLE, JR., ALIAS
and CHERYL HARRIS-ROSSI, NEXT-OF- :
KIN of Decedent, JOSEPH E.
ROSSI :

-VS- : C.A.NO. 03-148 L

JEFFREY DERDERIAN, :
MICHAEL DERDERIAN,
DERCO LLC, :
MANIC MUSIC MANAGEMENT, INC.,
JACK RUSSELL, :
MARK KENDALL,
DAVID FILICE, :
ERIC POWERS,
DANIEL BICHELE, :
PAUL WOOLNOUGH,
KNIGHT RECORDS, INC., :
ANHEUSER-BUSCH COMPANIES, INC.,
ANHEUSER-BUSCH INC., :
McLAUGHLIN AND MORAN, INC.,
SHELL OIL CO. d/b/a MOTIVA :
ENTERPRISES, LLC,
LUNA TECH, INC., :
LUNA TECH PYROTECHNIK GmbH,
AMERICAN FOAM CORPORATION, :
GENERAL FOAM CORPORATION,
FOAMEX INTERNATIONAL INC., :
WHJY, INC.,
CLEAR CHANNEL COMMUNICATIONS, INC.,
CLEAR CHANNEL BROADCASTING, INC.,
TOWN OF WEST WARWICK,
DENNIS LAROCQUE, INDIVIDUALLY and
as FIRE INSPECTOR FOR THE TOWN OF :
WEST WARWICK,
STATE OF RHODE ISLAND, :
IRVING J. OWENS, Individually and
in his capacity as FIRE MARSHAL
FOR THE STATE OF RHODE ISLAND, :
TRITON REALTY LIMITED PARTNERSHIP,
TRITON REALTY, INC., :
and JOHN DOES 1 through 100 :

RECEIVED
MAY 27 2003
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

9

TABLE OF CONTENTS


| | PAGE | TAB |
|---|---|---|
| Table of Contents | i | |
| Jurisdictional Allegations | 2 | 1 |
| Allegations - Defendants | 6 | 2 |
| Facts | 17 | 3 |
| Count One (Joint Enterprise Defendant) Jeffrey Derderian | 28 | 4 |
| Count Two (Joint Enterprise Defendant) Michael Derderian | 32 | 5 |
| Count Three (Joint Enterprise Defendant) DERCO LLC d/b/a The Station | 36 | 6 |
| Count Four (Joint Enterprise Defendant) MANIC MUSIC MANAGEMENT, INC. | 39 | 7 |
| Count Five (Joint Enterprise Defendants) Jack Russell, Mark Kendall, David Filice, Eric Powers | 41 | 8 |
| Count Six (Joint Enterprise Defendant) Daniele Bichele | 44 | 9 |
| Count Seven (Joint Enterprise Defendant) Paul Woolnough | 46 | 10 |
| Count Eight (Joint Enterprise Defendant) Knight Records, Inc. | 48 | 11 |
| Count Nine (Joint Enterprise Defendants) Anheuser-Busch Companies, Inc. Anheuser-Busch Inc. | 50 | 12 |
| Count Ten (Joint Enterprise Defendants) WHJY, INC. and Clear Channel Communications, Inc. | 53 | 13 |

| | PAGE | TAB |
|---|---|---|
| Count Eleven (Joint Enterprise Defendant) McLaughlin and Moran, Inc. ........ | 55 | 14 |
| Count Twelve (Joint Enterprise Defendants) Shell Oil Company d/b/a Motiva Enterprises, LLC.................. | 57 | 15 |
| Count Thirteen - Luna Tech, Inc. and Luna Tech Pyrotechnik GmbH..... | 60 | 16 |
| Count Fourteen - American Foam Corporation...... | 63 | 17 |
| Count Fifteen - General Foam Corporation........ | 66 | 18 |
| Count Sixteen - Foamex International Inc. ...... | 69 | 19 |
| Count Seventeen - Town of West Warwick - Negligence - Egregious Conduct and Special Duty...... | 71 | 20 |
| Count Eighteen - State of Rhode Island - Negligence - Egregious Conduct and Special Duty....... | 73 | 21 |
| Count Nineteen - Triton Realty Limited Partnership................... | 76 | 22 |
| Count Twenty - Triton Realty, Inc. ............ | 79 | 23 |
| Count Twenty-One - John Does 1 through 100...... | 82 | 24 |
| List of those who perished in The Station Fire on 2/20/03................................ | 84 | 25 |

## SECOND AMENDED COMPLAINT

### JURISDICTIONAL ALLEGATIONS - PLAINTIFFS

1. Plaintiff, Tammy Passa, is a resident of Warwick, RHODE ISLAND.

2. Plaintiff, Walter Castle, Jr., North Kingstown, RHODE ISLAND.

3. Plaintiff, Cheryl Harris-Rossi, wife and next-of-kin of decedent, Joseph E. Rossi, is a resident of the City of West Warwick, RHODE ISLAND. An Executor or an Administrator for the estate of Joseph E. Rossi, the deceased, has not been appointed enabling the next of kin to proceed. The personal representative Cheryl Harris-Rossi therefore has the exclusive right to bring the instant action and sues for the benefit of all named or unnamed beneficiaries. Rhode Island General Laws, Section 10-7-3. Fulton v. Lavallee, 107 RI 54; 265 A.2d 655 (1970).

4. 28 USCA 1369 - Multiparty, Multiforum Jurisdiction, Sub Section (a) requires that at least 75 natural persons have died in a single accident. Attached is a list provided by the Rhode Island Department of Health showing that in "The Station fire" on February 20, 2003 approximately 59 Rhode Island residents perished and 41 out of state residents perished. Section 1369 Sub Section (b)(a)(1) states...The District Court shall abstain from hearing any civil

action...in which.. "the substantial majority of all plaintiffs are citizens of a single state of which the primary defendants are also citizens..." The attached Department of Health records from the State of Rhode Island as to the injured which are, obviously, not all inclusive, reveal that approximately twenty-five are Rhode Island residents and approximately seventeen are non-residents. (See pages 84 through 91).

5. This Honorable Court does not have jurisdiction over this action pursuant to 28 United States Code, Section 1332, et seq. due to the minimal diversity of citizenship of the parties. However, the amount in controversy for each Plaintiff is in excess of $75,000.00, exclusive of interest and costs and there exists at the present time justifiable controversy between the parties.

6. This Honorable Court has jurisdiction pursuant to 28 USCA Section 1369. Multiparty, multiforum jurisdiction

(a) In general.--The district courts shall have original jurisdiction of **any civil action involving minimal diversity** between adverse parties that aries from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if--

(1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

(2) **any two defendants** reside in different States, regardless of whether such defendants are also residents of

the same State or States; or

(3) substantial parts of the accident took place in different States.

(b) Limitation of jurisdiction of district courts.--The district court **shall abstain** from hearing any civil action described in subsection (a) in which--

(1) the substantial majority of all plaintiffs are citizens of a single State of which the **primary defendants** are also citizens; and

(2) the claims asserted will be governed primarily by the laws of that State.

(c) Special rules and definitions.--For purposes of this section--

(1) minimal diversity exists between adverse parties if any party is a citizen of a State and any adverse party is a citizen of another State, a citizen or subject of a foreign state, or a foreign state as defined in Section 1603(a) of this title;

(2) a corporation is deemed to be a citizen of any State and a citizen or subject of any foreign state, in which it is incorporated or has its principal place of business, and is deemed to be a resident of any State in which it is incorporated or licensed to do business or is doing business;

(3) the term "injury" means--

(A) physical harm to a natural person; and

(B) physical damage to or destruction of tangible property, but only if physical harm described in subparagraph (A) exists;

(4) **the term "accident"** means a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons; and

(5) the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

(d) Intervening parties.--In any action in a district

court which is or could have been brought, in whole or in part, under this section, any person with a claim arising from the accident described in subsection (a) shall be permitted to intervene as a party plaintiff in the action, even if that person could not have brought an action in a district court as an original matter.

(e) Notification of judicial panel on multidistrict litigation.--A district court in which an action under this section is pending shall promptly notify the judicial panel on multidistrict litigation of the pendency of the action.

JURISDICTION ALLEGATIONS - DEFENDANTS

7. Defendant, Jeffrey Derderian, upon information and belief, is and at all times relevant was a resident of the Town of Narragansett, County of Washington, State of RHODE ISLAND. Defendant, Jeffrey Derderian, is a principal owner of Defendant, DERCO LLC, and lessee of the former Station nightclub that was located in the Town of West Warwick, County of Kent, State of RHODE ISLAND, and co-owner of the Shell Gas Station located at 7380 Post Road, North Kingstown and furthermore engaged in a joint enterprise on February 20, 2003.

8. Defendant, Michael Derderian, upon information and belief, is and at all times relevant was a resident of the Town of Saunderstown, County of Washington, State of RHODE ISLAND. Defendant, Michael Derderian, is a principal owner of Defendant, DERCO LLC, and a lessee of the former Station nightclub that was located in the Town of West Warwick, County of Kent, State of RHODE ISLAND, and co-owner of the Shell Gas Station located at 7380 Post Road, North Kingstown and furthermore engaged in a joint enterprise on February 20, 2003.

9. Defendant, DERCO LLC, is a corporation organized under the laws of the State of RHODE ISLAND and has its

principal place of business, at all times relevant, in the Town of West Warwick, County of Kent, State of RHODE ISLAND. Defendant, DERCO LLC, is a corporation owned by Defendants, Jeffrey Derderian and Michael Derderian, whose principal business was the operation of the former Station nightclub in the Town of West Warwick, County of Kent, State of Rhode Island and also was involved in the operation of a Shell Gas Station located at 7380 Post Road, North Kingstown and furthermore engaged in a joint enterprise on February 20, 2003.

