**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TAMMY PASSA, Alias, ET AL | : | |
| | : | |
| VS. | : | C.A. NO. 2003-148 L |
| | : | |
| JEFFREY DERDERIAN, ET AL | : | |

***AMENDED ANSWER OF DEFENDANT DANIEL BICEHELE TO PLAINTIFFS' SECOND AMENDED COMPLAINT***

***JURISDICTIONAL ALLEGATIONS - PLAINTIFFS***

1. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 1 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

2. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 2 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

3. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 3 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

4. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 4 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

5. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 5 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

6. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 6 of Plaintiffs' Second Amended Complaint and leaves

165

Plaintiffs to their proof thereof.

## JURISDICTION ALLEGATIONS - DEFENDANTS

7. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 7 of Plaintiffs' Second Amended Complaint as it relates to Defendant Jeffrey Derderian's residency, ownership of DERCO LLC or ownership of Shell Gas Station and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 7 of Plaintiffs' Second Amended Complaint at this time.

8. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 8 of Plaintiffs' Second Amended Complaint as it relates to Defendant Michael Derderian's residency, ownership of DERCO LLC or ownership of Shell Gas Station and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint at this time.

9. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 9 of Plaintiffs' Second Amended Complaint as it relates to Defendant DERCO LLC's state of incorporation, ownership or what its principal operation was and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the

matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 9 of Plaintiffs' Second Amended Complaint at this time.

10. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint at this time.

11. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 11 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

12. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 12 of Plaintiffs' Second Amended Complaint as it relates to Defendant Jack Russell's residency and leaves Plaintiffs to their proof thereof. Admit to the remaining allegations in Paragraph 12 of Plaintiffs' Second Amended Complaint.

13. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 13 of Plaintiffs' Second Amended Complaint as it relates to Mark Kendall being a member of the band and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as

Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint at this time.

14. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 14 of Plaintiffs' Second Amended Complaint as it relates to David Filice being a member of the band and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint at this time.

15. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 15 of Plaintiffs' Second Amended Complaint as it relates to Eric Powers being a member of the band and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 15 of Plaintiffs' Second Amended Complaint at this time.

16. Defendant Daniel Biechele denies he is a resident of the State of California. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination

pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint at this time.

17. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 17 of Plaintiffs' Second Amended Complaint as it relates to Defendant Paul Woolnough's residency, his position with Manic Music Management, Inc. and Knight Records, Inc. and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 17 of Plaintiffs' Second Amended Complaint at this time.

18. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint at this time.

19. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 19 of Plaintiffs' Second Amended Complaint as it relates to Defendant Anheuser-Busch, Inc.'s state of incorporation and its principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the

matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 19 of Plaintiffs' Second Amended Complaint at this time.

20. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 20 of Plaintiffs' Second Amended Complaint as it relates to Defendant Anheuser-Busch Companies, Inc.'s state of incorporation and its principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint at this time.

21. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 21 of Plaintiffs' Second Amended Complaint as it relates to jurisdiction for Defendants State of Rhode Island and Town of West Warwick and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint at this time.

22. Defendant Daniel Biechele is without knowledge or information of the truth or falsity

of the allegations set forth in Paragraph 22 of Plaintiffs' Second Amended Complaint as it relates to MacLaughlin & Moran, Inc.'s state of incorporation or principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint at this time.

23. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 23 of Plaintiffs' Second Amended Complaint as it relates to Luna Tech, Inc.'s state of incorporation or principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 23 of Plaintiffs' Second Amended Complaint at this time.

24. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 24 of Plaintiffs' Second Amended Complaint as it relates to Defendant Luna Tech, Inc. being a subsidiary of Defendant Luna Tech Pyrotechnik GmbH or its principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section

13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 24 of Plaintiffs' Second Amended Complaint at this time.

25. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 25 of Plaintiffs' Second Amended Complaint as it relates to American Foam Corporation's state of incorporation or principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 25 of Plaintiffs' Second Amended Complaint at this time.

26. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 26 of Plaintiffs' Second Amended Complaint as it relates to General Foam Corporation's state of incorporation or principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 26 of Plaintiffs' Second Amended Complaint at this time.

27. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 27 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

28. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 28 of Plaintiffs' Second Amended Complaint as it relates to WHJY, Inc.'s state of incorporation or principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 28 of Plaintiffs' Second Amended Complaint at this time.

29. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 29 of Plaintiffs' Second Amended Complaint as it relates to Defendant WHJY being a subsidiary of Clear Channel Broadcasting, Inc., its state of incorporation and principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 29 of Plaintiffs' Second Amended Complaint at this time.

30. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 30 of Plaintiffs' Second Amended Complaint as it relates to Defendant Clear Channel Communications, Inc. being a holding company for Clear Channel Broadcasting, Inc., its state of incorporation or its principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of

Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 30 of Plaintiffs' Second Amended Complaint at this time.

31. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 31 of Plaintiffs' Second Amended Complaint as it relates to Defendant Shell Oil Company's state of incorporation or principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 31 of Plaintiffs' Second Amended Complaint at this time.

32. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 32 of Plaintiffs' Second Amended Complaint as it relates to Defendant Motiva Enterprises LLC's state of incorporation or principal place of business and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 32 of Plaintiffs' Second Amended Complaint at this time.

33. Defendant Daniel Biechele is without knowledge or information of the truth or falsity

of the allegations set forth in Paragraph 33 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

34. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 34 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

35. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 35 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

36. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 36 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

## FACTS

37. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint at this time.

38. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 38 of Plaintiffs' Second Amended Complaint at this time.

39. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 39 of Plaintiffs' Second Amended Complaint at this time.

40. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 40 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

41. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 41 of Plaintiffs' Second Amended Complaint at this time.

42. Defendant Daniel Biechele is without information or knowledge or information of the truth or falsity of the allegations set forth in Paragraph 42 of Plaintiffs' Second Amended Complaint as it relates to DERCO LLC's operation of a gas station in North Kingstown, Rhode Island or their state of incorporation or principal place of business or who the principals are and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in

Paragraph 42 of Plaintiffs' Second Amended Complaint at this time.

43. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 43 of Plaintiffs' Second Amended Complaint at this time.

44. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 44 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

45. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Complaint at this time.

46. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 46 of Plaintiffs' Second Amended Complaint at this time.

47. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege

against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint at this time.

48. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Complaint at this time.

49. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Complaint at this time.

50. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 50 of Plaintiffs' Second Amended Complaint at this time.

51. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege

against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 51 of Plaintiffs' Second Amended Complaint at this time.

52. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 52 of Plaintiffs' Second Amended Complaint at this time.

53. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 53 of Plaintiffs' Second Amended Complaint at this time.

54. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 54 of Plaintiffs' Second Amended Complaint at this time.

55. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege

against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 55 of Plaintiffs' Second Amended Complaint at this time.

56. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 56 of Plaintiffs' Second Amended Complaint at this time.

57. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 57 of Plaintiffs' Second Amended Complaint at this time.

58. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 58 of Plaintiffs' Second Amended Complaint at this time.

59. Defendant Daniel Biechele is without information or knowledge or information of the truth or falsity of the allegations set forth in Paragraph 59 of Plaintiffs' Second Amended Complaint

as it relates to Shell Oil Company d/b/a Motiva Enterprises, LLC's being the owner/lessor of the property located at 7380 Post Road, North Kingstown, Rhode Island or its capacity as manager or Shell Oil Company's control over the gas station at 7380 Post Road, North Kingstown, Rhode Island or control over the managers, inventory or pricing policies which were operated by Co-Defendants Jeffrey Derderian and Michael Derderian and leaves Plaintiffs to their proof thereof. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the remaining allegations contained in Paragraph 59 of Plaintiffs' Second Amended Complaint at this time.

60. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 60 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

61. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 61 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

62. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 62 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

63. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these

privileges, I respectfully decline to answer the allegations contained in Paragraph 63 of Plaintiffs' Second Amended Complaint at this time.

64. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 64 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

**COUNT ONE**

**(Joint Enterprise Defendant)**

**Jeffrey Derderian**

65. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 64 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

66. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 66 of Plaintiffs' Second Amended Complaint at this time.

67. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 67 of Plaintiffs' Second Amended Complaint at this time.

68. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege

against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 68 of Plaintiffs' Second Amended Complaint at this time.

69. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 69 of Plaintiffs' Second Amended Complaint at this time.

70. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 70 of Plaintiffs' Second Amended Complaint at this time.

71. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 71 of Plaintiffs' Second Amended Complaint at this time.

72. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege

against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 72 of Plaintiffs' Second Amended Complaint at this time.

73. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 73 of Plaintiffs' Second Amended Complaint at this time.

74. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 74 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 1 of Plaintiffs' Second Amended Complaint.

