JTM:KNM 03-206 8/30/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TAMMY PASSA, ALIAS, ET AL
*Plaintiffs*

VS. C.A. No. 03-148L

JEFFREY DERDERIAN, ET AL
*Defendants*

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY CLAIM OF THE DEFENDANTS, TRITON REALTY LIMITED PARTNERSHIP AND TRITON REALTY, INC.**

Now come Defendants Triton Realty Limited Partnership and Triton Realty, Inc. and give this, their answer, to plaintiffs' Second Amended Complaint.

1. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

3. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

4. The Defendants admit the averments contained in this paragraph.

5. The Defendants admit the averments contained in this paragraph.

6. The Defendants admit the averments contained in this paragraph.

7. The Defendants admit that Jeffrey Derderian was a principal owner of Defendant DERCO LLC, and lessee of the former Station that was located in the Town of West Warwick, County of Kent, State of Rhode Island. The Defendants deny that the Station was licensed or authorized to operate as a nightclub at the time in issue and for

167

each and every time reference is made to the Station operating or being licensed as a nightclub, Defendants reassert this denial and incorporate the same by reference hereinafter. The Defendants are without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

8. The Defendants admit that Michael Derderian was a principal owner of Defendant DERCO LLC, and a lessee of the former Station that was located in the Town of West Warwick, County of Kent, State of Rhode Island. The Defendants are without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

9. The Defendants admit that DERCO LLC, is a corporation owned by Defendants, Jeffrey Derderian and Michael Derderian, whose business was the operation of the former Station in the Town of West Warwick, County of Kent, State of Rhode Island. The Defendants are without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

10. The Defendants deny the averments contained in this paragraph.

11. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph..

12. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

13. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

14. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

19. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

20. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph..

22. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

23. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

24. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

25. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

26. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

27. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

28. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

29. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

30. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

31. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

32. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

33. The Defendants admit that Triton Realty Limited Partnership is a Massachusetts limited partnership, otherwise the allegations are denied.

34. The Defendants admit that Triton Realty, Inc. is a Rhode Island corporation, otherwise the allegations are denied.

35. The Defendants admit that Triton Realty Limited Partnership was the owner of the referenced property and leased it to Jeffrey Derderian and Michael A. Derderian and Derco L.L.C. The Defendants admit that Triton Realty, Inc. was the

general partner of Triton Realty Limited Partnership. The Defendants otherwise deny the remaining averments contained in this paragraph.

36. No response to this paragraph is required.

37. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

38. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

39. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

40. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

41. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

42. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

43. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

44. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph as to the purpose(s) for which Rossi, Passa and Castle entered The Station.

45. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph as to the acts attributed to these other Defendants or the alleged consequences of any such acts.

46. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

47. Defendants deny that the premises was licensed or authorized to operate as a "nightclub" at the time in issue. The Defendants are without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

48. The Defendants deny the averments contained in this Paragraph as to "nightclub," "Class 'C' license," "ordinary standards for emergency egress," "lack of sprinklers, inadequate fire exits, failure to have proper flame retardant material" or any other averments alleging any acts or omissions by these defendants.

49. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

50. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph, and to the extent any averments allege any act or omission on the part of this defendant, they are denied.

51. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph other than to assert that Rhode Island General Laws §23-28.11 as alleged here and in other paragraphs speaks for itself. To the extent there are any averments in this paragraph directed to these defendants, they are denied.

52. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph other than to assert that Rhode Island General Laws §23-28.11-4 as alleged here and in other paragraphs speaks for itself. To the extent there are any averments in this paragraph directed to these defendants, they are denied.

53. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph other than to assert that Rhode Island General Laws §23-28.11-3 as alleged here and in other paragraphs speaks for itself. To the extent there are any averments in this paragraph directed to these defendants, they are denied.

54. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

55. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

56. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

57. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

58. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

59. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

60. With respect to decedent Rossi, the Defendants are without sufficient information to form a belief as to the truth of the averments contained in this paragraph.

61. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

62. The Defendants are without information sufficient to form a belief as to the truth of the averments contained in this paragraph.

63. Defendants admit that Triton Realty Limited Partnership and Triton Realty, Inc. were not engaged in a "joint enterprise" with other defendants. Otherwise, Defendants are without sufficient information to form a belief as to the truth of the remaining averments contained in this paragraph.

64. The Defendants admit that 100 people died in or as a result of the fire. The Defendants are without sufficient information to form a belief as to the truth of the remaining averments contained in this paragraph.

**COUNTS ONE –EIGHTEEN**

65. – 178. These Defendants repeat and re-aver their responses to paragraphs 1 through 64 as if specifically set forth herein. These Counts, set forth in paragraphs 65 through 178, are not directed to these Defendants and therefore no further response is required. To the extent these Counts include averments that may be read as asserting negligent acts or omissions or other actionable conduct on the part of these Defendants, they are denied.

