UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TAMMY PASSA, ALIAS, ET AL. | ) | |
| | ) | C.A. NO.: 03-148-L |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY DERDERIAN, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT'S, LUNA TECH, INC., ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**JURISDICTIONAL ALLEGATIONS - PLAINTIFFS**

1. The defendant, Luna Tech, Inc. (the "defendant"), is without sufficient knowledge to either admit or deny the allegations contained in paragraph 1 and calls upon the plaintiffs for proof.

2. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 2 and calls upon the plaintiffs for proof.

3. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 3 and calls upon the plaintiffs for proof.

4. The defendant is without knowledge to either admit or deny the allegations contained in paragraph 4 and calls upon the plaintiffs for proof.

5. The defendant is without knowledge to either admit or deny the allegations contained in paragraph 5 and calls upon the plaintiffs for proof.

6. The defendant is without knowledge to either admit or deny the allegations contained in paragraph 6 and calls upon the plaintiffs for proof.

**JURISDICTION ALLEGATIONS - DEFENDANTS**

7. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

168

8. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

9. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

10. The defendant is without knowledge to either admit or deny the allegations contained in paragraph 10 and calls upon the plaintiffs for proof.

11. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

12. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

13. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

14. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

15. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

16. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

17. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

18. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

19. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

20. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

21. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

22. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

23. The defendant admits that it is a corporation organized under the laws of the State of Alabama. The defendant denies the remaining allegations contained in this paragraph and calls upon the plaintiffs for proof.

24. The defendant denies the allegations contained in this paragraph.

25. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

26. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

27. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

28. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

29. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

30. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

31. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

32. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

33. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

34. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

35. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

36. The defendant does not make a response to the allegations contained within this paragraph because said allegations relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

**FACTS**

37. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 37 and calls upon the plaintiffs for proof.

38. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 38 and calls upon the plaintiffs for proof.

39. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 39 and calls upon the plaintiffs for proof.

40. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 40 and calls upon the plaintiffs for proof.

41. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 41 and calls upon the plaintiffs for proof.

42. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 42 and calls upon the plaintiffs for proof.

43. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 43 and calls upon the plaintiffs for proof.

44. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 44 and calls upon the plaintiffs for proof.

45. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 45 and calls upon the plaintiffs for proof.

46. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 46 and calls upon the plaintiffs for proof.

47. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 47 and calls upon the plaintiffs for proof.

48. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 48 and calls upon the plaintiffs for proof.

49. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 49 and calls upon the plaintiffs for proof.

50. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 50 and calls upon the plaintiffs for proof.

51. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 51 and calls upon the plaintiffs for proof.

52. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 52 and calls upon the plaintiffs for proof.

53. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 53 and calls upon the plaintiffs for proof.

54. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 54 and calls upon the plaintiffs for proof.

55. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 55 and calls upon the plaintiffs for proof. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

56. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 56 and calls upon the plaintiffs for proof.

57. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 57 and calls upon the plaintiffs for proof.

58. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 58 and calls upon the plaintiffs for proof.

59. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 59 and calls upon the plaintiffs for proof.

60. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 60 and calls upon the plaintiffs for proof.

61. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 61 and calls upon the plaintiffs for proof.

62. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 62 and calls upon the plaintiffs for proof.

63. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 63 and calls upon the plaintiffs for proof.

64. The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 64 and calls upon the plaintiffs for proof.

**COUNT ONE – COUNT TWELVE**

65-143. The defendant does not make a response to the allegations contained in Counts One through Counts Twelve of the Complaint because the allegations contained within said Counts relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said Counts are intended in any manner to state a claim of liability against the defendant, they are denied.

