UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TAMMY PASSA, et al., Plaintiffs | ) | |
| v. | ) | C.A. No. 03-148L |
| JEFFREY DERDERIAN, et al., Defendants | ) | |

**ANSWER OF THE DEFENDANTS MARK KENDALL, DAVID FILICE, ERIC POWERS, PAUL WOOLNOUGH, MANIC MUSIC MANAGEMENT, INC. AND KNIGHT RECORDS, INC. TO THE PLAINTIFFS' SECOND AMENDED COMPLAINT**

The Defendants Mark Kendall, David Filice, Eric Powers, Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. (sometimes collectively referred to as "These Defendants") hereby respond to the numbered paragraphs of the Plaintiffs' Second Amended Complaint (the "Second Amended Complaint") in accordance with Fed. R. Civ. P. 8 and 12 as follows:

**JURISDICTIONAL ALLEGATIONS - PLAINTIFFS**

1. - 6. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.



179

## JURISDICTIONAL ALLEGATIONS – DEFENDANTS

7. – 10. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

11. Paul Woolnough and Manic Music Management, Inc. admit that Manic Music Management, Inc. is a corporation organized under the laws of the State of California. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

12. These Defendants admit that Jack Russell was performing on the Great White Tour on February 20, 2003. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

13. Mark Kendall admits that he is a resident of the State of California, but denies the remaining allegations of this paragraph. Mark Kendall specifically states that he was at all

material times an independent contractor hired by Jack Russell Touring, Inc., and, in that capacity, was performing as a musician on February 20, 2003. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or be otherwise directed toward some or all of them), the allegations are denied.

14. David Filice admits that he is a resident of the State of California, but denies the remaining allegations of this paragraph. David Filice specifically states that he was at all material times an independent contractor hired by Jack Russell Touring, Inc., and, in that capacity, was performing as a musician on February 20, 2003. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or be otherwise directed toward some or all of them), the allegations are denied.

15. Eric Powers admits that he is a resident of the State of California, but denies the remaining allegations of this paragraph. Eric Powers specifically states that he was at all material times an independent contractor hired by Jack Russell Touring, Inc., and, in that capacity, was performing as a musician on February 20, 2003. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required,

should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or be otherwise directed toward some or all of them), the allegations are denied.

16. These Defendants admit that Daniel Biechele was the tour manager for the Great White Tour on the night of February 20, 2003. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

17. Paul Woolnough, Manic Music Management, Inc., and Knight Records, Inc. admit that Paul Woolnough is a resident of the State of California, and the principal of Manic Music Management, Inc. and Knight Records, Inc., and deny the remaining allegations of this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

18. Paul Woolnough and Knight Records, Inc. admit that Knight Records, Inc. is a corporation organized under the laws of the State of California, whose principal is Paul Woolnough, and deny the remaining allegations of this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

19. - 36. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**FACTS**

37. – 40. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

41. Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. admit that there is an engagement agreement between Jack Russell Touring, Inc. f/s/o "Jack Russell's Great White" and the owners of the Station Nightclub entered into prior to February 20, 2003 for a performance on the evening of February 20, 2003 at that venue, and deny the remaining allegations of this paragraph, particularly the allegation that any one of them is the "agent for the band Great White". The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i)

directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

42. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

43. Paul Woolnough, Manic Music Management, Inc., and Knight Records, Inc. deny the allegations of this paragraph, particularly the allegations that (i) any one of them is the "agent for the band Great White", and (ii) there was an express and/or implied agreement of any kind. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

44. – 53. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be

found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

54. Mark Kendall, David Filice, and Eric Powers admit that the band Trip finished their set before they took the stage at The Station, and are without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

55. Mark Kendall, David Filice, and Eric Powers admit that Daniel Biechele set up at the stage area certain devices commonly known as "gerbs" on February 20, 2003, but are without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

56. Mark Kendall, David Filice, and Eric Powers admit that they took the stage at the Station Nightclub on February 20, 2003, but lack specific knowledge as to the exact time. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other

than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

57. - 58. Mark Kendall, David Filice, and Eric Powers admit that the "gerbs" were activated while they were performing on February 20, 2003, and that a fire ensued, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

59. – 62. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

63. To the extent that the allegations of this paragraph are directed against These Defendants, the allegations are denied.

