UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TAMMY PASSA, ALIAS, ET ALS :

-VS- :C.A.NO. 03-148L

JEFFREY DERDERIAN, ET ALS :

OCTOBER 15, 2004

PLAINTIFFS' OBJECTION TO DEFENDANTS, DENIS LAROCQUE AND TOWN OF WEST WARWICK'S MOTION TO DISMISS

The Plaintiffs in the above captioned action respectfully object to the Motion to Dismiss submitted by the Defendants, Denis Larocque and Town of West Warwick. For the reasons more fully set forth in the attached Memorandum of Law, this Motion should be denied.

By their Attorneys,
RESMINI LAW OFFICES, LTD.
BY:

RONALD J. RESMINI, ESQ.#0484
155 South Main St.
Suite 400
Providence, RI 02903
DATED: October 15, 2004
(401)751-8855

194

CERTIFICATION

I hereby certify that on this 15th day of October, 2004 I mailed a copy of the within Memorandum by regular mail, postage prepaid to the following:

Stephen M. Prignano, Esq.
Stephen J. MacGillivray, Esq.
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Prov., RI 02903

Gerald C. DeMaria, Esq.
James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer St.
Prov., RI 02903

Anthony F. DeMarco, Esq.
170 Westminster St.
Prov., RI 02903

Thomas C. Angelone, Esq.
One Turks Head Place
Prov., RI 02903

Marc DeSisto, Esq.
211 Angell St.
Prov., RI

Joseph V. Cavanagh, Jr., Esq.
30 Exchange Terrace
Providence, RI 02903

James R. Lee, Esq.
150 South Main St.
Prov., RI 02903

Robert Reardon, Esq.
160 Hemstead St.
New London, CT 06320

Kathleen M. Hagerty, Esq.
70 Jefferson Blvd.
Warwick, RI

8Howard A. Merten, Esq.
Eric M. Sommers, Esq.
VETTER & WHITE
20 Washington Place
Prov., RI 02903

Fred A. Kelly, Jr., Esq.
NIXON PEABODY LLP
One Citizens Plaza - Suite 700
Prov., RI 02903

Faith LaSalle, Esq.
Law Ofrfices of Faith A. LaSalle
One Turks Head Place
76 Westminster St.
Suite 1010
Prov., RI 02903

Stefanie DiMaio Larivee, Esq.
215 Broadway
Prov., RI

James Murphy, Esq.
HANSON CURRAN LLP
146 Westminster St.
Prov., RI 02903

James J. Restivo, Jr., Esq.
Reed Smith LLP
435 Sixth Ave,
Pittsburgh, PA 15219

Andrew J. Trevelise, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market St.
Philadelphia, PA 19103

Carl A. Henlein, Esq.
John R. Crockett, III, Esq.
Susan S. Wettle, Esq.
FROST BROWN TODD
400 West Market St., 32nd Fl.
Louisville, KY 40202-3363

Elaine M. Orsini

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TAMMY PASSA, ALIAS, ET ALS :

-VS- :C.A.NO.03- 148-L

JEFFREY DERDERIAN, ET ALS :

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS, DENIS LAROCQUE AND TOWN OF WEST WARWICK'S MOTION TO DISMISS

The Plaintiffs in the above captioned action respectfully provide the following Memorandum of Law in Opposition to the Defendant, Denis Larocque ("Larocque"), and the Town of West Warwick's ("West Warwick") Motion to Dismiss the Plaintiffs' Complaint, as alleged against them, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, this Motion to Dismiss should be denied.

## I. FACTS AND PROCEEDINGS:

This lawsuit arises out of the tragic fire that occurred on February 20, 2003 at the Station nightclub, formerly located in West Warwick, Rhode Island.

One hundred people perished in the blaze that

demolished the structure that evening and hundreds more were injured as a result, many of whom underwent extended hospital stays and required intensive medical treatment.

The Defendant, Denis Larocque, Fire Inspector of the Town of West Warwick, is responsible for promulgation and enforcement of fire safety laws in the Town of West Warwick.

The Plaintiffs allege that the Defendant, Town of West Warwick and the Defendant, Fire Inspector, Denis Larocque, owed a legal duty to the public in general and the patrons of The Station in particular to exercise reasonable care and due diligence by properly inspecting commercial properties in the Town of West Warwick.

The Plaintiffs allege that the Town of West Warwick and the Defendant, Fire Inspector, Denis Laroque, were negligent and careless in failing to properly inspect The Station and enforce the laws of the State of Rhode Island, which negligence and carelessness proximately caused the injuries and damages sustained by the Plaintiffs.

