UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TAMMY PASSA, ALIAS, ET ALS :

-VS- :C.A.NO.03-148L

JEFFREY DERDERIAN, ET ALS :

**PLAINTIFFS' OBJECTION TO DEFENDANTS,**
STATE OF RHODE ISLAND AND IRVING J. OWENS'
MOTION TO DISMISS

The Plaintiffs in the above captioned action respectfully object to the Motion to Dismiss submitted by the Defendants, State of Rhode Island and Irving J. Owens. For the reasons more fully set forth in the attached Memorandum of Law, this Motion should be denied.

By their Attorneys,
RESMINI LAW OFFICES, LTD.
BY:

RONALD J. RESMINI, ESQ.#0484
155 South Main St.
Suite 400
Providence, RI 02903
DATED: October 25,2004
(401)751-8855

196

Mark S. Mandell, Esq.
One Park Row
Prov., RI

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TAMMY PASSA, ET ALS | : | |
| -VS- | : | C.A. NO.:03-148L |
| JEFFREY DERDERIAN, ET ALS | : | |

PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT, STATE OF RHODE ISLAND
AND IRVING J. OWENS' MOTION TO DISMISS

the Plaintiffs in the above captioned action respectfully provide the following Memorandum of Law in Opposition to the Defendants, State of Rhode Island and Irving J. Owens' Motion to Dismiss the Plaintiffs' Complaint as alleged against them pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons this Motion to Dismiss should be denied.

**I. FACTS AND PROCEEDINGS:**

This lawsuit arises out of the tragic fire that occurred on February 20, 2003 at The Station nightclub, formerly located in West Warwick, Rhode Island. One hundred (100) people perished in the blaze that demolished the structure that evening and hundreds more were injured as a result, many of whom underwent extended hospital stays and required intensive medical treatment.

Plaintiffs allege that the Defendant, State of Rhode Island, through its Fire Marshal, Irving J. Owens, is responsible for the promulgation and enforcement of fire safety laws in the State of Rhode Island. Jurisdiction against the State of Rhode Island is consistent with Rhode Island General Laws 9-31-1 which abrogated the Doctrine of Sovereign Immunity. The State of Rhode Island and the Defendant, Irving J. Owens owed a legal duty to the public in general and to the patrons of the Station in particular to exercise reasonable care and due diligence by properly inspecting or causing proper inspections of commercial properties in West Warwick to occur. The State of Rhode Island and Irving J. Owens have a duty to enforce and perform the duties required by the Fire Safety Code.

The Plaintiffs allege that Rhode Island General Laws, Section 9-31-1 provides that the State of Rhode Island shall be liable in all actions of tort in the same manner as a private individual, and that the State may be sued in any court. The Plaintiffs allege that the State of Rhode Island and the Defendant, Fire Marshal, Irving J. Owens, were negligent and careless in failing to properly

inspect the Station and enforce the laws of the State of Rhode Island, which negligence and carelessness proximately caused the injuries and damages sustained by the Plaintiffs.

The Plaintiffs allege that the Defendant, State of Rhode Island and the Defendant, Fire Marshal, Irving J. Owens, are liable for the negligence of its agents, servants and employees and owed a special duty to each Plaintiff.

The Plaintiffs allege further that the Defendant, State of Rhode Island, and the Defendant, Fire Marshal, Irving J. Owens, through their agents, servants and employees were negligent and careless in that they:

1. Failed to enforce the building code and fire safety laws of the State of Rhode Island.

2. Failed to adequately inspect The Station.

3. Failed to conduct regular inspections of The Station.

4. Failed to discover and take action for the highly flammable and toxic materials existing on the premises of The Station, which materials should have been discovered by a reasonable inspection.

5. Failed to properly train personnel in fire

safety laws, regulations and standards.

6. Failed to require sprinkler systems or other fire prevention devices at The Station.

7. Failed to employ adequate employees and/or personnel to adequately enforce the fire safety laws, regulations and standards.

