IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * * * * * * * *

C.A. NO. 04-312L
ALBERT GRAY V. JEFFREY DERDERIAN, ET AL.

C.A. NO. 03-148L
TAMMY PASSA V. JEFFREY DERDERIAN, ET AL.

C.A. NO. 03-335L
CHAD HENAULT VS. JEFFREY DERDERIAN, ET AL.

C.A. NO. 03-335L
GEORGE GUIDON V. JEFFREY DERDERIAN, ET AL.

C.A. NO. 04-56L
CHARLES SWEET V. JEFFREY DERDERIAN, ET AL.

C.A. NO. 04-26L
LINDA RODERIQUES V. JEFFREY DERDERIAN ET AL.

* * * * * * * * * * * * * * * * * * * * * * *

NOVEMBER 16, 2004

3:00 P.M.

PROVIDENCE, RI 02903

BEFORE THE HONORABLE RONALD R. LAGUEUX,

SENIOR DISTRICT JUDGE

**(State of Rhode Island & Irving J. Owens' Motion for Certification and Substitution)**

U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND
2005 MAY 11 A 10: 28
FILED

ORIGINAL

247

APPEARANCES:

FOR PLAINTIFFS PASSA ET AL.:
BY: ROBERT I. RIMMER, ESQUIRE
The Reardon Law Firm, P.C.
160 Hempstead Street
New London, CT 06320

FOR THE GRAY PLAINTIFFS:
WISTOW & BARYLICK
BY: JOHN BARYLICK, ESQUIRE
61 Weybosset Street
Providence, RI 02903

FOR THE DEFENDANT STATE OF RHODE ISLAND & IRVING OWENS
BY: JAMES LEE, ASSISTANT ATTORNEY GENERAL
Attorney General's Office
150 South Main Street
Providence, RI 02903

Court Reporter: Angela M. Reynolds, RPR-FCRR
One Exchange Terrace
Providence, RI 02903

**16 NOVEMBER 2004 - 3:10 P.M.**

THE COURT: Good afternoon. What we have now in all the cases, except Kingsley, is a motion by the State of Rhode Island and Irving J. Owens for certification and substitution of the State pursuant to the Rhode Island Tort Claims Act. So these motions have been made in Gray, which is Civil Action 04-312L; Passa, which is 03-148; Guidon, which is 03-335; Henault, which is 03-483; and finally, Sweet, which is 04-56L. All right, will the attorneys interested in these motions identify themselves for the record.

MR. LEE: Jim Lee for the State and for Mr. Owens.

MR. BARYLICK: John Barylick for the Gray plaintiffs.

THE COURT: Anyone here for the other plaintiffs? Anybody want to be heard? I don't think any objection was filed by any of the other plaintiffs.

MR. RIMMER: May I approach, your Honor?

THE COURT: Yes, go ahead.

MR. RIMMER: I believe the -- Attorney Robert Rimmer on behalf of the plaintiffs in Henault. The plaintiffs in Henault, I believe, did file an objection as part of our objection in the motion to dismiss by the State of Rhode Island, but I do not wish to argue

today.

THE COURT: All right. Mr. Lee, I will hear you on behalf of the State.

MR. LEE: Thank you, your Honor. Your Honor, I believe, if I heard you right, you did not mention one additional case we filed, in the Roderiques case we've filed.

THE COURT: I don't have those papers. I have all the other papers.

MR. LEE: I think it's listed on the Court heading there. I believe there are six case numbers, and the Court only mentioned five cases, but anyway, as an alternative to the motion to dismiss, the State filed this motion to certify and substitute in all six cases in which Mr. Owens has been named.

THE COURT: Right, the only case he isn't named in is the Kingsley case?

MR. LEE: Correct, your Honor. So we are making the motion in all the other cases. In the Henault case there was an objection filed but no memorandum. In the Gray case there was an objection in the memo, but I want to be clear that we're moving on all the cases. We filed in this case as an alternative to the motion to dismiss, but are prepared to hear it separately now, in that we believe that the Court has grounds at this

time to grant the motion on two separate bases. First off, the Statute, 9-31-12, allows certification and substitution when an individual is within the course and scope of his or her employment and is not acting out of wrongful conduct. The allegations of the complaint --

THE COURT: But the Court has to make a certification to that effect.

MR. LEE: Correct, your Honor.

THE COURT: How can I make a certification, I haven't heard the case yet.

MR. LEE: There's two ways you can make the certification now: First, on the complaints themselves. The complaints in this action, and I'll limit to it Gray because I believe that's what we'll argue, alleges a negligence action against Mr. Owens. It also alleges respondeat liability against the State. So there is course and scope, and I don't think that's seriously in opposition. In fact, the memo in opposition merely talked about wanting to do discovery as to fraud or willful misconduct, but there is no allegation in the complaint whatsoever to indicate any fraud or willful misconduct. Rather, the allegations of the complaint simply allege that Mr. Owens and the State negligently failed to enforce the code or to

perform an inspection. So if we just go to the four corners of the complaint, it satisfies 9-31-12 and it allows the Court to make the certification.