10. The Station nightclub was a "Class C" venue under the laws of the State of Rhode Island and was a musical venue that featured national and local rock and roll acts and other miscellaneous events.

11. Defendant, Manic Music Management, Inc., upon information and belief, is a corporation or other business organization organized under the laws of the State of CALIFORNIA.

12. Defendant, Jack Russell, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, Jack Russell, is the lead singer of the band Great White and was so on the night of February 20, 2003 engaged in a joint enterprise.

13. Defendant, Mark Kendall, upon information and

belief, is a resident of the State of CALIFORNIA. Defendant, Mark Kendall, is a member of the band Great White and was so on the night of February 20, 2003 engaged in a joint enterprise.

14. Defendant, David Filice, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, David Filice, is a member of the band Great White and was so on the night of February 20, 2003 engaged in a joint enterprise.

15. Defendant, Eric Powers, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, Eric Powers, is a member of the band Great White and was so on the night of February 20, 2003 engaged in a joint enterprise.

16. Defendant, Daniel Bichele, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, Daniel Bichele, was the tour manager for the band Great White on the night of February 20, 2003 engaged in a joint enterprise.

17. Defendant, Paul Woolnaugh, upon information and belief, is a resident of the State of CALIFORNIA. Defendant, Paul Woolnaugh, is the principal of Defendant, Manic Music Management, Inc. and Defendant, Knight Records, Inc. who dominated the policies, practices and finances of the band Great White and furthermore engaged in a joint enterprise on

February 20, 2003.

18. Defendant, Knight Records, Inc., upon information and belief, is a corporation organized under the laws of the State of CALIFORNIA, whose principal is Defendant, Paul Woolnough. Defendant, Knight Records, Inc., is the record company of Great White who dominated the business and finances of Great White and its members.

19. Defendant, Anheuser-Busch Inc., upon information and belief, is a corporation organized under the laws of the State of Missouri and has its principal place of business in the City of St. Louis, State of Missouri. Defendant, Anheuser-Busch Inc., upon information and belief, was a sponsor of the Great White concert at The Station nightclub on February 20, 2003 and conducted its business in such a manner as to disregard the safety of the Plaintiffs and neglected to comply with Section 23-38.6-2, that is, failing to inspect the fire exits no more than 90 minutes prior to the assembly and further participated in a joint enterprise relationship on February 20, 2003.

20. Defendant, Anheuser-Busch Companies, Inc., upon information and belief is a corporation organized under the laws of the state of Delaware and has its principal place of business in the City of St. Louis, State of Missouri. Defendant Anheuser-Busch Companies Inc. upon information and

belief controlled and dominated the policies, practices and finances of Defendant Anheuser-Busch Inc. who engaged in a joint enterprise on or about February 20, 2003.

21. Defendants, State of Rhode Island and Town of West Warwick and its respective fire inspection agents are responsible for the egregious conduct by placing the Plaintiffs in a position of peril and choosing not to remedy the situation and by the special duty owed to Plaintiffs embarked on a course of conduct knowing or should have known that the injury to the class of Plaintiffs was foreseen. Further, jurisdiction against both State and Town is established consistent with Rhode Island General Laws 9-31-1, which abrogated the doctrine of sovereign immunity. The inability to sue the State of Rhode Island in Federal Court derives from the Eleventh Amendment to the Constitution of the United States and is permissible under Rhode Island General Laws, Sections 9-31-1, 9-31-2 and 9-31-3. See Becker v. Beaudoin, 106 RI 562, 571; 261 A.2d 896, 901 (1970); Smith v. Reeds, 170 U.S. 436, 44 Fed. 1140, 20 Sup. Ct. 919 (1900); Laird v. Chrysler Corp., 460 A.2d 425 (1983).

22. Defendant, McLaughlin & Moran, Inc., upon information and belief, is a corporation organized under the laws of the State of Rhode Island having its principal place of business in the Town of Cranston, County of Providence,

State of RHODE ISLAND. Defendant, McLaughlin & Moran, Inc., upon information and belief, was a sponsor of the Great White concert at The Station nightclub on February 20, 2003 contributing to the overcrowding at The Station in disregard for the safety of the Plaintiffs and neglected to comply with Rhode Island General Laws, Section 23-28.6-2 and participated in a joint enterprise relationship on February 20, 2003.

23. Defendant, Luna Tech, Inc., upon information and belief, is a corporation organized under the laws of the State of ALABAMA and has its principal place of business in the City of Huntsville, Madison County, State of Alabama. Defendant, Luna Tech, Inc., was the distributor and/or manufacturer of the pyrotechnics used by the band Great White and its agents, employees and servants at the Great White concert at The Station on February 20, 2003 disseminating its product in disregard for the safety of the Plaintiffs.

24. Defendant, Luna Tech Inc., is a subsidiary of Defendant, Luna Tech Pyrotechnik GmbH, an organization formed under the laws of the Country of GERMANY and has its principal place of business in Schulberg, Ascheffel, Germany whose responsibility arises out of negligently promulgating policies of safety which fail to meet the standards of due care to the detriment of the Plaintiffs in manufacturing and/or distributing pyrotechnic products and who dominated

the policies, practices and finances of Defendant, Luna Tech, Inc.

25. Defendant, American Foam Corporation, is a corporation organized under the laws of the State of RHODE ISLAND and has its principal place of business in the Town of Johnston, County of Providence, State of RHODE ISLAND. Defendant, American Foam Corporation, purchased, manufactured and/or sold and delivered inherently dangerous products without proper warning which was installed as sound proofing foam insulation by Defendant, Jeffrey Derderian, Defendant, Michael Derderian, and/or Defendant, DERCO LLC, for installation in The Station nightclub. Upon information and belief said foam was present in The Station nightclub on the night of February 20, 2003 thereby contributing in the foreseeable use or misuse of the product and failed to conform to reasonable safety standards in places of public assembly.

26. The Defendant, General Foam Corporation, by information and belief, was a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in West Hazelton, Pennsylvania. Furthermore, General Foam Corporation sold or supplied the product "soundproofing insulation material" or foam to Defendant, American Foam, with knowledge of its dangerous

propensities and/or foreseeable misuse, to American Foam with full expressed or implied knowledge that its product would be placed in the stream of commerce and used for and by the public in places of assembly. The inherently dangerous product, i.e., foam, was highly flammable and sold with total disregard that a safer product was available. Defendant, General Foam Corporation, supplied this inherently dangerous material to Defendant, American Foam. As result, Defendant, General Foam Corporation, is strictly liable as a seller, manufacturer and merchant for defect in design, manufacturing and failure to warn.

27. Defendant, Foamex International Inc., upon information and belief, is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Linwood, Pennsylvania. Furthermore, Defendant, Foamex International Inc., subsequent to the sale of the product by Defendant, General Foam Corporation, to Defendant, American Foam Corporation, purchased General Foam and by doing so assumed, upon information and belief, both liabilities known and unknown.

28. Defendant, WHJY, INC., upon information and belief, is a corporation or other business organization formed under the laws of the State of RHODE ISLAND and has its principal place of business in the City of East Providence, County of

Providence, State of Rhode Island. Defendant, WHJY, INC., upon information and belief, was a sponsor of the Great White concert at The Station on February 20, 2003 and may have contributed to the overcrowding of The Station on the evening in question to the detriment of the Plaintiffs thereby failing to exercise reasonable care to the patrons in disregard for their safety and further neglected to comply with Rhode Island General Laws, Section 23-28.6-2 and participated in a joint enterprise.

29. Defendant, WHJY, INC., is a subsidiary of Defendant, Clear Channel Broadcasting, Inc., who, under information and belief, is a corporation organized under the laws of the State of NEVADA and has its principal place of business in the City of San Antonio, Texas and that Clear Channel Broadcasting, Inc. dominated the finances, policies and practices of Defendant, WHJY, INC., and participated in a joint enterprise on February 20, 2003.

30. Defendant, Clear Channel Communications, Inc., the holding company for Clear Channel Broadcasting, Inc. is a company organized under the the laws of the State of TEXAS and has its principal place of business in the City of San Antonio, Texas and that Clear Channel Communications, Inc. dominated the finances, policies and practices of Defendant Clear Channel Broadcasting, Inc., and participated in a joint

enterprise on February 20, 2003.

31. Defendant, Shell Oil Company by information and belief is a corporation incorporated under the laws of DELAWARE with its principal place of business in Houston, Texas and furthermore directly or indirectly promoted the Great White concert through its subsidiary Motiva Enterprises LLC at the Shell station located at 7380 Post Road, North Kingstown, Rhode Island.

32. Defendant, Motiva Enterprises LLC, a TEXAS corporation with its prinicipal place of busniess in Houston, Texas, was a subsidiary of Shell Oil Company who dominated the policies, finances and practices of Defendant Motiva Enterprises LLC who operated and owned the Shell gas station located at 7380 Post Road, North Kingstown and individually and with other Defendants promoted the Great White concert with other joint enterprise defendants.

33. Defendant, Triton Realty Limited Partnership by information and belief is a real estate holding company and is a corporation organized under the laws of the State of MASSACHUSETTS and who dominated the finances, policies and practices of Defendant, Triton Realty, Inc.

34. Upon information and belief Defendant, Triton Realty Inc., is a real estate holding company and is a corporation organized under the laws of the State of RHODE ISLAND.