**COUNT TWO**

**(Joint Enterprise Defendant)**

**Michael Derderian**

75. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 74 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

76. Based on the criminal prosecution I currently face in the matter of State of Rhode

Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 76 of Plaintiffs' Second Amended Complaint at this time.

77. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 77 of Plaintiffs' Second Amended Complaint at this time.

78. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 78 of Plaintiffs' Second Amended Complaint at this time.

79. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 79 of Plaintiffs' Second Amended Complaint at this time.

80. Based on the criminal prosecution I currently face in the matter of State of Rhode

Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 80 of Plaintiffs' Second Amended Complaint at this time.

81. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 81 of Plaintiffs' Second Amended Complaint at this time.

82. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 82 of Plaintiffs' Second Amended Complaint at this time.

83. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 83 of Plaintiffs' Second Amended Complaint at this time.

84. Based on the criminal prosecution I currently face in the matter of State of Rhode

Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 84 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 2 of Plaintiffs' Second Amended Complaint.

**COUNT THREE**

**(Joint Enterprise Defendant)**

**DERCO LLC**

85. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 84 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

86. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 86 of Plaintiffs' Second Amended Complaint at this time.

87. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 87 of Plaintiffs' Second Amended Complaint at this time.

88. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 88 of Plaintiffs' Second Amended Complaint at this time.

89. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 89 of Plaintiffs' Second Amended Complaint at this time.

90. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 90 of Plaintiffs' Second Amended Complaint at this time.

91. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 91 of Plaintiffs' Second Amended Complaint at this time.

92. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 92 of Plaintiffs' Second Amended Complaint at this time.

93. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 93 of Plaintiffs' Second Amended Complaint at this time.

94. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 94 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 3 of Plaintiffs' Second Amended Complaint.

**COUNT FOUR**

**(Joint Enterprise Defendant)**

**Manic Music Management, Inc.**

95. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1

through 94 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

96. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 96 of Plaintiffs' Second Amended Complaint at this time.

97. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 97 of Plaintiffs' Second Amended Complaint at this time.

98. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 98 of Plaintiffs' Second Amended Complaint at this time.

99. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 99 of Plaintiffs'

Second Amended Complaint at this time.

100. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 100 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 4 of Plaintiffs' Second Amended Complaint.

**COUNT FIVE**

**(Joint Enterprise Defendants)**

**Jack Russell, Mark Kendall, David Filice, Eric Powers**
**(Collectively as the band known as Great White)**

101. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 100 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

102. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 102 of Plaintiffs' Second Amended Complaint at this time.

103. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island

Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 103 of Plaintiffs' Second Amended Complaint at this time.

104. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 104 of Plaintiffs' Second Amended Complaint at this time.

105. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 105 of Plaintiffs' Second Amended Complaint at this time.

106. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 106 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 5 of Plaintiffs' Second Amended Complaint.

**COUNT SIX**

**(Joint Enterprise Defendant)**

**Daniel Biechele**

107. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 106 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

108. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 108 of Plaintiffs' Second Amended Complaint at this time.

109. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 109 of Plaintiffs' Second Amended Complaint at this time.

110. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 110 of Plaintiffs' Second Amended Complaint at this time.

111. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege

against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 111 of Plaintiffs' Second Amended Complaint at this time.

112. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 112 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 6 of Plaintiffs' Second Amended Complaint.

**COUNT SEVEN**

**(Joint Enterprise Defendant)**

**Paul Woolnough**

113. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 112 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

114. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 114 of Plaintiffs' Second Amended Complaint at this time.

115. Based on the criminal prosecution I currently face in the matter of State of Rhode

Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 115 of Plaintiffs' Second Amended Complaint at this time.

116. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 116 of Plaintiffs' Second Amended Complaint at this time.

117. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 117 of Plaintiffs' Second Amended Complaint at this time.

118. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 118 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to

Count 7 of Plaintiffs' Second Amended Complaint.

**COUNT EIGHT**

**(Joint Enterprise Defendant)**

**Knight Records, Inc.**

119. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 118 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

120. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 120 of Plaintiffs' Second Amended Complaint at this time.

121. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 121 of Plaintiffs' Second Amended Complaint at this time.

122. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 122 of Plaintiffs' Second Amended Complaint at this time.

123. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 123 of Plaintiffs' Second Amended Complaint at this time.

124. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 124 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 8 of Plaintiffs' Second Amended Complaint.