**COUNT NINETEEN**

**TRITON REALTY LIMITED PARTNERSHIP**

179. The Defendant repeats and re-avers its responses to paragraphs 1 through 178 as if specifically set forth herein.

180. The Defendant denies the averments contained in this paragraph.

181. The Defendant denies the averments contained in this paragraph.

182. The Defendant denies the averments contained in this paragraph.

**Wherefore**, the Defendants state that the Complaint should be dismissed and the Plaintiffs take nothing and the Defendants be awarded its costs and attorney's fees.

## COUNT TWENTY

## TRITON REALTY, INC.

183. The Defendant repeats and re-avers its responses to Paragraphs 1 through 182 as if specifically set forth herein.

184. The Defendant denies the averments contained in this paragraph.

185. The Defendant denies the averments contained in this paragraph.

186. The Defendant denies the averments contained in this paragraph.

**Wherefore**, the Defendants state that the Complaint should be dismissed and the Plaintiffs take nothing and the Defendants be awarded its costs and attorney's fees.

## COUNT TWENTY-ONE

187. – 188. These Defendants repeat and re-aver their responses to paragraphs 1 through 186 as if specifically set forth herein. These Counts are not directed to these Defendants and therefore no further response is required. To the extent these Counts include averments that may be read as asserting negligent acts or omissions or other actionable conduct on the part of these Defendants, they are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

And answering further, the Defendants assert that the plaintiffs' and/or decedents' injuries and death and any damages sustained by plaintiffs, were caused by other persons or entities for whose conduct the Defendants are not responsible.

### Second Affirmative Defense

Defendants assert that the Complaint fails to state a claim upon which relief may be granted against them and therefore should be dismissed.

### Third Affirmative Defense

Defendants assert that the injuries and death, and any damages sustained by plaintiffs, were caused by the independent, intervening acts or omissions of third parties for whom these Defendants are not liable.

**Fourth Affirmative Defense**

In the event that the named plaintiffs are determined not to have standing to bring this action, Defendants assert such lack of standing as an affirmative defense.

**Fifth Affirmative Defense**

In the event that these Defendants are determined to be joint tortfeasors, Defendants assert that they are entitled to an allocation of relative degree of fault among all joint-tortfeasors so that the pro-rata share of each defendant can be determined in accordance with the Rhode Island Uniform Contribution Among Tortfeasors Act, R.I.G.L. § 10-6-1, et seq.

**Sixth Affirmative Defense**

In the even that plaintiffs' and/or decedents' own negligence contributed wholly or partially to plaintiffs' damages, Defendants assert said contributory negligence as an affirmative defense.

***WHEREFORE***, these Defendants demand judgment, dismissing the claims against them, with prejudice, and that they be awarded their costs and such other relief as the court deems just.

**JURY CLAIM**

The Defendants demand a trial by jury as to all allegations set forth in the Complaint, this Answer and any further responsive pleadings.

The Defendants,
Triton Realty Limited Partnership and
Triton Realty, Inc.

By their Attorneys,

James T. Murphy, Esq. #1698
Kelly M. Michels, Esq. #6478
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903-2202
(401) 421-2154 – telephone
(401) 521-7040 – fax
E-Mail: jtm@hansoncurran.com
E-Mail: knm@hansoncurran.com

- and -

Scott J. Tucker, Esq.
Tucker Heifetz & Saltzman LLP
Three School Street
Boston, MA 02108
(617) 557-9696 – telephone
(617) 227-9191 – fax
E-Mail: stucker@ths-law.com

**PROOF OF SERVICE**

***(Tammy Passa v. American Foam, et al; C.A. No. 03-148L)***

I hereby certify that on this 31st day of August, 2004, I served the within document by mailing a copy of same to the following:

| | |
|---|---|
| Ronald J. Resmini, Esq.<br>Ronald J. Creamer, Esq.<br>155 South Main Street<br>Providence, RI 02903<br>*Attorney for Plaintiffs* | Robert I. Reardon, Jr., Esq.<br>Robert I. Rimmer, Esq.<br>The Reardon Law Firm<br>160 Hempstead Street<br>New London, CT 06320 |
| Thomas Angelone, Esq.<br>Hodosh, Spinella & Angelone<br>One Turks Head Building<br>Suite 1050<br>Providence, RI 02903<br>*Attorney For American Foam Corp.* | Donna M. Lamontagne, Esq.<br>Zizik, Powers, O'Connell, Spaulding & Lamontagne<br>40 Westminster Street, Suite 201<br>Providence, RI 02903<br>*Attorney for Defendant, Motiva Enterprises, LLC and Shell Oil Company* |
| Anthony F. DeMarco, Esq.<br>Boyer, Reynolds & DeMarco<br>170 Westminster St., #200<br>Providence, RI 02903<br>*Attorney for Defendant, Jeffrey Derderian; Michael Derderian; DERCO, LLC.* | Stephen M. Prignano, Esq.<br>Edwards and Angell<br>One Financial Plaza, Ste. 2700<br>Providence, RI 02903<br>*Attorney for Clear Channel defendants* |
| Joseph Cavanagh, Jr., Esq.<br>Kristen E. Rodgers, Esq.<br>Blish & Cavanagh<br>30 Exchange Terrace<br>Providence, RI 02903<br>*Attorney for Defendant, Anheuser-Busch, Inc. and Anheuser-Busch Companies, Inc.* | Mark DeSisto, Esq.<br>DeSisto Law Offices<br>211 Angell Street<br>Providence, RI 02909<br>*Attorney for Defendant, Town of West Warwick and Dennis Larocque* |
| Howard Merten, Esq.<br>Eric M. Sommers, Esq.<br>Vetter & White<br>20 Washington PI.<br>Providence, RI 02903<br>*Attorneys for Defendant McLaughlin & Moran, Inc.* | Daniel P. McKiernan, Esq.<br>146 Westminster Street<br>Providence, RI 02903 |