**COUNT THIRTEEN**

**Luna Tech, Inc. and Luna Tech Pyrotechnik GmbH**

144. The defendant, Luna Tech, Inc., repeats and reaffirms its responses as set forth in paragraphs 1 through 143.

145. The defendant denies the allegations contained in this paragraph.

146. The defendant denies the allegations contained in this paragraph.

147. The defendant denies the allegations contained in this paragraph.

148. The defendant denies the allegations contained in this paragraph.

149. The defendant denies the allegations contained in this paragraph.

**COUNT FOURTEEN – COUNT TWENTY-ONE**

150-188. The defendant does not make a response to the allegations contained in Counts Fourteen through Counts Twenty-One of the plaintiffs' Complaint because the allegations contained within said Counts relate to the conduct of another, for whose conduct the defendant is not legally responsible. To the extent that the allegations of said Counts are intended in any manner to state a claim of liability against the defendant, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for insufficiency of process pursuant to Fed. R. Civ. P. 12(b)(4).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Rule 19.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed pursuant to the Doctrine of Federal Preemption as the plaintiffs' common law tort actions are preempted by federal regulations. United States Constitution, Article 6, Clause 2; Geier v. American Honda Motor Co., Inc., 120 S.Ct. 1913 (2000).

**NINTH AFFIRMATIVE DEFENSE**

This action is barred by operation of the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims against the defendant are barred by laches, waiver, estoppel and/or the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third-party who was not an agent or employee of the defendant and for whose acts or omissions the defendant is not legally responsible.

**TWELFTH AFFIRMATIVE DEFENSE**

The defendant alleges that the injuries and damages alleged by plaintiffs, if any, were proximately caused by the illegal, intentional and/or negligent conduct of other parties, and this defendant requests an allocation of such intentional or negligent conduct of other intervening parties and that such intervening acts could not have been anticipated by the defendant. The Travelers Insurance Co. v. Priority Business Forms, Inc., 11 F.Supp. 2d 194 (D.R.I. 1998). Accordingly, the plaintiffs' Complaint should be dismissed.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiffs' alleged injuries were not proximately caused by the defendant or by anyone for whose conduct the defendant is legally responsible.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The plaintiffs lack standing to assert the alleged claims and, therefore, the Complaint should be dismissed.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The plaintiffs have failed to provide timely notice of any breach of warranty, thus the plaintiffs are barred from recovery.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The defendant states that it provided no warranties expressed or implied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If any agent or servant of the defendants made any express warranty then such warranty was made without authority, express or implied.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The product involved in this action was changed in substance and form after it left the control of the defendant by a third party or by one whose conduct the defendant is not responsible, and such changes were the actual cause of the plaintiffs' injuries.

**NINETEENTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims should be dismissed because at the time of the alleged incident, the product was being misused by a third party for whom the defendant is not responsible.

**TWENTIETH AFFIRMATIVE DEFENSE**

To the extent that the defendant had any obligations to the plaintiffs, and the defendant denies same, any such obligations have been fully, completely and properly performed in every respect, thus the plaintiffs are barred from recovery.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The defendant cannot be held liable under an express or implied warranty of merchantability for failure to warn or provide instructions about risks that were not reasonably foreseeable at the time of sale or could not have been discovered by way of reasonable testing prior to marketing the product; and, therefore, the plaintiff's Complaint should be dismissed.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the principles embodied in Section 402A of the Restatement (Second) of Torts, comment (i).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claim for punitive damages cannot be sustained without bifurcating the trial of punitive damages issues in light of the defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Should any liability be found on the part of this defendant, this defendant requests that the judgment against it be only in the amount which is in proportion to the extent and percent by which the defendant's acts or omissions contributed to the plaintiffs' injuries or damages. Rhode Island General Laws § 9-20-4; Fiske v. MacGregor, Div. of Brunswick, et al., 464 A.2d 719 (R.I. 1983).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

In the event that the defendants in this action are determined to be joint tortfeasors, the defendant asserts that it is entitled to an allocation of relative degree of fault among all joint-tortfeasors so that the pro-rata share of each defendant can be determined in accordance with the Rhode Island Uniform Contribution Among Tortfeasors Act, R.I.G.L. § 10-6-1, et seq.

**JURY DEMAND**

The defendant demands a jury trial on all issues triable at law.

Respectfully submitted,
LUNA TECH, INC.