64. These Defendants admit that people were injured and killed as a result of the fire at The Station Nightclub, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

**COUNT ONE.**
**(Joint Enterprise Defendant)**
**Jeffrey Derderian**

65. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

66. – 68. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

69. To the extent that the allegations of this paragraph are directed against These Defendants, the allegations are denied.

70. - 74. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT TWO.**
**(Joint Enterprise Defendant)**
**Michael Derderian**

75. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

76. – 80. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

81. To the extent that the allegations of this paragraph are directed against These Defendants, the allegations are denied.

82. – 84. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT THREE.**
**(Joint Enterprise Defendant)**
**DERCO LLC**

85. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

86. – 87. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to

defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

88. To the extent that the allegations of this paragraph are directed against These Defendants, the allegations are denied.

89. - 94. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT FOUR.**
**(Joint Enterprise Defendant)**
**MANIC MUSIC MANAGEMENT, INC.**

95. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

96. – 100. Paul Woolnough and Manic Music Management, Inc. deny the allegations of these paragraphs. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

**COUNT FIVE. – "GREAT WHITE**
**(Joint Enterprise Defendants)**
**JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS**
**(Collectively as the band known as Great White)**

101. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

102. – 106. Mark Kendall, David Filice, and Eric Powers deny the allegations of these paragraphs. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

**COUNT SIX.**
**(Joint Enterprise Defendant)**
**Daniel Biechele**

107. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

108. - 109. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

110. To the extent that the allegations of this paragraph are directed against These Defendants, the allegations are denied.

111. – 112. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT SEVEN.**
**(Joint Enterprise Defendant)**
**Paul Woolnough**

113. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

114. - 118. Paul Woolnough, Manic Music Management, Inc., and Knight Records, Inc. deny the allegations of these paragraphs. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

**COUNT EIGHT.**
**(Joint Enterprise Defendant)**
**Knight Records, Inc.**

119. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

120. - 124. Paul Woolnough and Knight Records, Inc. deny the allegations of these paragraphs. The rest of These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to

defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any of their acts or omissions (or to be otherwise directed toward some or all of them), the allegations are denied.

**COUNT NINE.**
**(Joint Enterprise Defendants)**
**Anheuser-Busch, Inc.**
**Anheuser-Busch Companies, Inc.**

125. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

126. – 129. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

130. To the extent that the allegations of this paragraph are directed against These Defendants, the allegations are denied.

131. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT TEN.**
**(Joint Enterprise Defendants)**
**WHJY, INC., CLEAR CHANNEL BROADCASTING, INC. and CLEAR CHANNEL COMMUNICATIONS, INC.**

132. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

133. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

134. To the extent that the allegations of this paragraph are directed against These Defendants, the allegations are denied.

135. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT ELEVEN.**
**(Joint Enterprise Defendant)**
**McLaughlin and Moran, Inc.**

136. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

137. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

138. To the extent that the allegations of this paragraph are directed against These Defendants, the allegations are denied.

139. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

## COUNT TWELVE.
## (Joint Enterprise Defendants)
## Shell Oil Company
## Motiva Enterprises, LLC

140. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

141. – 142. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be

found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

143. To the extent that the allegations of this paragraph are directed against These Defendants, the allegations are denied.

**COUNT THIRTEEN.**
**Luna Tech, Inc. and Luna Tech Pyrotechnik GmbH**

144. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

145. – 149. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT FOURTEEN.**
**American Foam Corporation**

150. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

151. – 160. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT FIFTEEN.**
**GENERAL FOAM CORPORATION**

161. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

162. – 168. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT SIXTEEN.**
**FOAMEX INTERNATIONAL, INC.**

169. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

170. – 171. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT SEVENTEEN.**
**TOWN OF WEST WARWICK – NEGLIGENCE – EGREGIOUS CONDUCT AND SPECIAL DUTY**

172. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

173. – 174. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT EIGHTEEN.**
**STATE OF RHODE ISLAND – NEGLIGENCE**
**EGREGIOUS CONDUCT AND SPECIAL DUTY**

175. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

176. – 178. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT NINETEEN.**
**TRITON REALTY LIMITED PARTNERSHIP**

179. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

180. – 182. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be

found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT TWENTY.**
**TRITON REALTY, INC.**

183. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

184. – 186. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**COUNT TWENTY-ONE.**
**JOHN DOES 1 through 100**

187. These Defendants repeat and incorporate by reference herein their responses to all prior paragraphs of the Second Amended Complaint.

188. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to defendants other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

These Defendants assert the affirmative defense that the Complaint fails to state any claim against These Defendants upon which any relief, whether compensatory, exemplary, punitive, or otherwise can be granted.

SECOND AFFIRMATIVE DEFENSE

If the Plaintiffs should prove that injuries and damages were sustained as alleged, such injuries and damages resulted from acts or omissions of third parties over whom These Defendants had no control or right of control.

THIRD AFFIRMATIVE DEFENSE

While These Defendants deny the allegations of the Plaintiffs with respect to negligence, statutory liability, strict liability, injury and damages, to the extent that the Plaintiffs may be able to prove the same, they were the result of intervening and/or interceding acts or superseding negligence on the part of third parties over which These Defendants had neither control nor right of control.

FOURTH AFFIRMATIVE DEFENSE

These Defendants state that, if the Plaintiffs suffered injuries or damages, as alleged, such injuries or damages were caused by some person(s) or entity(ies) for whose conduct These Defendants were not and are not legally responsible.

FIFTH AFFIRMATIVE DEFENSE

These Defendants did not act individually or engage in concert of action with any one or more of the other defendants herein for the purpose of accomplishing an unlawful purpose or to accomplish some purpose, not in and of itself unlawful, by unlawful means. Nor did These

Defendants join in or participate in any joint venture with any one or more of the other defendants herein. Accordingly, the Plaintiffs cannot recover against These Defendants under theories of civil conspiracy or joint venture liability.

SIXTH AFFIRMATIVE DEFENSE

The damages, if any, recovered by the Plaintiffs from These Defendants from the decedent's alleged wrongful death are prescribed and limited by the provisions of R.I. Gen. Laws §§ 10-7-1 through 10-7-4.

SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are time-barred by the applicable Statute(s) of Limitations.

EIGHTH AFFIRMATIVE DEFENSE

These Defendants assert the affirmative defense that to the extent the Plaintiffs seek to impose punitive damages, any such claim for punitive damages would be unconstitutional under the United States Constitution and applicable provisions of the Rhode Island State Constitution and unlawful under applicable State statutes to the extent that, among other things: (1) These Defendants' liability for punitive damages and the appropriate amount of punitive damages are not required to be established by clear and convincing evidence; (2) punitive damages are sought to be awarded without bifurcating the trial of all punitive damages issues; (3) any award of punitive damages is sought with no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that the court or a jury may impose; (4) any award of punitive damages is based on anything other than These Defendants' alleged conduct in connection with the events at issue in this lawsuit; or (5) an award of punitive damages is sought for the purpose of compensating the Plaintiffs for elements of damage not otherwise recognizable by applicable State law.

## JURY DEMAND

These Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants Eric Powers, Mark Kendall, David Filice, Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. respectfully request that:

A. the Plaintiffs' Complaint be dismissed with prejudice as to Defendants Eric Powers, Mark Kendall, David Filice, Paul Woolnough, Mark Kendall, Manic Music Management, Inc. and Knight Records, Inc.;

B. Plaintiffs' demands for relief against Defendants Eric Powers, Mark Kendall, David Filice, Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. be denied in every respect; and

C. the Court grant such other and further relief as may be just, proper and equitable.

Eric Powers; Mark Kendall; David Filice; Paul Woolnough; Manic Music Management, Inc.; and Knight Records, Inc.

By their Attorneys,

Fred A. Kelly, Jr. (by RJS)

Fred A. Kelly, Jr. (#4553)
Randall L. Souza (#4082)
Ian C. Ridlon (#5524)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Edwin F. McPherson (by RJS)

Edwin F. McPherson (Admitted *Pro Hac Vice*)
McPHERSON & KALMANSOHN, LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 553-8833
(310) 553-9233 (Fax)

Dated: September 22, 2004

CERTIFICATION OF SERVICE

I hereby certify that on the 22nd day of September, 2004, I mailed a true copy of the within Answer of Defendants Mark Kendall, David Filice, Eric Powers, Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. to Plaintiffs' Second Amended Complaint via first-class mail, postage prepaid to all counsel of record listed on attached service list.

Collette Palmer