The Plaintiffs allege that the Defendant, Town

of West Warwick, is liable for the negligence of its agents, servants and employees and owed a special duty to each Plaintiff.

The Plaintiffs allege that the Defendant, Town of West Warwick, and the Defendant, Fire Inspector, Denis Larocque, through their agents, servants and employees were negligent and careless in that they:

- failed to enforce the building code and fire safety laws of the State of Rhode Island;
- failed to adequately inspect The Station;
- failed to conduct regular inspections of The Station;
- failed to discover and take action for the highly flammable and toxic materials existing on the premises of The Station, which materials should have been discovered by a reasonable inspection;
- failed to properly train personnel in fire safety laws, regulations and standards;
- failed to require sprinkler systems or other fire prevention devices at The Station;
- failed to employ adequate employees and/or personnel to adequately enforce the fire safety laws, regulations and standards;
- failed to appropriate adequate funds for the enforcement of fire safety laws, regulations and standards;
- knew or should have known of the use of pyrotechnics a The Station and failed to take action to prevent the same when it was unsafe to use pyrotechnics under the

circumstances;

- failed to enforce Section 23-28-18-4 of the Rhode Island General Laws by failing to ensure that The Station, which provided performances to more than 75 people, was free from combustible debris; and

- failed to require that The Station limit the number of patrons on the premises to a safe number of patrons.

The Plaintiffs further allege that the Defendant, Fire Inspector, Denis Larocque, is entitled to indemnity by the Town of West Warwick, pursuant to Section 45-15-16 of the Rhode Island General Laws and that pursuant to Section 45-15-5 of the Rhode Island General Laws, the Plaintiffs have provided the Defendant, Town of West Warwick, with a valid Notice of Presentment of Claim and more than 40 days have passed since said notice was provided.

The Defendants, Denis Larocque and the Town of West Warwick, have now filed a Motion to Dismiss the Plaintiffs' Complaint against them. For the reasons that follow, this Motion should be denied.

## II. ARGUMENT:

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint against it for failure to state a claim upon which relief may be granted. When presented with a Motion to Dismiss, the District Court must take as true the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor. See, Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See, Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002). On appellate review, a District Court's decision as to a Motion to Dismiss is reviewed on a **de novo** standard. Medina-Claudio at 34.

### B. The Plaintiffs' Complaint States A Valid Cause of Action Against The Defendants, Denis Larocque And The Town Of West Warwick

The Defendants, Denis Larocque and the Town of

West Warwick, further argue that there is no cause of action for a government entity's negligent enforcement of a regulatory scheme. The Plaintiffs in this matter (as well as the Plaintiffs in the other Station fire cases) allege in their Complaint, inter alia, that the Defendants, Denis Larocque and the Town of West Warwick:

- failed to enforce the building code and fire safety laws of the State of Rhode Island;

- failed to adequately inspect The Station;

- failed to conduct regular inspections of The Station;

- failed to discover and take action for the highly flammable and toxic materials existing on the premises of The Station, which materials should have been discovered by a reasonable inspection;

- failed to properly train personnel in fire safety laws, regulations and standards;

- failed to require sprinkler systems or other fire prevention devices at The Station;

- failed to employ adequate employees and/or personnel to adequately enforce the fire safety laws, regulations and standards;

- failed to appropriate adequate funds for the enforcement of fire safety laws, regulations and standards;

- knew or should have known of the use of pyrotechnics at The Station and failed to take action to prevent the same when it was unsafe to use pyrotechnics under the circumstances;

- failed to enforce Section 23-28-18-4 of the Rhode Island General Laws by failing to ensure that The Station which provided performances to more than 75 people, was free from combustible debris; and
- failed to require that The Station limit the number of patrons on the premises to a safe number of patrons.

This Court should reject the Defendants, Denis Larocque and the Town of West Warwick's argument that there is no cause of action for a government entity's negligent enforcement of a regulatory scheme and should, accordingly, deny their Motion to Dismiss on this ground.

the Defendants, Denis Larocque and the Town of West Warwick, primarily rest their argument on cases from other jurisdictions, notably, Kentucky and Vermont. There is no reason to search outside Rhode Island for guidance since there are directly applicable statutes and caselaw in Rhode Island.

First, Rhode Island General Laws, Section 23-28.2-17 provides that the state fire marshal, his or her deputies and assistants charged with the enforcement of the Fire Safety Code "shall not render themselves liable personally, and they are hereby relieved from all personal liability for any damage that may accrue to persons or property as a

result of any act required or permitted in the discharge of their official duties." This statute draws a distinction between personal liability and official liability. By its terms, this statute does not relieve a government official from official liability.