8. Knew or should have known of th use of pyrotechnics at The Station and failed to take action to prevent the same when it was unsafe to use pyrotechnics under the circumstances.

9. Failed to enforce Section 23-28-18-4 of the Rhode Island General Laws by failing to ensure that The Station, which provided performances to more that 75 people was free from combustible debris.

10. Failed to require that The Station limit the number of patrons on the premises to a safe number of patrons.

The Plaintiffs allege that several of the Defendant, State of Rhode Island and Irving J. Owens' actions or omissions constitute the commission of a crime or offense and, accordingly, Plaintiffs may recover damages in this action from the Defendants pursuant to Rhode Island General Laws, Title 9, Chapter 1, Section 2.

The Defendants, State of Rhode Island and Irving J. Owens, have now filed a Motion to Dismiss the Plaintiffs' Complaint against them. For the reasons that follow, this Motion should be denied.

II. ARGUMENT:

A. Standard of Review

Pursuant to Red. R.Civ.P. 12(b)(6), a defendant may move to dismiss a complaint against it for failure to state a claim upon which relief may be granted. When presented with a Motion to Dismiss, the District Court must take as true the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor. See Coyne v. City of Somerville, 972 F.2d 440, 4442-43 (1st Cir. 1992). A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002). On appellate review, a District Court's decision as to a Motion to Dismiss is reviewed on a de novo standard. Medina-Claudio at

34.

B. The Plaintiffs' Claims Are Not Barred By The Eleventh Amendment

The Defendants, State of Rhode Island and Irving J. Owens, seek dismissal of the Plaintiffs' Complaint pursuant to the Eleventh Amendment to the United States Constitution. This Court should deny the Defendants' Motion to Dismiss on this basis because the State of Rhode Island has waived any immunity that it possessed under this Amendment.

The Eleventh Amendment to the United State Constitution states that, "The judicial power of the united States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

Despite the language of the Eleventh Amendment, plaintiffs may sue a state in Federal Court in a variety of ways including instances in which the defendant state consents to suit and waives its immunity. In the present case, the Defendant, State of Rhode Island, has waived any immunity that it possessed pursuant to the Eleventh Amendment and

has consented to suit.

Rhode Island General Laws, Section 9-31-1(a) states:

> "The State of Rhode Island and any political subdivision thereof, including all cities and towns, shall, subject to the period of limitations set forth in Section 9-1-25, hereby be liable in all actions of tort in the same manner as a private individual or corporation; provided, however, that any recovery in any such action shall not exceed the monetary limitations thereof set forth in this chapter."

The Rhode Island Supreme Court, in Laird v. Chrysler Corp., 460 A.2d 425, 429 (R.I. 1983) held that the State of Rhode Island, thought Rhode Island General Laws, Section 9-31-1, has waived its Eleventh Amendment immunity in tort actions in state and federal courts. The First Circuit Court of Appeals expressly adopted the rationale of **Laird** in **Della Grotta v. Rhode Island**, 781 F.2d 343, 346-347 (1st Cir. 1986). ("We thus hold that the determination by the Rhode Island Supreme Court in **Laird** that Section 9-31-1 waives and was intended to waive the State's Eleventh Amendment immunity is dispositive of this issue.").

Given this well established construction of

Rhode Island General Laws, Section 9-31-1, the State of Rhode Island must rely upon grounds other than a general Eleventh Amendment immunity defense to support its Motion to Dismiss. There are no such grounds available to the State in this case to support its request for dismissal.

C. The Public Duty Exception To Rhode Island General Laws, Section 9-31-1 Does Not Apply In this Case.

The State of Rhode Island premises the majority of its immunity argument on the contention that the negligence of the State of Rhode Island and its Fire Marshal, Irving J. Owens, should be overlooked in this case since these Defendants owed a duty only to the general public. This Court, however, should consider the entire body of law in Rhode Island construing this doctrine rather than only the cases cited by the Defendants.

In their Motion to Dismiss, the Defendants failed to address three important components of the Public Duty Doctrine. Upon consideration of these elements, this Court should deny the Defendants' Motion to Dismiss.