Additionally, there's really only one Supreme Court case I'm aware of on point, *Mottola v. Cirello*, which is 789 A2d, 421, and there is a statement in that case where the Supreme Court said at Page 424, that once the State stipulated that Cirello was acting within the course, the scope of his employment and that the suit was not improperly motivated, the Court appropriately substituted the State as the party.

THE COURT: Well, the plaintiff stipulated to that in that case, that he was acting within the scope of his employment as a state employee.

MR. LEE: He did. And Mr. Barylick before we started, handed me the State's brief, which I did not see in the case, and in the brief it states that he did stipulate, but in the decision from the Supreme Court, the language is that once the State stipulates to those elements, then the party appropriately substituted the State as the party defendant. In this case, not only did the pleadings support that this is a negligence claim in the course and scope, which is what the statute requires, but the State, through its motion, has stipulated that Mr. Owens' actions were course and

scope, and using the language of *Mottola*, the State satisfies that statement through the stipulation made to the Court and the Court can certify on that independent basis. Your Honor, the only thing I think I would add is that there's been an allegation in the one case that's filed a memo in opposition that, perhaps, discovery should be done, but even in that memo, there's been no indication to us or to the Court what discovery they would want to do. That discovery would contradict the negligence allegations of the complaint, and I just would put it to the Court that it's simply not enough to deny the certification and substitution that seems to be required under a state statute by making that allegation with nothing to back it up. The complaint has alleged negligence and course and scope, that justifies the certification. So I would ask that in all six of these cases and especially in the ones where there has been no objection, that the State be substituted for Mr. Owens, and that he be dismissed from this case, your Honor. Thank you.

THE COURT: I have a vague recollection of writing an opinion on this subject with respect to the Federal Tort Claims Act, but the Federal Tort Claims Act is different, it doesn't put the burden on the Court to make a certification, it puts the burden on

the United States of America through some appropriate legal authority to make a certification. But here the statute is clear, upon certification by the Court.

All right, I'll hear from the other side.

MR. BARYLICK: May it please the Court. Your Honor, on behalf of the Gray plaintiffs, it is our position that the motion today is both premature and flawed on its merits. We believe it's premature because it involves, as your Honor suggests, a finding of fact by the Court before any discovery and in a jury-claimed case, without benefit of jury. And, secondly, it's flawed in that the single reported case, as your Honor points out, which is the *Mottola v. Cirello* case at 789 A2d, involved not only a representation by the State that all of the factual predicates of the statute were met, but as pointed out at Page 2 of the State's brief in that case, which came into my possession today, your Honor, and which I gave to Mr. Webb before the hearing, in that case states that the plaintiff stipulated that at the time of the collision Mr. Cirello was acting in the course, neither willful, malicious, or fraudulent. There is no such stipulation by the plaintiffs, we're not prepared to at this time given the State of discovery. We believe that discovery may prove that, indeed, there was almost

willful misconduct. We are unaware any level of appropriate training in recognizing foam-type materials that was given by the State Fire Marshal to his express delegate, Mr. LaRoque, his deputy, and since we're talking about here a situation, your Honor, in which the liability of which Mr. Owens and the State cannot only be direct by vicarious through its statutory agent, the Deputy Fire Marshal, Mr. LaRoque, that granting a motion to substitute at this time would, at a minimum, be premature. I think it also would run afoul of the State Constitutional guarantee for jury trial in civil matters if something were susceptible to a factual finding by the Court that might have ramifications, as the Supreme Court noted in *Mottola* on caps on recovery and prejudgment interest. Given those ramifications and the state of the record at this time, we'd ask that the motion be denied.

THE COURT: Well, I'm satisfied that the motion is premature. I can't make a certification at this point in time. I don't know the facts, I'd have to have a hearing, at minimum, without the intervention of a jury and make a factual determination of whether Owens was acting within the scope of his office and employment and was not guilty of actual fraud, willful misconduct, or actual malice, and I'm not prepared to

do that. We're still at an early stage and maybe there will come a time after discovery that I can make a ruling as on a motion to summary judgment if there's no dispute as to the facts, but I can't do it now.

So I deny the motion on the grounds that it is premature.

THE COURT: Prepare an order, Mr. Barylick.

MR. BARYLICK: Thank you, your Honor.

(ADJOURNED 3:21 P.M.)

C E R T I F I C A T I O N.

I, Angela M. Reynolds, RPR-FCRR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

Angela M. Reynolds, RPR-FCRR

5-8-05

Date:

DISTRICT COURT
OF RHODE ISLAND
2005 MAY 11 A 10: 29
FILED