35. Defendant, Triton Realty Inc., a RHODE ISLAND corporation upon information and belief is a subsidiary of Defendant, Triton Realty Limited Partnership, a MASSACHUSETTS corporation, and that each said Defendant, either jointly or individually, owned the property where The Station stood and are lessors to lessees, Defendants, Jeffrey Derderian, Michael Derderian and DERCO LLC, and did knowingly and intentionally leased said property either knowing or should have known that said property, i.e., The Station, contained defects in construction and further failed to comply without safety standards with knowledge that the public assembled on said property.

36. Defendants, Does 1 through 100, are unknown to Plaintiffs at this time and are sued in this capacity until such time as their identities become known and this Complaint is amended.

**FACTS**

37. At some point before February 20, 2003 Defendants, Jeffrey Derderian, Michael Derderian and/or DERCO LLC, purchased from Defendant, American Foam Corporation a quantity of foam insulation, which it delivered to said "Station" location. Plaintiffs are without information at this time as to whether the intended use of the product was specified by Defendants, Michael and Jeffrey Derdarian, to Defendant, American Foam Corporation, or whether information was or was not provided by Defendant, American Foam Corporation, or its agents as to the flame retardent status or existence of any warnings, expressed or implied. Plaintiffs are without information as to warnings provided by Defendant, American Foam Corporation to Defendants, Derderian, and/or DERCO LLC and the public generally or whether the manufacturer provided any disclaimers or warnings and, if so, in what form.

38. Said foam insulation referred to in Paragraph 33, upon information and belief, was not flame retardant as required by Rhode Island General Laws, Section 23-28.615 for the specific use in a public place which it was intended to the detriment of the Plaintiffs.

39. At some point after the purchase referred to in Paragraph 33 Defendants, Jeffrey Derderian, Michael Derderian

and/or DERCO LLC, caused said foam insulation to be installed around the stage area of the former Station nightclub knowing or should have known of its dangerous combustible propensities.

40. Plaintiffs are without information at this time as to the knowledge that the Defendant, American Foam Corporation, possessed as to the propensities of its product and as to knowledge of prior claims arising out of the use of said product or misuse of said product and the testing performed on said product which alerted said Defendants as to its inherently dangerous potential.

41. Upon information and belief on or before February 20, 2003, Defendants, Knight Records, Inc., Manic Music Management, Inc. and/or Paul Woolnough, as agent for the band Great White, executed a contract with Defendants, Jeffrey Derderian, Michael Derderian, and/or DERCO LLC to present the band Great White, whose members on February 20, 2003 were Defendants, Jack Russell, Mark Kendall, David Filice, Eric Powers, and the late Ty Longley (who perished in the fire), would perform at the former Station nightclub on February 20, 2003, creating a joint enterprise.

42. DERCO LLC by information and belief operated a gas station in North Kingstown located at 7380 Post Road, with its principals Michael and Jeffery Derderian. Furthermore,

said gas station promoted this Great White concert by advertisements and incentives so that purchasers would be provided free tickets for purchasing products at said Shell Gas Station. This activity in concert with knowledge of Defendant Shell Oil Comapany express or implied created a further joint enterprise.

43. By information and belief at some point before February 20, 2003, Defendant, WHJY, Inc., a subsidiary of Defendant, Clear Channel Broadcasting, Inc., a subsidiary of Clear Channel Communications, Inc. along with Defendant, Anheuser-Busch Inc. and Anheuser-Busch Companies, Inc. and/or Defendant, McLaughlin & Moran, Inc., entered into agreements, express or implied, with Defendants, Jeffrey Derderian, Michael Derderian, and/or DERCO LLC, Shell Oil Company, Motiva Enterprises, LLC, a subsidiary of Shell Oil Company and/or Defendants, Knight Records, Inc., Manic Music Management, Inc. and/or Paul Woolnough, as agent for the band Great White whereby Defendants, WHJY, INC., Anheuser-Busch Inc. and Anheuser-Busch Companies, Inc. and/or McLaughlin & Moran, Inc. as would-be sponsors of the Great White concert at The Station on February 20, 2003, the night of The Station fire, creating a joint enterprise.

44. On the evening of February 20, 2003, Joseph Rossi, the decedent, Tammy Passa and Walter Castle, Jr., at all

times in the exercise of due care, entered The Station nightclub to listen and view the Great White concert.

45. By information and belief as part of their sponsorship of the Great White concert on February 20, 2003, Defendant, WHJY, INC., a subsidiary of Defendant, Clear Channel Broadcasting, Inc., a subsidiary of Clear Channel Communications, Inc., was the "presenter" of the evening. The on-stage host of the night's entertainment was the late Michael Gonsalves (who also perished in the fire), a WHJY, INC. disc jockey popularly known as "Doctor Metal." WHJY, INC. also had a number of interns who distributed promotional items of WHJY, INC. to the crowd thereby contributing to the overcrowding in a careless and negligent manner to the detriment of the Plaintiffs further creating a joint enterprise.

46. Upon information and belief, Defendant, Anheuser-Busch Inc. and Anheuser-Busch Companies, Inc. and Defendant, McLaughlin and Moran, Inc., as part of their sponsorship of the Great White concert on February 20, 2003, arranged for a batch of Budweiser beer that was brewed in Defendant, Anheuser-Busch Inc.'s New Hampshire brewery to be delivered to The Station by Defendant, McLaughlin & Moran, Inc., for sale that evening, so that fans at The Station could have the "freshest beer" that they were ever likely to

have. Upon information and belief this fact was promoted repeatedly to induce patrons to attend the Great White concert as well as providing promotional tickets to the event contributing to overcrowding to the detriment of the Plaintiffs and interfering with their ability to exit the premises with safety, further creating a joint enterprise.

47. Pursuant to its use as a nightclub, The Station was licensed by the Town of West Warwick as a nightclub. The license specified an occupancy limit of 300 persons, a maximum capacity designation unreasonable and unsafe in a fire emergency.

48. Upon information and belief, more than 300 persons occupied the former Station nightclub on the night of February 20, 2003 in violation of the Class C license and appropriate safety standards. Regardless of the limitation as to the posted guidelines as to occupancy, said attendance exceeded ordinary safety standards for emergency egress when considered in pari materia with the use of alcohol, lack of sprinklers, inadequate fire exits, failure to have proper flame retardent material and overcrowding because of invitations extended to paid/unpaid patrons, employees of the band, city, town, State, sponsors, independent contractors and agents by the various joint tortfeasor and joint enterprise defendants.

49. On or about November 20, 2002, the West Warwick Fire Department's Inspector, Dennis Larocque, inspected The Station. At some later date after November 20, 2002, the Defendant, Larocque, documented on the original updated inspection report, "all OK" with his initials.

50. Upon information and belief, prior to February 20, 2003, other rock bands had used pyrotechnics and fireworks at The Station with permission and acquiesence by the Defendants Michael and Jeffrey Derderian and/or DERCO LLC, creating a pattern or habit for the unauthorized use of such pyrotechnics.

51. According to Rhode Island General Laws, Section 23, Health and Safety, Sub Section 23-28.11, Fireworks and Pyrotechnics, Defendants were required to possess and display permits issued by the West Warwick Fire Department prior to the use of pyrotechnics at The Station. Upon information and belief, there is no evidence of such compliance.

52. Rhode Island General Laws 23-28.11-4 requires every person desiring to possess or display commercial fireworks and/or pyrotechnics to obtain a certificate of compentency that attests to the applicant's experience and ability to conduct commercial fireworks and/or pyrotechnics demonstrations compentently. Upon information and belief, there is no evidence of such compliance.

53. The Station's agents, owners and/or employees never received or applied for a permit from the West Warwick Fire Department to possess or use pyrotechnics inside the club on February 20, 2003 as required by Rhode Island General Laws 23-28.11-3.

54. Upon information and belief at approximately 10:40 p.m. on February 20, 2003, the second band of the night, Trip, finished their set and left the stage of the former Station nightclub. Defendant Daniel Bichele and Defendants, John Does, took the stage to disassemble Trip's stage equipment and to assemble Great White's stage equipment.

55. Defendant, Daniel Bichele, in his capacity in setting up the stage for Great White, put in place certain pyrotechnic devices known as "gerbs," manufactured by Defendant, Luna Tech, Inc., a subsidicary of Defendant, Luna Tech Pyrotechnik GmbH, in front of the drumriser on the stage, upon or near the back wall and prepared the pyrotechnic device for later activation without examining or evaluating the surroundings for compatability with said pyrotechnics used in conjunction with flammable materials and substances disregarding the duty of reasonable care to said Plaintiffs and other patrons and neglected to comply with Rhode Island General Laws, Section 23-28.6-2.

56. At approximately 11:10 p.m. on February 20, 2003,

the band Great White, the members of which are Defendants, Jack Russell, Mark Kendall, David Filice, Eric Powers and Decedent, Ty Longley, took the stage at The Station.

57. Great White, upon information and belief, played two chords, at which time Defendant, Daniel Bichele, with premission of Jack Russell, activated the pyrotechnic device he previously prepared and placed on the stage to the detriment of the Plaintiffs and the other patrons.

58. Upon information and belief sparks from the pyrotechnic device ignited the sound insulation on the ceiling and back wall of the stage. A fire erupted on the walls and ceiling spreading rapidly, producing toxic fumes and smoke causing injury to the Plaintiffs and affecting their ability to exit in safety.