**COUNT NINE**

**(Joint Enterprise Defendants)**

**Anheuser-Busch, Inc.**

**Anheuser-Busch Companies, Inc.**

125. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 124 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

126. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these

privileges, I respectfully decline to answer the allegations contained in Paragraph 126 of Plaintiffs' Second Amended Complaint at this time.

127. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 127 of Plaintiffs' Second Amended Complaint at this time.

128. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 128 of Plaintiffs' Second Amended Complaint at this time.

129. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 129 of Plaintiffs' Second Amended Complaint at this time.

130. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these

privileges, I respectfully decline to answer the allegations contained in Paragraph 130 of Plaintiffs' Second Amended Complaint at this time.

131. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 131 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 9 of Plaintiffs' Second Amended Complaint.

**COUNT TEN**

**(Joint Enterprise Defendants)**

**WHJY-FM, Inc., Clear Channel Broadcasting, Inc. and**

**Clear Channel Communications, Inc.**

132. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 131 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

133. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 133 of Plaintiffs' Second Amended Complaint at this time.

134. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege

against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 134 of Plaintiffs' Second Amended Complaint at this time.

135. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 135 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 10 of Plaintiffs' Second Amended Complaint.

**COUNT ELEVEN**

**(Joint Enterprise Defendant)**

**McLaughlin and Moran, Inc.**

136. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 135 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

137. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 137 of Plaintiffs' Second Amended Complaint at this time.

138. Based on the criminal prosecution I currently face in the matter of State of Rhode

Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 138 of Plaintiffs' Second Amended Complaint at this time.

139. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 139 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 11 of Plaintiffs' Second Amended Complaint.

**COUNT TWELVE**

**(Joint Enterprise Defendants)**

**Shell Oil Company**

**Motiva Enterprises, Inc.**

140. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 139 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

141. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 141 of Plaintiffs'

Second Amended Complaint at this time.

142. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 142 of Plaintiffs' Second Amended Complaint at this time.

143. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 143 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 12 of Plaintiffs' Second Amended Complaint.

**COUNT THIRTEEN**

**(Joint Enterprise Defendant)**

**Luna Tech, Inc. and Luna Tech Pyrotechnik GmbH**

144. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 143 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

145. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these

privileges, I respectfully decline to answer the allegations contained in Paragraph 145 of Plaintiffs' Second Amended Complaint at this time.

146. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 146 of Plaintiffs' Second Amended Complaint at this time.

147. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 147 of Plaintiffs' Second Amended Complaint at this time.

148. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 148 of Plaintiffs' Second Amended Complaint at this time.

149. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these

privileges, I respectfully decline to answer the allegations contained in Paragraph 149 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 13 of Plaintiffs' Second Amended Complaint.

**COUNT FOURTEEN**

**(Joint Enterprise Defendant)**

**American Foam Corporation**

150. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 149 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

151. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 151 of Plaintiffs' Second Amended Complaint at this time.

152. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 152 of Plaintiffs' Second Amended Complaint at this time.

153. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island

Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 153 of Plaintiffs' Second Amended Complaint at this time.

154. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 154 of Plaintiffs' Second Amended Complaint at this time.

155. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 155 of Plaintiffs' Second Amended Complaint at this time.

156. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 156 of Plaintiffs' Second Amended Complaint at this time.

157. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island

Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 157 of Plaintiffs' Second Amended Complaint at this time.

158. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 158 of Plaintiffs' Second Amended Complaint at this time.

159. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 159 of Plaintiffs' Second Amended Complaint at this time.

160. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 160 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 14 of Plaintiffs' Second Amended Complaint.

## COUNT FIFTEEN

**General Foam Corporation**

161. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 160 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

162. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 162 of Plaintiffs' Second Amended Complaint at this time.

163. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 163 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

164. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 164 of Plaintiffs' Second Amended Complaint at this time.

165. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 165 of Plaintiffs' Second Amended Complaint at this time.

166. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 166 of Plaintiffs' Second Amended Complaint at this time.

167. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 167 of Plaintiffs' Second Amended Complaint at this time.

168. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 168 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 15 of Plaintiffs' Second Amended Complaint.

## COUNT SIXTEEN

## Foamex International, Inc.

169. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 168 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

170. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 170 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

171. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 171 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 16 of Plaintiffs' Second Amended Complaint.

## COUNT SEVENTEEN

## Town of West Warwick

## Negligence – Egregious Conduct and Special Duty

172. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 171 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

173. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 173 of Plaintiffs' Second Amended Complaint at this time.

174. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege

against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 174 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 17 of Plaintiffs' Second Amended Complaint.

## COUNT EIGHTEEN

## State of Rhode Island

## Negligence – Egregious Conduct and Special Duty

175. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 174 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

176. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 176 of Plaintiffs' Second Amended Complaint at this time.

177. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 177 of Plaintiffs' Second Amended Complaint at this time.

178. Based on the criminal prosecution I currently face in the matter of State of Rhode

Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 178 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 18 of Plaintiffs' Second Amended Complaint.

**COUNT NINETEEN**

**Triton Realty Limited Partnership**

179. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 178 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

180. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 180 of Plaintiffs' Second Amended Complaint at this time.

181. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 181 of Plaintiffs' Second Amended Complaint at this time.

182. Based on the criminal prosecution I currently face in the matter of State of Rhode

Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 182 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 19 of Plaintiffs' Second Amended Complaint.

## COUNT TWENTY

## Triton Realty, Inc.

183. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 182 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

184. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 184 of Plaintiffs' Second Amended Complaint at this time.

185. Based on the criminal prosecution I currently face in the matter of State of Rhode Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 185 of Plaintiffs' Second Amended Complaint at this time.

186. Based on the criminal prosecution I currently face in the matter of State of Rhode

Island v. Daniel Biechele, Docket No. KI 2003-653, I have no choice but to invoke my privilege against self-incrimination pursuant to the Fifth Amendments to the United States and Rhode Island Constitutions as well as Article I, Section 13 of the Rhode Island State Constitution. Based on these privileges, I respectfully decline to answer the allegations contained in Paragraph 186 of Plaintiffs' Second Amended Complaint at this time.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 20 of Plaintiffs' Second Amended Complaint.

**COUNT TWENTY-ONE**

**Triton Realty, Inc.**

187. Defendant Daniel Biechele incorporates by reference his answers to Paragraphs 1 through 186 of Plaintiffs' Second Amended Complaint as if more fully set forth herein.

188. Defendant Daniel Biechele is without knowledge or information of the truth or falsity of the allegations set forth in Paragraph 188 of Plaintiffs' Second Amended Complaint and leaves Plaintiffs to their proof thereof.

WHEREFORE, Defendant Daniel Biechele demands entry of Judgment in his behalf as to Count 21 of Plaintiffs' Second Amended Complaint.

James H. Reilly - #0658
KELLY, KELLEHER, REILLY & SIMPSON
Attorneys for Defendant Daniel Biechele
146 Westminster Street, Suite 500
Providence, RI 02903
(401) 272-1312
(401) 331-9397—FAX

Donald J. Maroney - #3737
KELLY, KELLEHER, REILLY & SIMPSON
Attorneys for Defendant Daniel Biechele
146 Westminster Street, Suite 500
Providence, RI 02903
(401) 272-1312
(401) 331-9397—FAX

**_CERTIFICATION_**

Thomas C. Angelone, Esq.
Hodosh, Spinella & Angelone, P.C.
One Turks Head Place, Suite 1050
Providence, RI 02903

Joseph V. Cavanagh, Jr., Esq.
Kristin E. Rodgers, Esq.
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903

Gerald C. DeMaria, Esq.
James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903

Marc DeSisto, Esq.
DeSisto Law Offices
PO Box 2563
Providence, RI 02906

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
Sloane and Walsh LLP
127 Dorrance Street
Providence, RI 02903

Christopher C. Fallon, Jr., Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Carl A. Henlein, Esq.
John R. Crocket III, Esq.
Susan A. Wettle, Esq.
Frost Brown Todd
400 West Market Street, 32nd Floor
Louisville, KY 40202

W. Thomas McGough, Jr., Esq.
James J. Restivo, Jr., Esq.
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Howard A. Merten, Esq.
Eric M. Sommers, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

James T. Murphy, Esq.
Thomas R. Bender, Esq.
Kelly N. Michels, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Robert I. Reardon, Jr., Esq.
Robert T. Rimmer, Esq.
The Reardon Law Firm, P.C.
160 Hempstead Street
New London, CT 06320

Ronald J. Resmini, Esq.
Ronald J. Creamer, Esq.
Ronald J. Resmini, Ltd.
155 South Main Street, Suite 400
Providence, RI 02903

Mark T. Reynolds, Esq.
Anthony F. DeMarco, Esq.
Reynolds, DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

William P. Robinson, III, Esq.
Stephen M. Prignano, Esq.
Stephen J. MacGillivray, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903