| | |
|---|---|
| Curtis R. Diedrich, Esq.<br>Edward T. Hinchey, Esq.<br>Sloane & Walsh<br>3 Center Plaza<br>Boston, MA 02108<br>*Attorney for Defendant, Luna Tech, Inc.* | Edward M. Crane, Esq.<br>Deborah Solmor, Esq.<br>Skadden, Arps, Slate, Meagher & Flom<br>333 West Wacker Drive<br>Chicago, IL 60606<br>*Attorneys Defendants, for Anheuser-Busch Companies, Inc. and Anheuser-Busch, Inc.* |
| Fred A. Kelly, Jr., Esq.<br>Randall L. Souza, Esq.<br>Nixon Peabody LLP<br>One Citizens Plaza, Suite 700<br>Providence, RI 02903<br>*Attorneys for Jack Russell, Jack Russell Touring, Inc., David Felice, Paul Woolnouh,Manic Management, Inc. and Knight Records, Inc.* | W. Thomas McGough, Jr., Esq.<br>James J. Restivo, Jr., Esq.<br>Reed Smith LLP<br>435 Sixth Avenue<br>Pittsburgh, PA 15219<br>*Attorneys for Clear Channel Defendants* |
| Scott Tucker, Esq.<br>Tucker Heifetz & Saltzman LLP<br>Three School Street<br>Boston, MA 02108<br>*Attorney for Triton Realty Limited Partnership and Triton Realty, Inc.* | Andrew Trevelise, Esq.<br>Reed Smith LLP<br>2500 One Liberty Place<br>Philadelphia, PA 19103-7301<br>*Attorneys for Clear Channel defendants* |
| Gerald C. DeMaria, Esq.<br>James A. Ruggieri, Esq.<br>HIGGINS, CAVANAGH & COONEY<br>123 Dyer Street<br>Providence, RI 02903<br>*Attorneys for General Foam Corporation, GFC Foam, LLC, Foamex LP and Foamex International* | James Lee, Esq.<br>Dept. of the Attorney General<br>150 South Main<br>Street Providence, RI 02903<br>*Attorney for State of Rhode Island; Irving Owens* |
| James H. Reilly, Esq.<br>Donald J. Maroney, Esq.<br>Kelly, Kelleher, Reilly & Simpson<br>146 Westminster Street, Suite 500<br>Providence, RI 02903<br>*Attorneys for Defendant, Daniel Biechele* | Christopher C. Fallon, Jr., Esq.<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103-3508<br>*Attorney for Defendant, Jeffrey Derderian, Michael Derderian and DERCO, LLC d/b/a The Station* |
| John R. Crockett, III, Esq.<br>Susan S. Wettle, Esq.<br>Carl A. Henlein, Esq.<br>Frost Brown Todd LLC<br>400 West Market Street, 32nd Floor<br>Louisville, KY 40202-3363 | Edwin F. McPherson, Esq.<br>McPherson & Kalmansohn<br>1801 Century Park East, 24th Street<br>Los Angeles, CA 90067<br>*Attorney for Defendant, Jack Russell* |

| | |
|---|---|
| Ronald Langlois, Esq.<br>Lauren D. Wilkins, Esq.<br>Smith & Brink<br>One State Street, Suite 400<br>Providence, RI 02908<br>*Attorneys for Defendant, Barry Warner* | Faith A. LaSalle, Esq.<br>LAW OFFICES OF FAITH A. LASALLE<br>One Turks Head Place<br>76 Westminster Street, Suite 1010<br>Providence, RI 02903<br>*Attorney for Motiva Enterprises, LLC and Shell Oil Company* |
| Mark K. Ostrowski, Esq.<br>Shipman & Goodman, LLP<br>One Constitution Plaza<br>Hartford, CT 06103-1919<br>*Attorney for Defendant Motiva Enterprises* | Jose M. Rojas, Esq.<br>Shipman & Goodman<br>One American Row<br>Hartford, CT 06103-2819<br>*Attorney for Defendants Motiva Enterprises and Shell Oil company* |

Kelly N. Michels

of Hanson Curran LLP