Curtis R. Diedrich (#4171)
Edward T. Hinchey (Admitted Pro Hac Vice)
SLOANE AND WALSH, LLP
127 Dorrance Street
Providence, RI 02903-2828
(401) 454-7700

Dated: 9/1/04

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was mailed on 9/1/04, postage prepaid, to the following attorneys of record as of said date:

Thomas C. Angelone, Esquire
HODOSH SPINELLA & ANGELONE, PC
One Turks Head Place, Suite 1050
PO Box 1516
Providence, RI 02901-1516

Brian R. Cunha, Esquire
LAW OFFICES OF BRIAN CUNHA & ASSOCIATES
904 Broadway
East Providence, RI 02914

Stephen E. Breggia, Esquire
BREGGIA BOWEN & GRANDE
395 Smith Street
Providence, RI 02908

Mark B. Decof, Esquire
DECOF & DECOF, P.C.
One Smith Hill
Providence, RI 02903

Anthony F. DeMarco, Esquire
REYNOLDS, DEMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903

Marc DeSisto, Esquire
DESISTO LAW
211 Angel Street
P.O. Box 2563
Providence, RI 02906-2563

Christopher C. Fallon, Jr., Esquire
REYNOLDS, DEMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903

Joyce A. Faraone, Esquire
400 Reservoir Avenue
Suite 3G
Providence, RI 02907

William A. Filippo, Esquire
373 Elmwood Avenue
Providence, RI 02907

James Howe, Esquire
215 Broadway
Providence, RI 02903

Scott Hubbell, Esquire
SUMMERS LAW OFFICE
P.O. Box 306
Franklin, MA 02038-0306

Patrick T. Jones, Esquire
COOLEY MANION JONES, LLP
21 Custom House Street
Boston, MA 02110

Stefanie Larivee-DiMaio, Esquire
215 Broadway
Providence, RI 02903

Daniel P. McKiernan, Esquire
146 Westminster Street
Providence, RI 02903

Mark S. Mandell, Esquire
Yvette M. Boisclair, Esquire
MANDELL, SCWARTZ & BOISCLAIR, LTD.
One Park Row
Providence, RI 02903

Patrick C. Lynch, Attorney General
DEPARTMENT OF ATTORNEY GENERAL
150 South Main Street
Providence, RI 02903

Donald A. Migliori, Esquire
NESS MOTLEY LOADHOLT RICHARDSON & POOLE
321 South Main Street, Suite 402
Providence, RI 02903

Ralph J. Monaco, Esquire
CONWAY & LONDREGAN
38 Huntington Street
P.O. Box 1351
New London, CT 06320

Oleg Nikolyszyn, Esquire
155 South Main Street, Suite 303
Providence, RI 02903

Steven A. Minicucci, Esquire
373 Elmwood Avenue
Providence, RI 02907

Mark T. Nugent, Esquire
Paul Sullivan, Esquire
MORRISON, MAHONEY & MILLER, LLP
One Providence Washington Plaza
Providence, RI 02903

James A. Ruggieri, Esquire
HIGGINS, CAVANAGH & COONEY
The Hay Building
123 Dyer Street
Providence, RI 02903-3987

Charles N. Redihan, Jr., Esquire
KIERNAN, PLUNKETT & REDIHAN
91 Friendship Street
Providence, RI 02903

J. Renn Olenn, Esquire
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, WI 02886

Christopher L. Russo, Esquire
888 Reservoir Avenue
Cranston, RI 02910

Michael A. St. Pierre, Esquire
REVENS REVENS & ST. PIERRE, P.C.
946 Centerville Road
Warwick, RI 02886

Ann Scheeley, Esquire
LAW OFFICE OF DONALD E. GREEN
2235 Washington Street
Roxbury, MA 02119

Mark D. Tourgee, Esquire
INMAN & TOURGEE
1193 Tiogue Avenue
Coventry, RI 02816

Max Wistow, Esquire
WISTOW & BARYLICK
61 Weybosset Street
Providence, RI 02903

Randall L. Souza, Esquire
NIXON PEABODY, LLP
One Citizens Plaza
Providence, RI 02903

Timothy A. Williamson, Esquire
INMAN & TOURGEE
1193 Tiogue Avenue
Coventry, RI 02816

CURTIS R. DIEDRICH