The Supreme Court of Rhode Island, in Bitgood v. Allstate Insurance Company, 481 A.2d 1001, 1006 (R.I. 1984) recognized the intent of this statute. in **Bitgood**, the Supreme Court stated that Section 23-28.2-17 "purports to relieve the fire marshal and his personnel from any personal legal liability resulting from the carrying out of their responsibilities." It is noteworthy that Rhode Island courts have, nevertheless, imposed personal liability upon such officials where the officials acted in bad faith and with malice. See Bitgood at 1007; Vaill v. Franklin, 722 A.2d 793, 795 (R.I. 1999) (This Court has ruled previously that a deputy fire marshal could be held personally liable for official acts while acting in bad faith and with malice").

Moreover, Rhode Island General Laws, Section

45-15-16 provides that a town or city council or any fire district in Rhode Island may, by ordinance **or otherwise**, indemnify any and all elected or appointed fire district officials, public employees, fire district employees and the like. Further, Section 45-15-16 states that this indemnity "may be provided by the city or town council or any fire district on a case by case basis or by ordinance of general application." Such indemnification may be declined by the town council or fire district where the official or employee has acted in a willful, wanton or malicious manner.

It is apparent from these Rhode Island statutes and the caselaw construing them that the Plaintiffs have alleged valid causes of action against the Defendant, Town of West Warwick and the Defendant, Denis Larocque. The State of Rhode Island has recognized that town fire officials may be sued in both their personal and official capacities. In the present case, the Plaintiffs' allegations support a cause of action against the Defendant, Denis Larocque and the Defendant, the Town of West

Warwick for the negligent failure to act of these Defendants as alleged in the Complaint.

**C. The Defendants, Denis Larocque And The Town of West Warwick Are Not Entitled To Quasi Judicial Immunity**

The Defendants, Denis Larocque and the Town of West Warwick, argue that they are entitled4d to quasi-judicial immunity in this matter. In essence, they seek an Order from this Court that the Defendant, Denis Larocque acted as a judicial officer when he negligently inspected The Station premises prior to the February 20, 2003 fire.

The First Circuit Court of Appeals, in Bettencourt v. Board of Registration in Medicine, 904 F.2d 772 (1st Cir. 1990) conducted an exhaustive and erudite analysis of the requirements to sustain a defense of quasi-judicial immunity. Based upon the guidelines set forth by the First Circuit in Bettencourt, the defendants in this action fall short of the showing necessary to sustain such a defense.

In Bettencourt, the First Circuit equated quasi-judicial action with adjudicatory action. Examples of such conduct include judges performing

judicial acts within their jurisdiction, prosecutors performing acts intimately associated with the judicial phase of the criminal process and certain "quasi-judicial" agency officials who perform functions essentially similar to those of judges or prosecutors in a setting similar to a court. **Bettencourt** at 782. The Court further noted that many government officials perform legislative, executive and adjudicatory functions. In order to meet the standard necessary to enjoy quasi-judicial immunity, however, a government official must be able to affirmatively respond to three questions regarding their job functions:

1. Does the government official, like a judge, perform a traditional adjudicatory function in that he decides facts, applies law and otherwise resolves disputes on the merits (free from direct political influence)?

2. Does the government official, like a judge, decide cases sufficiently controversial that, in the absence of absolute immunity, he would be subject to numerous damages actions?

3. Does the government official, like a judge, adjudicate disputes against a backdrop of multiple safeguards designed to protect an aggrieved party's constitutional rights?

Bettencourt at 783.

In the present matter, the Defendants, Denis Larocque and the Town of West Warwick do not engage in any of these activities when they conduct fire inspections. A fire official, such as the Defendant, Larocque, is not charged with deciding a dispute on the merits between two competing interests. Nor does such an official decide cases sufficiently controversial that he would be subject to numerous damages actions without immunity. Finally, a typical inspection of premises for purposes of fire code compliance does not come with the due process guarantees of notice and a hearing.