First, Rhode Island Courts have repeatedly made clear that the dismissal of a plaintiff's

complaint, premised solely upon the pleadings, is discouraged. The Rhode Island Supreme Court, in Haley v. Town of Lincoln, 611 A.2d 845, 846 (R.I. 1992) stated that where a governmental defendant poses a defense under the Public Duty Doctrine, the pleadings, alone, will rarely provide a basis for a determination on the merits.

The Rhode Island Supreme Court essentially held that in order to demonstrate the applicability of the Public Duty Doctrine Defense, the defendant must produce facts to support its defense. As the Court stated in Haley, "it is virtually impossible for the state to sustain such a burden when the pleadings are viewed in the manner most favorable to the plaintiff." Haley at 849. This holding is premised, in part, on the Supreme Court's recognition that a plaintiff's submission of a complaint with a short and plain statement will often require the defendant state or municipality to introduce further facts to sustain its defense. Since the introduction of facts outside the record is not appropriate when deciding a Motion to Dismiss, such a motion setting forth a defense under the Public Duty Doctrine is, for all intents

and purposes, premature.

In their Complaint, the Plaintiffs allege the Defendants owed a duty to the patrons of The Station to exercise reasonable care and due diligence by properly inspecting or causing proper inspections of The State to occur. The Plaintiffs further allege that the Defendants failed to discover and take action for the highly flammable and toxic materials existing at The Station and failed to require sprinklers at The Station. The Plaintiffs allege that the Defendants knew or should have known of the use of pyrotechnics at The Station, yet failed to take action to prevent this use. The Plaintiffs also allege that the Defendants failed to limit the number of patrons on The Station premises to a safe number.

When these allegations are taken as true, as they must be when considering a Fed. R.Civ.P. 12(b)(6) Motion to Dismiss, this Court, pursuant to the rationale in Haley, should deny the Motion to Dismiss and allow the parties to proceed to discovery. This practice has recently been demonstrated in two cases cited by the Defendants. The Rhode Island Supreme Court in Haworth v.

Lannon, 813 A.2d 62 (R.I. 2003) and Torres v. Damicis, 853 A.2d 1233 (R.I. 2004) upheld the defendants' claimed defenses under the Public Duty Doctrine, but only on Motions for Summary Judgment rather on Motions to Dismiss. These two recent cases further illustrate the point made in Haley, that even in those cases where the public duty exception to Section 9-31-1 may be properly applied, it may in only rare circumstances be applied on a Motion to Dismiss and is more appropriately reserved (where applicable at all) for determination on a Motion for Summary Judgment or at trial.

Second, the Defendants fail to discuss those cases in which Rhode Island Courts have found that the Public Duty Doctrine is inapplicable because a duty is owed to smaller groups of victims than the general public. The tragic case of the February 20, 2003 fire at The Station is more akin to these cases than to those "general public" cases cited by the Defendants.

The Rhode Island Supreme Court in Gagnon v. State, 570 A.2d 656 (R.I. 1990), found that the State owed a duty to the patrons of a day care

center and allowed the plaintiff's case to proceed because the case lay outside the public duty exception to Section 9-31-1. In Gagnon, the plaintiffs alleged that the State negligently supervised rather than negligently licensed the day care center. (cf. Ryan v. State Dep't of Transp., 420 A.2d 841 (R.I. 1980) (cited by the defendants) (complaint dismissed where defendant State allegedly issued driver's license to poor driver); Orzechowski v. State, 485 A.2d 545 (R.I.)(cited by the defendants) (complaint dismissed where defendant State allegedly paroled prisoner who then injured the plaintiff). In Gagnon, the Rhode Island Supreme Court held that the plaintiff's allegations that the State negligently supervised the day care center where the minor plaintiff was molested by the day care owner's spouse fell outside the public duty exception to Section 9-31-1. The Supreme Court found that the State had a duty to inspect the day care center and that only a small group of children, rather than the public at large, would be impacted. The tragic facts of The Station fire are more closely related to the facts of Gagnon than Reid and Orzechowski. In the