59. Defendant Shell Oil Company, d/b/a Motiva Enterprises, LLC, by information and belief was owner/lessor of certain property located at 7380 Post Road, North Kingstown. Its manager and lessee by information and belief was DERCO LLC. Shell Oil Company by information and belief dominated the practices, policies and finances of Motiva LLC and the gas station operation at the 7380 Post Road facility exercising joint control over its managers, inventory and pricing policies which were operated by lessees Defendants Jeffrey and Michael Derderian. Furthermore, said business

enterprise engaged in the promotion of the Great White concert by distributing so-called free tickets in return for certain purchases of its merchandise which was advertised, known and approved by Defendant Shell Oil Company and its subsidiary Motiva Enterprises, LLC with the disregard for the safety of the anticipated patrons at the Great White concert. Said activites resulted in a joint enterprise of these Defendants in concert with other joint enterprise Defendants.

60. Upon information and belief in the ensuing panic the decedent, Joseph Rossi, was unable to exit the premises and perished therein.

61. In an attempt to exit the premises, Plaintiff, Tammy Passa, sustained severe burns, permanent scarring, hospitalization, significant medical expenses, ongoing medical treatment, incurred psychological trauma, pain and suffering, lost wages and lost earning capacity, which continue to date.

62. Plaintiff, Walter Castle, Jr., in an attempt to exit the premises, and in successfully doing so, sustained severe inhalation injuries requiring medical attention, hospitalization, psychological trauma, pain and suffering, lost earning capacity and lost wages and the requirement to use permanent inhalents to assist him in daily breathing.

63. Certain Defendants, known and unknown, participated

in a joint enterprise in concert with each other in their co-promotions and/or mutual association for profit and gain by the tangible or intangible, monetary or enhancement of their brand names and good will. Each of the joint tortfeasor Defendants, individually and/or collectively, negligently failed to control the capacity at The Station breaching their obligation to foresee emergency situations as well as failing to comply with examining fire exits consistent with Rhode Island General Laws, Section 23-28.6-2 and other statutory requirements for safety. As joint tortfeasors, the negligence of each by imputation becomes the negligence of all. As joint tortfeasors, they are responsible individually and collectively with the remaining non-joint tortfeasor defendants under the theory of joint and several liability to include yet unnamed John Does. Said joint tortfeasor Defendants as enumerated above include Defendants, Jeffrey Derderian, Michael Derderian, DERCO LLC, Shell Oil Company, Motiva Enterprises LLC, Manic Music Management, Inc., Jack Russell, Mark Kendall, David Filice, Eric Powers, Daniel Bichele, Paul Woolnough, Knight Records, Inc., Anheuser-Busch Inc., Anheuser-Busch Companies Inc., Shell Oil Company d/b/a Motiva Enterprises LLC, McLaughlin and Moran, Inc., WHJY, INC., Clear Channel Broadcasting, Inc., and Clear Channel Communications, Inc. As of the date

of this Amended Complaint, joint enterprise Defendants do not include Luna Tech Pyrotechnik GmbH, American Foam Corporation, General Foam Corporation, Foamex International Inc., Town of West Warwick, Dennis Larocque as Fire Inspector for the Town of West Warwick, State of Rhode Island, Irving J. Ownes in his capacity as Fire Marshal for the State of Rhode Island, Triton Realty Limited Partnership, Triton Realty, Inc.

64. As a result of the fire at The Station nightclub, 100 people died, including decedent, Joseph E. Rossi. By information and belief, 59 were residents of Rhode Island, 41 were non-residents and over 180 people were injured. (See Paragraph No. 4 of this Complaint and pages 84 through 91).

COUNT ONE

(Joint Enterprise Defendant)

Jeffrey Derderian

65. Paragraphs 1 through 64, inclusive, are hereby incorporated as if fully set forth herein.

66. The actions or omissions of Defendant, Jeffrey Derderian, as leasee of The Station nightclub and Defendant, DERCO LLC, leasee of the nightclub property in West Warwick and leasee of the property operated as a Shell Gas station with DERCO LLC as the lessor of said property located at 7380 Post Road, North Kingstown and lessor Motiva Enterprises, LLC were each jointly and severally liable for negligence and were each a proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs Tammy Passa and Walter Castle sustained severe and permanent injuries.

67. Defendant, Jeffrey Derderian, his agents, servants or employees, failed to manage, maintain, control, supervise and/or inspect the former Station nightclub and exits on the evening of February 20, 2003 prior to and during the Great White concert as required by Rhode Island General Laws, Section 23-28.6-2.

68. Upon information and belief, Defendant, Jeffrey Derderian, his agents, servants, or employees, negligently

and intentionally installed sound proofing material surrounding the stage area at The Station at the former Station nightclub and failed to ensure that the material installed was fire resistant in violation of Rhode Island General Laws, Section 23-28-6.15.

69. Defendant, Jeffrey Derderian, further engaged in a joint enterprise with other joint tortfeasor Defendants herein identified and incorporated by reference.

70. Defendant, Jeffrey Derderian, his agents, servants, or employees, failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws, Section 23-28-11.3.

71. Defendant, Jeffrey Derderian, his agents, servants, or employees allowed the use of pyrotechnics at the former Station nightclub on February 20, 2003 by persons not possessing permits for the use of pyrotechnics, a violation of Rhode Island General Laws, Section 23-28-11.3.

72. Defendant, Jeffrey Derderian, his agents, servants or employees failed to install, maintain, inspect and manage the former Station nightclub in a proper workmanlike fashion so that emergency lighting and exit signs were operable in the event of fire and/or power outage in violation of Rhode Island General Laws, Section 23-28-6.13.

73. Defendant Jeffery Derderian along with Defendant Motiva Enterprises, LLC and its principal Shell Oil Company joined to promote the Great White concert by distributing free tickets as an inducement to purchase said products at said fueling station with the express or implied knowledge of Motiva Enterprises, LLC and Shell Oil Company to the detriment of the personal safety of the Great White patrons, further contributing to the overcrowding and enhancing the joint enterprise, a relationship that existed between several Defedants so named as joint enterprise Defendants.

74. Said negligence of Defendant, Jeffrey Derderian, his agents, servants or employees was a proximate cause, in whole or in part, of the death of decedent, Joseph Rossi, and a proximate cause of the injuries sustained by Plaintiff, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Jeffrey Derderian, jointly or severally with his co-defendants, award punitive damages against each of the Defendants in an amount that this Honorable Court deems just and award costs of this action,including attorney fees. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel. Plaintiffs demand judgment against the Defendant under the

theory of joint and several liability, plus interest and costs. Plaintiffs hereby demand a jury trial.

END OF COUNT ONE

COUNT TWO

(Joint Enterprise Defendant)

Michael Derderian

75. Paragraphs 1 through 74, inclusive, are hereby incorporated as if fully set forth herein.

76. The actions or omissions of Defendant, Michael Derderian, as leasee of The Station nightclub and Defendant, DERCO LLC, leasee of the nightclub property in West Warwick and leasee of the property operated as a Shell Gas station with DERCO LLC as the lessor of said property located at 7380 Post Road, North Kingstown and lessor Motiva Enterprises LLC were each jointly and severally liable for negligence and were each a proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished.

77. Defendant, Michael Derderian, his agents, servants, or employees failed to manage, maintain, supervise, control, and/or inspect the former Station nightclub on the evening of February 20, 2003 prior to and during the Great White concert and inspect the fire exits as required by Rhode Island General Laws, Section 23-28.6-2.

78. Defendant, Michael Derderian, his agents, servants or employees intentionally and negligently installed the soundproofing material surrounding the stage at the former

Station nightclub and failed to ensure that the material installed was fire resistant in violation of Rhode Island General Laws, Section 23-28-6.15.

79. Defendant, Michael Derderian, his agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws, Section 23-28-11.3.

80. Defendant, Michael Derderian, his agents, servants or employees allowed the use of pyrotechnics at the former Station nightclub by persons not possession permits on February 20, 2003 for the use of pyrotechnics, a violation of Rhode Island General Laws, Section 23-28-11.3.

81. Defendant, Michael Derderian, further engaged in a joint enterprise with Defendants herein identified and incorporated by reference.

82. Defendant, Michael Derderian, his agents, servants, or employees failed to install, maintain, inspect and manage the former Station nightclub so that emergency lighting and exit signs would be operable in the event of fire and/or power outage in violation of Rhode Island General Laws, Section 23-28.6-13.

83. Defendant Michael Derderian, along with Defendant Motiva Enterprises LLC, and its principal Shell Oil Company,

joined to promote the Great White concert by distributing free tickets as an inducement to purchase said products at said fueling station with the express or implied knowledge of Motiva Enterprises LLC and Shell Oil Company to the detriment of the personal safety of the Great White patrons, further contributing to the overcrowding and enhancing the joint enterprise, a relationship that existed between several Defendants so named as joint enterprise Defendants.

84. Said negligence of Defendant, Michael Derderian, his agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi, and a proximate cause of the injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Michael Derderian, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs

hereby demand a trial by jury.

END OF COUNT TWO

COUNT THREE

(Joint Enterprise Defendant)

DERCO LLC

85. Paragraphs 1 through 84 inclusive are hereby incorporated as if fully set forth herein.

86. The actions or omissions of Defendant, DERCO LLC, jointly and severally with its co-defendants are negligent and were, in whole or in part, a proximate cause, in whole or in part, of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa sustained severe burns and scarring and Walter Castle, Jr. sustained severe inhalation and psychological injuries and the injuries sustained by each of the Plaintiffs are permanent and severe.

87. Defendant, DERCO LLC, its agents, servants or employees failed to manage, maintain, supervise, control and/or inspect the former Station nightclub on the evening of February 20, 2003 prior to and during the Great White concert and failed to inspect fire exits consistent with Rhode Island General Laws, Section 23-28.6-2.

88. Defendant, DERCO LLC, further engaged in a joint enterprise with Defendants herein identified and incorporated by reference.