In their Motion to Dismiss, the Defendants argue that deputy fire marshals investigate facts and draw conclusions. Even if this were the case, such activity is not enough, under Bettencourt, **to satisfy the requirements necessary to show that a government official conducts all of the tasks of a judge in doing his or her job. Further, even if the Defendants were able to make such a showing (which they are not) they have not made that showing yet. There is no evidence within the record that would support a finding of**

**quasi-judicial immunity for these Defendants. Accordingly, the Defendants' Motion to Dismiss on this basis should be denied.**

### D. The Public Duty Doctrine Does Not Protect The Town Defendants In The Instant Suit

The Rhode Island Supreme Court, in Haley v. Town of Lincoln, 611 A.2d 845, 849 (R.I. 1992) stated that where a governmental defendant poses a defense under the public doctrine, the pleadings, alone, will rarely provide a basis for a determination on the merits.

The Rhode Island Supreme Court essentially held that, in order to demonstrate the applicability of the public duty doctrine defense, the defendant must produce facts to support its defense. As the Court stated in Haley, "it is virtually impossible for the state to sustain such a burden when the pleadings are viewed in the manner most favorable to the plaintiff." **Haley** at 849. This holding is premised, in part, on the Supreme Court's recognition that a plaintiff's submission of a complaint with a short and plain statement will often require the defendant state or municipality

to introduce further facts to sustain its defense. Since the introduction of facts outside the record is not appropriate when deciding a Motion to Dismiss, such a Motion setting forth a defense under the public duty doctrine is, for all intents and purposes, impossible.

Despite the need to produce facts in support of its defense, the Defendants, Denis Larocque and Town of West Warwick, nevertheless, seek dismissal of the Plaintiffs' Complaint on the basis that the Plaintiffs' Complaint does not allege conduct, or lack of conduct, by the Defendants that was egregious. This Court should reject this argument.

The allegations set forth in Plaintiffs' Complaint set forth sufficiently egregious facts to avoid application of the public duty doctrine defense in this matter.

First, this Court should reject the Defendants' argument that they did nothing to create circumstances that forced a reasonably prudent person into a position of extreme peril. The cases cited by the Defendants actually support the Plaintiffs' position more than the Defendants'

position on this issue. The Plaintiffs have alleged that the Defendants inspected The Station, but did so negligently and failed to enforce rules and regulations that would have avoided the February 20, 2003 tragedy. The Rhode Island Supreme Court has construed the "creation" of such circumstances to entail those situations in which the government has gained knowledge of an unsafe condition, yet let it continue to exist. See, Verity v. Dante, 585 A.2d 65 (R.I. 1989) (Public duty doctrine not applied where state failed to remove 100 year old tree from sidewalk); Bierman v. Shookster, 590 A.2d 402 (R.I. 1991) (Public Duty Doctrine not applicable where state installed and maintained a faulty traffic light); Martinelli v. Hopkins, 787 A.2d 1158 (R.I. 2001) (Public Duty Doctrine not applicable where a rotted tree fell on a patron of an outdoor concert where the town had issued the permit to conduct the concert).

The facts alleged by the Plaintiffs fall within the spectrum of conduct cited in the aforementioned Rhode Island Supreme Court cases. The facts alleged by the Plaintiffs are even more egregious

due to the minimal actions that could have been taken to avoid such an unnecessary loss of life.

For the foregoing reasons, this Court should deny the Defendants' Motion to Dismiss to the extent that it is based upon the Public Duty Doctrine.

**E. This Case Should Not Be Dismissed Because Of The Alleged Negligent Acts Of Others.**

**As admitted by the Defendants in their Motion to Dismiss, the issue of proximate cause is a question of fact for the trier. To the extent that a defendant may seek dismissal of a claim on the basis that the defendants actions did not proximately cause the plaintiff's harm, such dismissal should not be rendered within a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.**

**In further illustration of this point, one need only look to the cases cited by the defendants. Two of the cases cited by the defendants were decided on motions for summary judgment (The Travelers Insurance Co. v. Priority Business Forms, Inc., 11 F. Supp.2d 194 (D.R.I. 1998) and Splendorio v. Bilray Demolition Co., 682 A.2d 461 (R.I. 1996);**

and two of the cases were decided by motion for directed verdict (Walsh v. Israel Couture Post, 542 A.2d 1094 (R.I. 1988) and New England Tree Expert Co. v. United Electric Rys. Co., 169 A.325 (R.I. 1933) (Appeal after trial sustained; directed verdict should have been granted).

The only two cases cited by the Defendants regarding proximate cause issues that were decided on a Motion to Dismiss are old cases and are factually distinguishable. In Clements v. Tashjoin, 168 A.2d 472 (R.I. 1961) the Court sustained a demurrer in a case where the defendant left his key in the ignition of his car, the car was then stolen and its operation caused the plaintiff to suffer injury. In Kemplin v. H.W. Golden & Son, Inc., 157 A.2d 873 (R.I. 1931), the Court sustained a demurrer where the plaintiff was directed to cross the highway by the defendant and was then struck by a third party. These cases provide no insight to the issues facing the Court in this matter.