present case and <u>Gagnon</u>, the day care center and the nightclub contain a finite number of identifiable individuals who may be impacted by the State's negligence. In both the present case and <u>Gagnon</u>, this small group of identifiable individuals may change from time-to-time as enrollment at the day care center or attendance at the nightclub changes, but a finite group of identifiable individuals will be a constant. On the other hand, both <u>Reid</u> and <u>Orzechowski</u> represent instances where a duty was owed to the general public and no smaller identifiable group existed. In <u>Reid</u>, the Court found that the duty to issue licenses to qualified drivers runs to the general public and all are equally at risk. Likewise, in <u>Orzechowski</u>, the Court found that the duty to only parole those prisoners who do not pose a risk of further harm runs to the general public.

Further, although the Defendants cite cases (<u>Knudsen v. Hall</u>, 490 A.2d 976 (R.I. 1985) and <u>Kowalski v. Campbell</u>, 520 A.2d 973 (R.I. 1987)) in which state highway maintenance was held to be a duty owed to the general public rather than to specific individuals the Defendants fail to cite

cases in which the opposite result was reached. See Verity v. Dante, 585 A.2d 65 (R.I. 1989) (Public Duty Doctrine not applied where state failed to remove 100 year old tree from sidewalk); Bierman v. Shookster, 590 A.2d 402 (R.I. 1991) (Public Duty Doctrine not applicable where state installed and maintained a faulty traffic light); Martinell v. Hopkins, 787 A.2d 1158 (R.I. 2001) (Public Duty Doctrine not applicable where a rotted tree fell on a patron of an outdoor concert where the town had issued the permit to conduct the concert).

Third, even where the state's duty is to the general public rather than to identifiable victims, Rhode Island Courts will not apply the public duty exception to Section 9-31-1 where the defendant governmental entity has engaged in egregious conduct. The allegations set forth in the Plaintiffs' Complaint set forth sufficiently egregious facts to avoid application of the Public Duty Doctrine defense in this matter.

The allegations of the Complaint demonstrate that the Defendants acted to create circumstances that forced reasonably prudent persons into

positions of extreme peril. The Plaintiffs have alleged that the Defendants inspected The Station but did so negligently and failed to enforce rules and regulations that would have avoided the February 20, 2003 tragedy. The Rhode Island Supreme Court has construed the "creation" of such circumstances to entail those situations in which the government has gained knowledge of an unsafe condition yet let it continue to exist. See Verity v. Dante, 585 A.2d 65 (R.I. 1989)(Public Duty Doctrine not applied where state failed to remove 100 year old tree from sidewalk); Bierman v. Shookster, 590 A.2d 402 (R.I. 1991)(Public Duty Doctrine not applicable where state installed and maintained a faulty traffic light); Martinelli v. Hopkins, 787 A.2d 1158 (R.I. 2001) (Public Duty Doctrine not applicable where a rotted tree fell on a patron of an outdoor concert where the town had issued the permit to conduct the concert). The facts alleged by the Plaintiffs fall within the spectrum of conduct cited in the aforementioned Rhode Island Supreme Court cases. The facts alleged by the Plaintiffs are even egregious due to the minimal actions that could have been taken to avoid

such an unnecessary loss of life.

For the foregoing reasons, this Honorable Court should deny the Defendants' Motion to Dismiss to the extent that it is based upon the public duty doctrine.

D. The Plaintiffs Claims Against The Defendant, Irving J. Owens, Should Not Be Dismissed

The Supreme Court of Rhode Island, in Bitgood v. Allstate Insurance Company, 481 A.2d 1001, 1006 (R.I. 1984) recognized that Rhode Island General Laws, Section 23-28.2-17 "purports to relieve the fire marshal and his personnel from any personal legal liability resulting from the carrying out of their responsibilities." It is noteworthy that Rhode Island Courts have, nevertheless, imposed personal liability upon such officials where the officials acted in bad faith and with malice. See Bitgood at 1007; **Vaill v. Franklin**, 722 A.2d 793, 795 (R.I. 1999)(This Court has ruled previously that a deputy fire marshal could be held personally liable for official acts which acting in bad faith and with malice).