89. Defendant, DERCO LLC, its agents, servants, or

employees negligently installed the soundproofing material surrounding the stage at the former Station nightclub and failed to ensure the material installed was fire resistant in violation of Rhode Island General Laws, Section 23-28.6-15.

90. Defendant, DERCO LLC, its agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws, Section 23-28-11.3.

91. Defendant, DERCO LLC, its agents, servants or employees allowed the use of pyrotechnics at the former Station nightclub on February 20, 2003 by persons not possessing permits for the use of pyrotechnics, a violation of Rhode Island General Laws, Section 23-28-11.3.

92. Defendant, DERCO LLC, its agents, servants or employees failed to install, maintain, inspect and manage the former Station nightclub so that emergency lighting and exit signs would be operable in the event of fire and/or power outage in violation of Rhode Island General Laws, Section 23-18.6-13.

93. Defendant, DERCO LLC joined to promote the Great White concert by distributing free tickets as an inducement to purchase said products at said station with the express or implied knowledge of Motiva Enterprises LLC and Shell Oil

Company to the detriment of the personal safety of the Great White patrons, further contributing to the overcrowding and enhancing the joint enterprise, a relationship that existed between several Defendants so named as joint enterprise Defendants.

94. Said negligence of Defendant, DERCO LLC, its agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi, and a proximate cause of the severe injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant DERCO LLC award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; ward such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT THREE

COUNT FOUR

(Joint Enterprise Defendant)

MANIC MUSIC MANAGEMENT, INC.

95. Paragraphs 1 through 94 inclusive are hereby incorporated as if fully set forth herein.

96. The actions or omissions of Defendant, Manic Music Management,Inc., its agents, servants or employees, jointly and severally with its co-defendants, were negligent and were in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr. were severely injured.

97. Defendant, Manic Music Management, Inc., its agents, servants or employees were negligent in the use, operation, supervision, management and installation of the pyrotechnics used during the performance of the band Great White at The Station nightclub on February 20, 2003.

98. Defendant, Manic Music Management, Inc., its agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws, Section 23-28-11.3.

99. Defendant, Manic Music Management, Inc., further

engaged in a joint enterprise with Defendants herein identified and incorporated by reference.

100. Said negligence of Defendant, Manic Music Management, Inc., its agents, servants or employees was in whole or in part a proximate cause of the death of Joseph Rossi, as well as a proximate cause of the severe injuries of Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Manic Music Management, Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT FOUR

COUNT FIVE - "GREAT WHITE"

(Joint Enterprise Defendants)

JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS
(Collectively as the band known as Great White)

101. Paragraphs 1 through 100 inclusive are hereby incorporated as if fully set forth herein.

102. The actions or omissions of Defendants Jack Russell, Mark Kendall, David Filice and Eric Powers, (collectively as the band known as Great White), their agents, servants or employees jointly or severally with their co-defendants, were negligent and were in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr. were severely injured:

103. Defendants, Jack Russell, Mark Kendall, David Filice and Eric Powers (collectively as the band known as Great White), their agents, servants or employees were negligent in the use, operation, supervision, management and installation of the pyrotechnics used during the performance of the band Great White at The Station nightclub on February 20, 2003.

104. Defendants, Jack Russell, Mark Kendall, David Filice and Eric Powers (collectively as the band known as Great

White), their agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws, Section 23-28-11.3.

105. Defendants, Jack Russell, Mark Kendall, David Filice and Eric Powers (collectively as the band known as Great White), further engaged in a joint enterprise with Defendants herein identified and incorporated by reference.

106. Said negligence of Defendants, Jack Russell, Mark Kendall, David Filice and Eric Powers (collectively as the band known as Great White), their agents, servants or employees were in whole or in part a proximate cause of the death of decedent, Joseph Rossi, and a proximate cause of Plaintiffs, Tammy Passa and Walter Castle, Jr. being severely injured.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendants, Jack Russell, Mark Kendall, David Filice and Eric Powers, (collectively as the band known as Great White), award punitive damages against each of the Defendants in an amount that this Honorable Court deems just and award costs of this action including attorney fees. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs

hereby demand a trial by jury.

END OF COUNT FIVE

COUNT SIX

(Joint Enterprise Defendant)

Daniel Bichele

107. Paragraphs 1 through 106 inclusive are hereby incorporated as if fully set forth herein.

108. The actions or omissions of Defendant, Daniel Bichele, his agents, servants or employees, jointly and severally with his co-defendants, were negligent and were in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr., were severely injured:

109. Defendant, Daniel Bichele, his agents, servants or employees were negligent in the use, operation, supervision, management and installation of the pyrotechnics used during the performance of the band Great White at The Station nightclub on February 20, 2003 and engaged in a joint enterprise with other Defendants.

110. Defendant, Daniel Bichele, further engaged in a joint enterprise with Defendants herein identified and incorporated by reference.

111. Defendants, Daniel Bichele, his agents, servants or employees failed to obtain the necessary permits prior to the

use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws, Section 23-28-11.3 and further failed to check fire exits as required by Rhode Island General Laws, Section 23-28.6-2.

112. Said negligence of Defendant, Daniel Bichele, his agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi, as well as a proximate cause of the severe injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Daniel Bichele, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT SIX

COUNT SEVEN

(Joint Enterprise Defendant)

Paul Woolnough

113. Paragraphs 1 through 112 inclusive are hereby incorporated as if fully set forth herein.

114. The actions or omissions of Defendant, Paul Woolnough, his agents, servants or employees, individually or as the principal of Defendant, Manic Music Management, Inc. or Defendant, Knight Records, Inc., were negligent and were in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi perished and Plaintiffs, Tammy Passa and Walter Castle, Jr., were severely injured and further engaged in a joint enterprise.

115. Defendant, Paul Woolnough, further engaged in a joint enterprise with Defendants herein identified and incorporated by reference.

116. Defendant, Paul Woolnough, his agents, servants or employees were negligent in the use, operation, supervision, management and installation of the pyrotechnics used during the performance of the band Great White at The Station nightclub on February 20, 2003 and further failed to check fire exits as required in Rhode Island General Laws, Section

23-28.6-2.

117. Defendant, Paul Woolnough, his agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station nightclub on February 20, 2003, a violation of Rhode Island General Laws, Section 23-28-11.3.

118. Said negligence of Defendant, Paul Woolnough, his agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi, as well as a proximate cause of the severe injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Paul Woolnough, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT SEVEN

COUNT EIGHT

(Joint Enterprise Defendant)

Knight Records, Inc.

119. Paragraphs 1 through 118 inclusive are hereby incorporated as if fully set forth herein.

120. The actions or omissions of Defendant, Knight Records, Inc., its agents, servants or employees were negligent and were in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr. were severely injured.

121. Defendant, Knight Records, Inc., its agents, servants or employees were negligent in the use, operation, management and installation of the pyrotechnics used during the performance of the band Great White at The Station nightclub on February 20, 2003 and further engaged in a joint enterprise.

122. Defendant, Knight Records, Inc., further engaged in a joint enterprise with Defendants herein identified and incorporated by reference.

123. Defendant, Knight Records, Inc., its agents, servants or employees failed to obtain the necessary permits prior to the use of pyrotechnics at the former Station

nightclub on February 20, 2003, a violation of Rhode Island General Laws, Section 23-28-11.3.

124. Said negligence of Defendant, Knight Records, Inc., its agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi, as well as a proximate cause of the severe injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Knight Records, Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT EIGHT

COUNT NINE

(Joint Enterprise Defendants)

Anheuser-Busch Inc.

Anheuser-Busch Companies, Inc.

125. Paragraphs 1 through 124 inclusive are hereby incorporated as if fully set forth herein.

126. The liability of Defendants, Anheuser-Busch Inc. and its parent, Anheuser-Busch Companies, Inc. is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants or employees from which Defendants, Anheuser-Busch Inc. and Anheuser-Busch Companies, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand name and good will.

127. Furthermore, it is alleged that Defendants Anheuser-Busch Inc. and Anheuser-Busch Companies, Inc, may have contributed to the overcrowding by advertisements making available its product and/or providing so-called free tickets and/or tickets for sale to Station patrons further impeding the ability for rapid egress under emergency situations. Anheuser-Busch and its employees or agents failed to properly calculate The Station's maximum and minimum capacity for safe

egress in emergency situations and further joined in a joint enterprise with other co-defendants.

128. Furthermore, a reasonable inspection conducted of the premises prior to the entry by Anheuser-Busch Inc. and Anheuser-Busch Companies, Inc., its agents, servants or employees on February 20, 2003 would have revealed that the building was constructed of wood, had no sprinklers, had blocked or locked fire exits, consisted of foam insulation of sound proofing material with questionable fire retardent characteristics in a facility to be used that evening by the public for social assembly where alcohol would be consumed.

129. Additionally, Defendants, Anheuser-Busch Inc. and Anheuser-Busch Companies, Inc., its agents, servants or employees failed to inspect the appropriate exits prior to engaging in the sale of its product on February 20, 2003 to determine if they were free of any encumberances and, in fact, was unlocked for purposes of exit and failed to comply with Rhode Island General Laws, Section 23-28.6-2.

130. Defendants, Anheuser-Busch Inc. and Anheuser-Busch Companies, Inc., further engaged in a joint enterprise with Defendants herein identified and incorporated by reference.