The issue of proximate cause is an extraordinarily complicated matter in this case.

There are numerous parties whose actions contributed to this tragedy. Such a complex and tragic case demands factual support for any dismissal based upon a lack of proximate cause. This case is not ripe for dismissal on the grounds of lack of proximate cause pursuant to Fed. R. Civ. P. 12(b)(6).

Proximate cause does not have to be the cause. It may be a cause joining with other causes to produce the injury. The cases cited by the Defendants provide no support for this Court to dismiss this action on the requested grounds.

F. The Plaintiffs' Allegations Under R.I.G.L, Should Not Be Dismissed

The Plaintiffs have filed a Complaint containing a short and plain statement, consistent with the pleading requirements of Rule 8 regarding the Plaintiffs' allegations that the Defendants are liable to them pursuant to R.I.G.L., Section 9-1-2. Pursuant to R.I.G.L., Section 9-1-2, it shall not be a defense to such an action that no criminal complaint for the crime or offense has been made.

It is respectfully submitted that the allegations of the Plaintiffs' Complaint against these Defendants would support a claim for criminal negligence, despite the fact that no formal indictments in this regard have entered. Further, the Defendants have proffered no arguments or proof to sustain their Motion to Dismiss under Fed. R.Civ. P. 12(b)(6). Accordingly, the Defendants' Motion on this ground should be denied.

G. PROPER PARTY

The Plaintiffs submitted a notice of claim to the Defendant, Town of West Warwick and then brought suit against the Town. To the extent that this Court agrees with the Defendants' argument that the Town Treasurer should be named as a party in order to effectuate these claims against the Defendant, Town, then these Plaintiffs respectfully request leave to add the name of that official to the Complaint in order to effectuate compliance with the statute.

## III. CONCLUSION

For the foregoing reasons, this Court should deny the Defendant, Denis Larocque and the Defendant, Town of West Warwick's Motion to Dismiss the Plaintiffs' Complaint.

By their Attorneys,
RESMINI LAW OFFICES, LTD.
BY:

RONALD J. RESMINI, ESQ.#0484
155 South Main St.
Suite 400
Providence, RI 02903
DATED: October 15, 2004
(401)751-8855

CERTIFICATION

I hereby certify that on this 15th day of October, 2004 I mailed a copy of the within Memorandum by regular mail, postage prepaid to the following:

Stephen M. Prignano, Esq.
Stephen J. MacGillivray, Esq.
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Prov., RI 02903

Gerald C. DeMaria, Esq.
James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer St.
Prov., RI 02903

Anthony F. DeMarco, Esq.
170 Westminster St.
Prov., RI 02903

Thomas C. Angelone, Esq.
One Turks Head Place
Prov., RI 02903

Marc DeSisto, Esq.
211 Angell St.
Prov., RI

Joseph V. Cavanagh, Jr., Esq.
30 Exchange Terrace
Providence, RI 02903

James R. Lee, Esq.
150 South Main St.
Prov., RI 02903

Robert Reardon, Esq.
Robert T. Rimmer, Esq.
160 Hempstead St.
New London, CT 06320

Kathleen M. Hagerty, Esq.
70 Jefferson Blvd.
Warwick, RI
Howard A. Merten, Esq.

Eric M. Sommers, Esq.
VETTER & WHITE
20 Washington Place
Prov., RI 02903

Fred A. Kelly, Jr., Esq.
NIXON PEABODY LLP
One Citizens Plaza - Suite 700
Prov., RI 02903

Faith LaSalle, Esq.
Law Offices of Faith A. LaSalle
One Turks Head Place
76 Westminster St.
Suite 1010
Prov., RI 02903

Stefanie DiMaio Larivee, Esq.
215 Broadway
Prov., RI

James Murphy, Esq.
HANSON CURRAN LLP
146 Westminster St.
Prov., RI 02903

James J. Restivo, Jr., Esq.
Reed Smith LLP
435 Sixth Ave,
Pittsburgh, PA 15219

Andrew J. Trevelise, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market St.
Philadelphia, PA 19103

Carl A. Henlein, Esq.
John R. Crockett, III, Esq.
Susan S. Wettle, Esq.
FROST BROWN TODD
400 West Market St., 32nd Fl.
Louisville, KY 40202-3363

Elaine M. Desimini