By its very terms, Section 23-28.2-17 allows a

cause of action against the Defendant, Irving J. Owens, for actions taken in his official capacity. Accordingly, the Defendant, Owens, is a proper Defendant and should not be dismissed from this case.

E. The Plaintiffs Claims Should Not Be Dismissed Under A Theory Of Legislative Immunity

The Defendants further seek dismissal to the extent that they have been sued for failure to enact legislation or to fund the Office of Fire Marshal. The Plaintiffs in the present action affirmatively allege that the Defendants failed to appropriate adequate funds for the enforcement of fire safety laws, regulations and standards. Although the cases cited by the Defendants in support of their Motion to Dismiss on the basis of legislative immunity expressly address the immunity attached to the drafting and enacting of legislation, none of the cases cited by the Defendants provide the basis for a claim of immunity for failure to fund governmental activities. Accordingly, this Court should deny

the Defendants' Motion to Dismiss on the basis of legislative immunity.

F. The Defendants, State Of Rhode Island And Irving J. Owens, Are Not Entitled To Quasi-Judicial Immunity

The Defendants, State of Rhode Island and Irving J. Owens, argue that they are entitled to quasi-judicial immunity in this matter. In essence, they seek an order from this Honorable Court that the Defendant, Irving J. Owens, acted as a judicial officer while acting as alleged in the Complaint prior to the February 20, 2003 fire at The Station.

The First Circuit Court of Appeals, in **Bettencourt v. Board of Registration in Medicine**, 904 F.2d 722 (1st Cir. 1990) conducted an exhaustive and erudite analysis of the requirements to sustain a defense of quasi-judicial immunity. Based upon the guidelines set forth by the First Circuit in Bettencourt, the Defendants in this action fall short of the showing necessary to sustain such a defense.

In Bettencourt, the First Circuit equated quasi-judicial action with adjudicatory action.

with adjudicatory action. Examples of such conduct include judges performing judicial acts within their jurisdiction, prosecutors performing acts intimately associated with the judicial phase of the criminal process and certain "quasi-judicial" agency officials who perform functions essentially similar to those of judges or prosecutors in a setting similar to a court. Bettencourt at 782. The Court further noted that many government officials perform legislative, executive and adjudicatory functions. In order to meet the standard necessary to enjoy quasi-judicial immunity, however, a government official must be able to affirmatively respond to three questions regarding their job functions:

1. Does the government official, like a judge, perform a traditional adjudicatory function in that he decides facts, applies law and otherwise resolves disputes on the merits (free from direct political influence)?

2. Does the government official, like a judge, decide cases sufficiently controversial that, in the absence of absolute immunity, he would be subject to numerous damages actions?

3. Does the government official, like a judge, adjudicate disputes against a backdrop of multiple safeguards designed to protect an aggrieved party's constitutional rights?

Bettencourt at 783.

In the present matter, the Defendants, State of Rhode Island and Irving J. Owens, do not engage in any of these activities when they conduct fire inspections. A fire official, such as the Defendant, Owens, is not charged with deciding a dispute on the merits between two competing interests. Nor does such an official decide cases sufficiently controversial that he would be subject to numerous damages actions without immunity. Finally, a typical inspection of premises for purposes of fire code compliance does not come with the due process guarantees of notice and a hearing.

Even if a fire official investigated facts and drew conclusions, such activity is not enough, under Bettencourt, to satisfy the requirements necessary to show that a government official conducts all of the tasks of a judge in doing his or her job. Further, even if the Defendants were able to make such a showing (which they are not)

they have not made that showing yet. There is no evidence within the record that would support a finding of quasi-judicial immunity for these Defendants. Accordingly, the Defendants' Motion to Dismiss on this basis should be denied.