131. Furthermore, Defendants, Anheuser-Busch Inc. and Anheuser-Busch Companies, Inc., by the marketing of the event, the sale of its product or use of said product on

February 20, 2003 by The Station's patrons interfered with the ability of said patrons to react in such a manner as to exit the premises safely by its marketing of the event, sponsorship, contributing and exacerbating they further interfered in the exiting of said premises by the Plaintiffs and The Station's patrons and employees.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendants, Anheuser-Busch Inc. and Anheuser-Busch Companies, Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT NINE

COUNT TEN

(Joint Enterprise Defendants)

WHJY, INC., CLEAR CHANNEL BROADCASTING, INC. and CLEAR CHANNEL COMMUNICATIONS, INC.

132. Paragraphs 1 through 131 inclusive are hereby incorporated as if fully set forth herein.

133. The liability of Defendants, WHJY, INC., Clear Channel Broadcasting, Inc. and Clear Channel Communications, Inc. is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants, or employees from which Defendants, WHJY, INC., Defendant Clear Channel Broadcasting, Inc. and Clear Channel Communications, Inc., stood to profit, whether monetarily or in increased consumer awareness of its brand name and participated in a joint enterprise with other co-defendants.

134. Defendants, WHJY, INC., Clear Channel Broadcasting, Inc. and Clear Channel Communications, Inc. further engaged in a joint enterprise with Defendants herein identified and incorporated by reference.

135. By information and belief, Defendants provided complimentary and paid tickets to certain individuals to induce them to attend said concert, thereby contributing to

the overcrowding and the inability to egress in safety in said emergency situations in light of "The Station" limitations or lack of sprinklers and proper flame retardent materials and further failed to check fire exits as required by Rhode Island General Laws, Section 23-28.6-2.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendants, WHJY, INC., Clear Channel Broadcasting, Inc. and Clear Channel Communications, Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT TEN

COUNT ELEVEN

(Joint Enterprise Defendant)

McLaughlin and Moran, Inc.

136. Paragraphs 1 through 135 inclusive are hereby incorporated as if fully set forth herein.

137. The liability of Defendant, McLaughlin and Moran, Inc., is established by their sponsorship of and marketing efforts at the Great White concert at The Station on February 20, 2003 by their agents, servants or employees from which Defendant, McLaughlin and Moran, Inc. stood to profit, whether monetarily or in increased consumer awareness of its brand name and joined in the joint enterprise with other co-defendants.

138. Defendant, McLaughlin and Moran, Inc., further engaged in a joint enterprise with Defendants herein identified and incorporated by reference.

139. Furthermore, it is alleged that Defendant, McLaughlin & Moran, Inc., may have contributed to the overcrowding and by making available its product and/or providing access to The Station to certain individuals with or without compensation required on February 20, 2003, thereby, contributing to said overcrowding and making

emergency egress impossible under emergency situations without properly calculating maximum capacity in a noticeably aged wood frame building built for public assembly with no sprinklers, noticeably aged wooden framing and knew or should have reasonably known of the foam insulation and its flammable propensities. Additionally, Defendant, McLaughlin and Moran, Inc., failed to inspect the fire exits as required by Rhode Island General Laws, Section 23-28.6-2.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, McLaughlin and Moran, Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT ELEVEN

COUNT TWELVE

(Joint Enterprise Defendants)

Shell Oil Company

Motiva Enterprises, LLC

140. Paragraphs 1 through 139 inclusive are hereby incoporated as if fully set forth herein.

141. Defendant Shell Oil Company, by information and belief along with its subsidiary Motiva Enterprises LLC, joined with principally the Defendants DERCO LLC, Michael Derderian and Jeffery Derderian to promote the Great White concert by advertising said concert and offering tickets in furtherance of promoting its merchandise through advertisements and inducements. Said activities of its agents at said fueling station were conducted with express or implied knowledge that tickets were being made available to said patrons of the Great White concert with an added purpose to further enhance the brand names of the Defendant Shell Oil Company. Said activity of these Defendants encouraged and induced the attendance at said concert to individuals who might not have otherwise attended without said inducements, contributing to the overcrowding and further creating a hazardous and dangerous condition.

142. Said Defendant Shell Oil Company and its subsidiary

Motiva Enterprises LLC, by information and belief never inspected the premises as to its conformity with safety standards to include exits, crowd control and other conformance as to state regluations and city regulations to determine compliance prior to a public assembly for said concert.

143. Furthermore, the joint enterprise of these Defendants as are joined with other Defendants, contributed to said overcrowding without ensuring whether or not there was conformity with the Rhode Island General Laws, Section 23-38.6-2.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant Shell Oil Company and its subsidiary Motiva Enterprises LLC, and award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorneyss fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and

Plaintiffs hereby demand a trial by jury.

END OF COUNT TWELVE

COUNT THIRTEEN

Luna Tech, Inc. and Luna Tech Pyrotechnik GmbH

144. Paragraphs 1 through 143 inclusive are hereby incorporated as if fully set forth herein.

145. The actions or omissions of Defendants, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik GmbH, its agents, servants or employees were negligent and were in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr., were severely injured.

146. That Defendant, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik GmbH, its agents, servants or employees produced and sold the "gerb" style pyrotechnic display to Great White, its agents, servants or employees for the purpose of providing a pyrotechnic display during Great White's performances without proper warning to include but not limited to ordinary and reasonable inspection prior to said use.

147. That Defendants, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik GmbH, its agents, servants or employees knew or should have known that its pyrotechnics would be used during Great White's indoor performances and

failed to warn Great White, its agents, servants or employees in the proper use of same.

148. Said negligence of Defendant, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik GmbH, its agents, servants or employees was in whole or in part a proximate cause of the death of decedent, Joseph Rossi, as well as the proximate cause of the severe injuries sustained by Plaintiffs, Tammy Passa and Walter Castle, Jr.

149. Defendants, Luna Tech, Inc., a subsidiary of Defendant, Luna Tech Pyrotechnik GmbH, as manufacturer of the pyrotechnics in question, are strictly and negligently liable for designing, creating, manufacturing, distributing, selling and placing in to the stream of commerce the pyrotechnics, an inherently dangerous product without adequate requirements for inspection of the premises where said product is being used.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Luna Tech, Inc., Luna Tech Pyrotechnik GmbH, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of

this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT THIRTEEN

COUNT FOURTEEN

American Foam Corporation

150. Paragraphs 1 through 149 inclusive are hereby incorporated as if fully set forth herein.

151. The actions or omissions of Defendant, American Foam Corporation, were negligent and in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr., were severely injured.

152. Upon information and belief, Defendant, American Foam Corporation, its agents, servants or employees produced and/or sold and delivered the alleged sound proofing foam to Defendants, Jeffrey Derderian, Michael Derderian, DERCO LLC, and/or their agents, servants and employees for the purpose of providing sound insulation for The Station nightclub.

153. That Defendant, American Foam Corporation, its agents, servants or employees knew or should have known that said "foam" would be installed in an environment intended for public assembly sensitive to heat sources, including but not limited to stage lighting equipment, matches, alcohol, plastics, cigarettes, and pyrotechnics knowing that the product was not flame retardant but was, in fact, highly

flammable.

154. That the Defendant, American Foam Corporation, its agents, servants or employees knew or should have known that its product was not fit for the purposes in which it was intended in its intended use or foreseeable misuse and failed to adequated warn the user or public of its inherent design and marketing defect.

155. That the Defendant, American Foam Corporation, its agents, servants or employees knew or should have known that said product manufactured or supplied was defective in its design.

156. That Defendant, American Foam Corporation, its agents, servants or employees provided said product to the public with obvious foreseeable risks which exceeded the intended benefits.

157. That Defendant, American Foam Corporation, its agents, servants or employees knew or should have known that said product was defective due to inadequate warnings or instructions as to the limitations and specific use of its product and its affect in combination with other foreseeable products.

158. That Defendant, American Foam Corporation, its agents, servants or employees breached its implied warranty of merchantability in that said product induced purchases in

customers to use said product and they, in fact, relied on the implied representations consistent with Rhode Island General Laws, Section 6(a)-2-314.

159. That Defendant, American Foam Corporation, its agents, servants or employees was strictly liable for placing its product in commerce with full awareness of its forseeable risks.

160. By information and belief, Defendant, American Foam Corporation, had knowledge by prior testing and claims that its product was highly flammable and subject to misuse.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, American Foam Corporation, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT FOURTEEN

COUNT FIFTEEN

GENERAL FOAM CORPORATION

161. Paragraphs 1 through 160 inclusive are hereby incorporated as if fully set forth herein.

162. The actions or omissions of Defendant, General Foam Corporation, were negligent and in whole or in part a proximate cause of the fire at The Station nightclub on February 20, 2003 in which decedent, Joseph Rossi, perished and Plaintiffs, Tammy Passa and Walter Castle, Jr., were severely injured.

163. Upon information and belief, Defendant, General Foam Corporation, its agents, servants or employees produced, manufactured and/or sold alleged sound proofing and insulation foam to Defendant, American Foam Corporation, and/or their agents, servants and employees.

164. That Defendant, General Foam Corporation, its agents, servants or employees knew or should have known that said foam would be installed in an environment intended for public assembly knowing that said product was not flame retardant and that its misuse was foreseeable based on past experiences and further that inadequate warnings and labels were disseminated to the public generally and to Defendant, American Foam Corporation, so as to readily inform the

purchaser of its propensity of flammability, its toxic capability and foreseeable misapplication by its users.

165. That the Defendant, General Foam Corporation, its agents, servants or employees knew or should have known that its product was not fit for the purposes in which it was intended, was further aware of the legal rammifications of strict liability for dangerous products, that its manufacturing and design was inherently defective and that adequate warnings to the user were impractical and/or capable of being ignored due to its marketing defect and the nature of its inherent design.