G. The Defendants, State Of Rhode Island And Irving J. Owens, Owed A Duty To The **Plaintiffs**

This Court should reject the Defendants' argument that they owed no duty to the Plaintiffs in this matter based upon the premise that there is no cause of action for a government entity's negligent enforcement of a regulatory scheme. In making this argument, these Defendants ignore the Plaintiffs' allegations regarding the Defendants' breach of their duty to inspect the subject premises.

The Defendants, State of Rhode Island and Irving J. Owens, primarily rest their "lack of duty" argument on cases from other jurisdictions, especially Kentucky. To the extent that the foreign caselaw cited by the Defendants stands for the proposition that a governmental entity has no duty to enforce laws and regulations, that foreign

caselaw should be rejected by this Court and this Court should instead be guided by the rationale of Gagnon v. State, 570 A.2d 656 (R.I. 1990).

The Rhode Island Supreme Court in Gagnon, denied the State's Motion to Dismiss and found that the state had a duty to supervise a State licensed day care center. Similarly, in the present case, the Plaintiffs have alleged that the Defendant, State of Rhode Island, had a duty, not only to grant permits to The Station, but to adequately inspect the premises as well.

In the present case, the Plaintiffs have alleged that the Defendants negligently failed to discover and take action for the highly flammable and toxic materials that the Defendants discovered or should have discovered by a reasonable inspection of The Station. The Plaintiffs further allege that the Defendants knew or should have known of the use of pyrotechnics at The Station and failed to take any action to prevent the use of pyrotechnics when the Defendants knew that it would be unsafe to use pyrotechnics at The station under the circumstances. The Plaintiffs also allege that the Defendants failed to require that The Station

limit the number of patrons on the premises to a safe number.

The Defendants' failure to act in the present matter, despite their knowledge, as alleged, is analogous to the State's failure to act on their knowledge in Gagnon. Both cases present facts that go beyond mere negligence in licensing. This Court should follow the guidance of the Rhode Island Supreme Court in Gagnon and should deny the Defendants' Motion to Dismiss.

It is apparent that, under applicable Rhode Island law as expressed in Gagnon and its progeny, the Plaintiffs have alleged valid causes of action against the Defendant, State of Rhode Island and the Defendant, Irving J. Owens. In the present case, the Plaintiffs' allegations support a cause of action against the Defendant, State of Rhode Island and the Defendant, Irving J. Owens for the negligent failure of these Defendants to act and inspect as alleged i the Complaint. Accordingly, this Honorable Court should deny the Defendants' Motion to Dismiss.

H. This Case Should Not Be Dismissed

<u>Because Of The Alleged Intervening Acts Of Others</u>

This issue of proximate cause is a question of fact for the trier. To the extent that a defendant may seek dismissal of a claim on the basis that the Defendants' action did not proximately cause the Plaintiffs' harm, such dismissal should not be rendered within a Fed.R.Civ.P. 12(b)(6) Motion to Dismiss.

In further illustration of this point, one need only look to the Rhode Island cases cited by the Defendants. Two of the cases cited by the Defendants were decided on Motions for Summary Judgment (<u>The Travelers Insurance Co. v. Priority Business Forms, Inc.</u>, 11 F. Supp.2d 194 (D.R.I. 1988) and <u>Splendorio v. Bilray Demolition Co.</u>, 682 A.2d 461 (R.I. 1996) and one of the cases was decided by directed verdict (<u>Walsh v. Israel Couture Post</u>, NO. 2274 V.F.W., 542 A.2d 1094 (R.I. 1988).

The Only Rhode Island case cited by the Defendants regarding proximate cause issues that was decided on a Motion to Dismiss is an old case and is factually distinguishable. In <u>Clements v. Tashjoin</u>, 168 A.2d 472 (R.I. 1961) the Court

sustained a demurrer in a case where the defendant left his key in the ignition of his car, the car was then stolen and its operation caused the plaintiff to suffer injury. This case provides no insight to the issues facing the Court in this matter.