166. That the Defendant, General Foam Corporation, its agents, servants or employees knew or should have known that said product as made available to the public had obvious foreseeable risks which exceeded its intended benefits.

167. That Defendant, General Foam Corporation, its agents, servants or employees breached its implied warranty of merchantability in that said product induced purchases by customers of its retailers to use said product who relied on the implied representations consistent with Rhode Island General Laws, Section 6(a)-2-314.

168. By information and belief, Defendant, General Foam Corporation, had knowledge by prior testing and claims that its product was highly flammable and subject to misuse with a

potential to produce serious injury and disregard for public safety.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, General Foam Corporation, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT FIFTEEN

COUNT SIXTEEN

FOAMEX INTERNATIONAL INC.

169. Paragraphs 1 through 168 inclusive are hereby incorporated as if fully set forth herein.

170. Defendant, Foamex International Inc., in purchasing the assets upon information and belief of General Foam Corporation, consistent with corporate policies and past practices, assumed the liabilities and responsibilities of said General Foam Corporation.

171. Defendant, Foamex International Inc., by the very nature of its business was aware of the product sold by General Foam and its consequences, its design, use and misuse.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Foamex Corporation, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem

appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT SIXTEEN

COUNT SEVENTEEN

TOWN OF WEST WARWICK - NEGLIGENCE - EGREGIOUS

CONDUCT AND SPECIAL DUTY

172. Paragraphs 1 through 171 inclusive are hereby incorporated as if fully set forth herein.

173. That the Defendant, Town of West Warwick, is liable and responsible for the negligence and egregious conduct of its agents, servants and employees owing a special duty to each Plaintiff and in causing the death of Plaintiff, Joseph Rossi, and the severe and permanent injuries of Plaintiffs, Tammy Passa and Walter Castle, Jr.

174. That the Defendant, Town of West Warwick, was egregious and negligent on the evening of Thursday, February 20, 2003 in that it failed to adequately inspect The Station for safety hazards; conduct regular inspections of The Station premises for safety violations; discover highly flammable and toxic materials existing on the premises of The Station which would have been discovered upon reasonable inspection; enforcing fire safety and training personnel in fire safety laws, regulations and standards; in requiring sprinklers or other fire prevention apparatus at The Station; to employ sufficient employees and/or personnel to adequately enforce fire safety laws, regulations and standards;

informing patrons of The Station of the location of fire exits or require personnel present to do so; failed to appropriate adequate funds to provide for enforcement of fire safety laws, regulations and standards; allowed the maintenance of highly toxic materials on the premises of The Station which constituted a safety hazard to patrons and allowd unsafe numbers of persons on the premises during the performance.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Town of West Warwick, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT SEVENTEEN

COUNT EIGHTEEN

STATE OF RHODE ISLAND - NEGLIGENCE -

EGREGIOUS CONDUCT AND SPECIAL DUTY

175. Paragraphs 1 through 174 inclusive are hereby incorporated as if fully set forth herein.

176. That the Defendant, State of Rhode Island, is liable and responsible for the negligence and egregious conduct of its agents, servants and employees owing a special duty to each Plaintiff in causing the death of Plaintiff, Joseph Rossi, and the severe injuries of Plaintiffs, Tammy Passa and Walter Castle, Jr.

177. That the Defendant, State of Rhode Island, was negligent on the evening of Thursday, February 20, 2003 in that it failed to adequately inspect The Station for safety hazards; conduct regular inspections of The Station premises for safety violations; discover highly flammable and toxic materials existing on the premises of The Station which would have been discovered upon reasonable inspection; enforcing fire safety and training personnel in fire safety laws, regulations and standards; in requiring sprinklers or other fire prevention apparatus at The Station; to employ sufficient employees and/or personnel to adequately enforce fire safety laws, regulations and standards; informing

patrons of The Station of the location of fire exits or require personnel present to do so; failed to appropriate adequate funds to provide for enforcement of fire safety laws, regulations and standards; allowed the maintenance of highly toxic materials on the premises of The Station which constituted a safety hazard to patrons, allowed unsafe numbers of persons on the premises during the performance and providing inadequate and reasonable maximum capacity requirements in an area of no sprinklers, aged wood framed construction, improper exits, inadequate insulation with foreseeable rapid egress in "fire" type potential situations.

178. That Defendant, State of Rhode Island, failed to train and educate designated fire inspectors as to their responsibilities and to enforce appropriate information to comply with upgrades as to the necessity of having sprinklers and failing to address properly the issue of overcrowding in emergency situations and the proper formula to be used for maximum capacity.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, State of Rhode Island, Irving J. Owens, Individually and in his capacity as Fire Marshal for the State of Rhode Island, award compensatory damages against

each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT EIGHTEEN

COUNT NINETEEN

TRITON REALTY LIMITED PARTNERSHIP

179. Paragraphs 1 through 178 inclusive are hereby incorporated as if fully set forth herein.

180. That the Defendant, Triton Realty Limited Partnership, is liable and responsible for the negligence of its agents, servants and employees in causing the death of Plaintiff, Joseph Rossi, and the severe and permanent injuries of Plaintiffs, Tammy Passa and Walter Castle, Jr.

181. That the Defendant, Triton Realty Limited Partnership, was negligent on the evening of Thursday, February 20, 2003 in that it failed to adequately inspect The Station for Safety hazards; conduct regular inspections of The Station premises for safety violations; discovery highly flammable and toxic materials existing on the premises of The Station which would have been discovered upon reasonable inspection; enforcing fire safety and training personnel in fire safety laws, regulations and standards; in requiring sprinklers or other fire prevention apparatus at The Station; to employ sufficient employees and/or personnel to adequately enforce fire safety laws, regulations and standards; informing patrons of The Station of the location of fire exits or require personnel present to do so; failed to

appropriate adequate funds to provide for enforcement of fire safety laws, regulations and standards; allowed the maintenance of highly toxic materials on the premises of The Station which constituted a safety hazard to patrons and allowed unsafe numbers of persons on the premises during the performance.

182. Said Defendant, Triton Realty Limited Partnership, as lessor of said property was fully aware of the absence of sprinklers and either knew or should have known that the "grandfather" clause negating the use of sprinklers was not applicable due to change of use and/or change in construction; that the fire exits were inadequate; that the wood framing was aged and combustible; that the materials utilized within the construction frame were combustible and did not meet the required retardent standards; that the installation of the foam was known to said Defendant and, furthermore, failed to inspect or require appropriate standards for the addition of any constructional changes to said premises and further that the fire inspection procedures as so conducted by past practices were such that placed said Defendant on notice that the maximum capacity for patrons for compliance with reasonable safty standards would not be reasonable because of the inability to leave the premises with safety in a so-called "fire" emergency.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Triton Realty Limited Partnership, award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT NINETEEN

COUNT TWENTY

TRITON REALTY, INC.

183. Paragraphs 1 through 182 inclusive are hereby incorporated as if fully set forth herein.

184. That the Defendant, Triton Realty, Inc., is liable and responsible for the negligence of its agents, servants and employees in causing the death of Plaintiff, Joseph Rossi, and the severe and permanent injuries of Plaintiffs, Tammy Passa and Walter Castle, Jr.

185. That the Defendant, Triton Realty, Inc., was negligent on the evening of Thursday, February 20, 2003 in that it failed to adequately inspect The Station for Safety hazards; conduct regular inspections of The Station premises for safety violations; discovery highly flammable and toxic materials existing on the premises of The Station which would have been discovered upon reasonable inspection; informing personnel of fire safety and training safety laws, regulations and standards; in requiring sprinklers or other fire prevention apparatus at The Station; to employ sufficient employees and/or personnel to adequately enforce fire safety laws, regulations and standards; informing patrons of The Station of the location of fire exits with working signs and lighting or require personnel present to do

so; failed to appropriate adequate funds to provide for enforcement of fire safety laws, regulations and standards; allowed the maintenance of highly toxic materials on the premises of The Station which constituted a safety hazard to patrons and allowed unsafe numbers of persons on the premises during the performance, knowing said hazard was allowed as a routine business practice.

186. Said Defendant, Triton Realty, Inc., as lessor of said property was fully aware of the absence of sprinklers and either knew or should have known that the "grandfather" clause negating the use of sprinklers was not applicable due to change in use or construction; that the fire exits were inadequate; that the wood framing was aged and combustible; that the materials utilized within the construction frame were combustible and did not meet the required retardent standards; that the installation of the foam was known to said Defendant and, furthermore, failed to inspect or require appropriate standards for the addition of any constructional changes to said premises and further that the fire inspection procedures as so conducted by past practices were such that placed said Defendant on notice that the maximum capacity for patrons for compliance with reasonable safty standards would not be reasonable because of the inability to leave the premises with safety in a so-called "fire" emergency.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., pray that this Honorable Court enter judgment in their favor as against Defendant, Triton Realty Inc., award compensatory damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT TWENTY

COUNT TWENTY-ONE

JOHN DOES 1 through 100

187. Paragraphs 1 through 186 inclusive are hereby incorporated as if fully set forth herein.

188. Plaintiffs allege that there are certain unnamed and unknown defendants at this time whose responsibilities may be discovered throughout this case based on negligence, causation and responsibility to the Plaintiffs which will be added accordingly at the appropriate time that their identity is discovered.

WHEREFORE, Plaintiffs, Cheryl Harris-Rossi as wife of Joseph Rossi, Tammy Passa and Walter Castle, Jr., prays that this Honorable Court enter judgment in their favor as against Defendants, John Does 1-100, award compensatory damages against each of the John Doe Defendants in an amount that this Honorable Court deems meet and just; award punitive damages against each of the Defendants in an amount that this Honorable Court deems meet and just; award costs of this action including attorney fees to the Plaintiffs; award such other and further relief as this Honorable Court may deem appropriate. Plaintiffs name Ronald J. Resmini, Esq. as trial counsel and Plaintiffs hereby demand a trial by jury.