The Defendants rely heavily upon this Court's decision in Travelers in support of their Motion to Dismiss on the basis that the actions of intervening parties relieve them of any potential liability. The facts in Travelers distinguish it from this case. In Travelers, the lessor's insurer sought recovery from the lessee to suffer injury. This case provides no insight to the issues facing the Court in this matter.

The Defendants rely heavily upon this Court's decision in Travelers in support of their Motion to Dismiss on the basis that the actions of intervening parties relieve them of any potential liability. The facts in Travelers distinguish it from this case. In Travelers, the lessor's insurer sought recovery from the lessee following an arson. This Court, in Travelers, noted the central role of the issue of forseeability in its proximate

causation analysis. This Court rejected the plaintiff insurer's claims that the defendant lessee should have foreseen the arson. This Court disposed of these claims on a Motion for Summary Judgment based upon facts adduced through discovery.

This Court must take as true all of the allegations of the Plaintiffs' Complaint for the purposes of deciding the Defendants' Motion to Dismiss. The Plaintiffs have alleged that the Defendant, State of Rhode Island, breached the duties that they owed to the Plaintiffs and that the breach proximately caused the Plaintiffs to suffer harm. Based upon these pleadings and in view of the cases cited above, this Honorable Court should deny the Defendants' Motion to Dismiss premised upon the claim that the Defendants have been relieved of liability by the intervening acts of others.

## III. CONCLUSION

For the foregoing reasons, this Honorable Court should deny the Defendant, State of Rhode Island and the Defendant, Irving J. Owen's Motion to Dismiss the Plaintiffs' Complaint.

By their Attorneys,
RESMINI LAW OFFICES, LTD.
BY:

RONALD J. RESMINI, ESQ.#0484
155 South Main St.
Suite 400
Providence, RI 02903
DATED: October 25, 2004
(401)751-8855

CERTIFICATION

I hereby certify that on this 25th day of October, 2004 I mailed a copy of the within Memorandum by regular mail, postage prepaid to the following:

Stephen M. Prignano, Esq.
Stephen J. MacGillivray, Esq.
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Prov., RI 02903

Gerald C. DeMaria, Esq.
James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer St.
Prov., RI 02903

Anthony F. DeMarco, Esq.
170 Westminster St.
Prov., RI 02903

Thomas C. Angelone, Esq.
One Turks Head Place
Prov., RI 02903

Marc DeSisto, Esq.
211 Angell St.
Prov., RI

Joseph V. Cavanagh, Jr., Esq.
30 Exchange Terrace
Providence, RI 02903

James R. Lee, Esq.
150 South Main St.
Prov., RI 02903

Robert Reardon, Esq.
160 Hempstead St.
New London, CT 06320

Kathleen M. Hagerty, Esq.
70 Jefferson Blvd.
Warwick, RI

Howard A. Merten, Esq.
Eric M. Sommers, Esq.
VETTER & WHITE
20 Washington Place
Prov., RI 02903

Fred A. Kelly, Jr., Esq.
NIXON PEABODY LLP
One Citizens Plaza - Suite 700
Prov., RI 02903

Faith LaSalle, Esq.
Law Offices of Faith A. LaSalle
One Turks Head Place
76 Westminster St.
Suite 1010
Prov., RI 02903

Stefanie DiMaio Larivee, Esq.
215 Broadway
Prov., RI

James Murphy, Esq.
HANSON CURRAN LLP
146 Westminster St.
Prov., RI 02903

James J. Restivo, Jr., Esq.
Reed Smith LLP
435 Sixth Ave,
Pittsburgh, PA 15219

Andrew J. Trevelise, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market St.
Philadelphia, PA 19103

Carl A. Henlein, Esq.
John R. Crockett, III, Esq.
Susan S. Wettle, Esq.
FROST BROWN TODD
400 West Market St., 32nd Fl.
Louisville,KY 40202-3363

Mark S. Mandell, Esq.
One Park Row
Prov., RI

Elaine M. Orsini