END OF COUNT TWENTY-ONE

By their Attorneys,
RESMINI LAW OFFICES, LTD.
BY:

RONALD J. RESMINI, ESQ.#0484
155 South Main St.
Suite 400
Providence, RI 02903
DATED: May 1, 2003

3/7/03

This is a list of those who perished in The Station fire tragedy. The list was compiled from information supplied by the Rhode Island Department of Health, the hospitals, relatives, and friends of the victims. (There is one more injured woman whose family has requested that her name not be released.)

59
DECEASED RHODE ISLAND RESIDENTS

Louis S. Alves, 33, of Lincoln.

Kevin Anderson, 37, of Warwick.

Christopher Arruda, 30, of Coventry.

Tina Ayer, 33, of Warwick.

Thomas Barnett, 38, of West Greenwich.

Laureen Beauchaine, 35, of West Warwick.

Steven Thomas Blom, 40, of Cranston.

William Christopher Bonardi, 36, of Smithfield.

William Cartwright, 42, of Pawtucket.

Edward B. Corbett III, 31, of West Warwick.

Michael Cordier, 31, of Westerly.

Alfred Crisostomi, 38, of Warwick.

Lisa D'Andrea, 42, of Barrington.

Matthew P. Darby, 36, of Coventry.

Dina Ann DeMaio, 30, of West Warwick.

Lori Durante, 40, of West Warwick.

Edward Ervanian, 29, of Cranston.

Rachael K. Florio-DePietro, 31, of Coventry.

Mark A. Fontaine, 22, of Johnston.

Daniel Frederickson, 37, of Coventry.

Charline Elaine Gingras-Fick, 35, of Central Falls.

Michael James Gonsalves, 40, of Warwick.

James Gooden, 37, of Cranston.

Scott Greene, 35, of Warwick.

Scott Griffith, 41, of West Warwick.

Bonnie L. Hamelin, 27, of Warwick.

Andrew Hoban, 22, of North Kingstown.

Abbie L. Hoisington, 28, of Cranston.

Michael Hoogasian, 31, of Cranston.

Sandy Hoogasian, 27, of Cranston.

Eric James Hyer, 32, of Scituate.

Derek Brian Johnson, 32, of West Warwick.

Tracy F. King, 39, of Warwick.

Michael Joseph Kulz, 30, of Warwick.

Stephen M. Libera, 21, of North Kingstown.

John M. Longiaru, 23, of Johnston.

Andrea Mancini, 28, of Johnston.

Keith A. Mancini, 34, of Cranston.

Steven Mancini, 39, of Johnston.

Judith Manzo, 37, of North Providence.

Tammy Mattera-House, 39, of Warwick.

Thomas Medeiros, 40, of Coventry.

Leigh Ann Moreau, 21, of Providence.

Jason Morton, 38, of West Greenwich.

Nicholas Philip O'Neil, 18, of Pawtucket.

Carlos L. Pimentel Sr., 38, of West Warwick.

Christopher Prouty, 34, of Pawtucket.

Robert L. Reisner, III, 29, of Coventry.

Tracey Romanoff, 32, of Coventry.

Joseph Rossi, 35, of Pawtucket.

Bridget Sanetti, 25, of Coventry.

Rebecca Shaw, 24, of Warwick.

Dennis Smith, 36, of Pawtucket.

Benjamin Suffoletto, 43, of Glocester.

Linda Suffoletto, 43, of Glocester.

Jason Sylvester, 24, of Coventry.

Kelly Vieira, 40, of West Warwick.

Everett "Tommy" Woodmansee, 30, of Charlestown.

Pam Gruttadauria, Johnston.

41
DECEASED NON-RHODE ISLAND RESIDENTS

Stacie Angers, 29, of Worcester, Mass.

Eugene Avilez, 21, of Burlington, Mass.

Karla Bagtaz, 41, of Randolph, Mass.

Mary H. Baker, 32, of Fall River, Mass.

Richard A. Cabral Jr., 37, of Attleboro, Mass.

Kristine Carbone, 38, of Taunton, Mass.

Robert Croteau, 31, of Fall River, Mass.

Albert Anthony DiBonaventura, 18, of North Dighton, Mass.

Christina DiRienzo, 37, of Plymouth, Mass.

Kevin J. Dunn, 37, of Attleboro, Mass.

Thomas Fleming, 30, of Worcester, Mass.

Michael Fresolo, 32, of Worcester, Mass.

James Gahan, 21, of Falmouth, Mass.

Melvin Gerfin, 46, of Groton, Connecticut.

Laura Gillett, 32, of Pembroke, Mass.

Derek Gray, 22, of Dracut, Mass.

Jude Henault, 37, of Lisbon, Connecticut.

Carlton "Bud" Howorth III, 39, of Norton, Mass.

Lisa Kelly, 27, of Swansea, Mass.

Keith Lapierre, 29, of Worcester, Mass.

Dale Latulippe, 46, of Carver, Mass.

Ty Longley, 31, of Northridge, California.

Thomas Frank Marion Jr., 27, of Westport, Mass.

Jeffrey Martin, 33, of Melrose, Mass.

Kristen McQuarrie, 37, of Ledyard, Connecticut.

Samuel Miceli, 37, of Lisbon, Connecticut.

Donna M. Mitchell, 27, of Fall River, Mass.

Ryan M. Morin, 31, of Boston, Mass.

Deth Ellen Mosczynski, 33, of Millbury, Mass.

Katherine O'Donnell, 26, of Seekonk, Mass.

Matthew James Pickett, 33, of Bellingham, Mass.

Theresa Rakoski, 30, of Taunton, Mass.

Jeffrey Rader, 32, of Danville, California.

Walter Rich, 40, of Attleboro, Mass.

Donald Roderiques, 46, of Mashpee, Mass.

Mitchell Shubert, 39, of Newbury, Florida.

Victor Stark, 39, of West Yarmouth, Mass.

Shawn Sweet, 28, of Pembroke, Mass.

Sarah Jane Telgarsky, 37, of Plainfield, Connecticut.

Kevin Washburn, 30, of Franklin, Mass.

Robert Daniel Young, 29, of Taunton, Mass.

INJURED - RHODE ISLAND RESIDENTS

Mark Blevins, 29, of Wakefield, Westerly, good condition

David Brennan, 32, of West Warwick, Rhode Island Hospital, good condition

Susan Chamberline, 39 of West Warwick, Rhode Island Hospital, good condition

Linda Fisher, 33, of Cranston, Rhode Island Hospital, Serious Condition

Paula Gould, 32, of West Warwick, Rhode Island Hospital, Critical Condition

Terry LaBree, 42, of Pawtucket, Rhode Island Hospital, good condition

Philip Barr, 21, of Lincoln, Rhode Island Hospital, Critical Condition

Ray Beauchaine, 37, of West Warwick, Rhode Island Hospital Critical Condition

Mark Blevins, 29, of Wakefield, Westerly, good condition

David Brennan, 32, of West Warwick, Rhode Island Hospital, good condition

Susan Chamberline, 39, of West Warwick, Rhode Island Hospital, good condition

Gene Companatico, Kent County, stable condition

Linda Fisher, 33, of Cranston, Rhode Island Hospital, serious condition

Gina (Catallozzi) Gauvin, 42, of Johnston, UMass/Worcester critical condition

Paula Gould, 32, of West Warwick, Rhode Island Hospital, critical condition

Terry LaBree, 42, of Pawtucket, Rhode Island Hospital

good condition

David Malagrino, 36, of Westerly, Rhode Island Hospital
good condition

Missy Minor, 28, of West Warwick, Rhode Island Hospital
good condition

Scott Moresco, 30, of Pawtucket, Rhode Island Hospital,
good condition

Charles Oberg, 25, of Coventry, Rhode Island Hospital,
good condition

William Rancourt, 38, of Providence, Rhode Island Hospital
good condition

Kerri Rock, 27, of West Warwick, Rhode Island Hospital,
good condition

Ronald Schoepfer, 32, of Pawtucket, Brigham & Women's,
fair condition

Michelle Spence, 29, of Lincoln, Rhode Island,
serious condition

INJURED - NON-RHODE ISLAND RESIDENTS

Elizabeth Arruda, Mass. General, good condition

Craig Ballard, of Plainfield, Conn., 41, UMass/Worcester critical condition

Robert Barlow, 28, of Fall River, Rhode Island Hospital serious condition

William Long, 31, of Las Vegas, Rhode Island Hospital good condition

Robert Lucton, 37, of North Easton, MA, Rhode Island Hospital, critical condition

John Mangan, UMass/Worcester, critical condition

Nancy Noyes, 42, of New London, CT, Rhode Island Hospital serious condition

Robert Rager, 31, of Kent, Ohio, Brigham & Womens, good condition

Catherine Segesta, 36, of Taunton, MA, Rhode Island Hospital, serious condition

Milton Servais, 40, of East Falmouth, MA, Brigham & Women's, fair condition

Gary Stein, 31, of Norton, MA, Brigham & Women's, fair condition

Kathleen Sullivan, Mass. General, critical condition

John Van Deusen, 39, of Carver, MA, Rhode Island Hospital, critical condition

Jennifer Vieira, Mass. General, fair condition

Donovan Williams, Mass. General, critical condition

Joseph DiBona, Shriners, critical condition

Gina Russo, Shriners, critical condition